## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| SFA SYSTEMS, LLC,<br>    Plaintiff,<br><br>    v.<br><br>1.  1-800-FLOWERS.COM, INC.;<br>2.  THE PLOW & HEARTH, INC.,<br>    INCLUDING D/B/A WIND &<br>    WEATHER, INC.;<br>3.  THE POPCORN FACTORY, INC.;<br>4.  WINETASTING NETWORK INC.;<br>5.  THE CHILDREN'S GROUP, INC.;<br>6.  PROBLEM SOLVERS, INC.;<br>7.  BARNES & NOBLE, INC. ;<br>8.  BARNESANDNOBLE.COM LLC;<br>9.  BLOCKBUSTER INC. ;<br>10. BUILD-A-BEAR WORKSHOP, INC.;<br>11. CDW CORPORATION;<br>12. GAMESTOP CORP.;<br>13. GAMESTOP, INC.;<br>14. GAMESTOP.COM, INC.;<br>15. GANDER MOUNTAIN COMPANY;<br>16. OVERTON'S INC.;<br>17. J & R ELECTRONICS INC.;<br>18. NEWEGG INC.;<br>19. NEWEGG.COM INC.;<br>20. NORTHERN TOOL & EQUIPMENT<br>    COMPANY;<br>21. NORTHERN TOOL AND EQUIPMENT<br>    CATALOG CO. ;<br>22. OFFICE DEPOT, INC. ;<br>23. OMAHA STEAKS INTERNATIONAL,<br>    INC.;<br>24. OMAHASTEAKS.COM, INC.;<br>25. THE TIMBERLAND COMPANY;<br>26. TUPPERWARE BRANDS<br>    CORPORATION; AND<br>27. TUPPERWARE.COM, INC.,<br><br>    Defendants. | Case No.<br><br>Jury Demanded |

## COMPLAINT AND DEMAND FOR JURY TRIAL

For its Complaint against 1-800-FLOWERS.COM, Inc., The Plow & Hearth, Inc., including The Plow & Hearth D/B/A Wind & Weather, Inc., The Popcorn Factory, Inc., Winetasting Network Inc., The Children's Group, Inc., Problem Solvers, Inc.,  Barnes & Noble, Inc.,  barnesandnoble.com llc, BLOCKBUSTER INC., BUILD-A-BEAR WORKSHOP, INC., CDW Corporation, GameStop Corp., GameStop, Inc., GameStop.com, Inc., GANDER MOUNTAIN COMPANY, Overton's Inc., J & R Electronics Inc., Newegg Inc., Newegg.com Inc., Northern Tool & Equipment Company, Northern Tool and Equipment Catalog Co.,  Office Depot, Inc., Omaha Steaks International, Inc., OmahaSteaks.com, Inc., The Timberland Company, TUPPERWARE BRANDS CORPORATION, and Tupperware.com, Inc. (collectively the "Defendants"), Plaintiff SFA Systems, LLC ("SFA") alleges as follows.

## PARTIES

1.      SFA is a Texas Limited Liability Company with its principal place of business at 207 C North Washington Avenue, Marshall, Texas 75670.

2.      On information and belief, Defendant 1-800-FLOWERS.COM, Inc. ("1-800 Flowers") is a Delaware corporation with its corporate headquarters and principal place of business at One Old Country Road, Carle Place, New York 11514.  1-800 Flowers has appointed THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801 as its agent for service of process.

3.      On information and belief, Defendant The Plow & Hearth, Inc., including The Plow & Hearth D/B/A Wind & Weather, Inc. ("Plow & Hearth") is a Virginia corporation with its corporate headquarters and principal place of business at One Old Country Road, Carle Place, New York 11514.  Plow & Hearth has appointed V R SHACKELFORD III, 149 WEST MAIN ST, PO BOX 871, ORANGE, VA 22960 as its agent for service of process.

2

4.      On information and belief, Defendant The Popcorn Factory, Inc. ("Popcorn Factory") is a Delaware corporation with its corporate headquarters and principal place of business at One Old Country Road, Carle Place, New York 11514.   Popcorn Factory has appointed THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801 as its agent for service of process.

5.      On information and belief, Defendant Winetasting Network Inc. ("Winetasting") is a California corporation with its corporate headquarters and principal place of business at One Old Country Road, Carle Place, New York 11514.   Winetasting has appointed GREG CHRISTOFF, 2545 NAPA VALLEY CORPORATE DRIVE, SUITE C, NAPA, CA 94558 as its agent for service of process.

6.      On information and belief, Defendant The Children's Group, Inc. ("Children's") is a Delaware corporation with its corporate headquarters and principal place of business at One Old Country Road, Carle Place, New York 11514.   Children's has appointed THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801 as its agent for service of process.

7.      On information and belief, Defendant Problem Solvers, Inc. ("Problem Solvers") is a Delaware corporation with its corporate headquarters and principal place of business at One Old Country Road, Carle Place, New York 11514.   Problem Solvers has appointed REGISTERED AGENTS, LTD., 1220 N. MARKET STREET, SUITE 804, WILMINGTON, DE 19801 as its agent for service of process.

8.      On information and belief, Defendant Barnes & Noble, Inc. ("BN") is a Delaware corporation with its corporate headquarters and principal place of business at 122 Fifth Avenue, New York, NY 10011.   BN has appointed CAPITOL SERVICES, INC., 615 SOUTH DUPONT HIGHWAY, DOVER, DE 19901 as its agent for service of process.

3

9.      On information and belief, Defendant Barnesandnoble.com llc ("BN.com") is a Delaware limited liability company with its corporate headquarters and principal place of business at 122 Fifth Avenue, New York, NY 10011.   BN.com has appointed CAPITOL SERVICES, INC., 615 SOUTH DUPONT HIGHWAY, DOVER, DE 19901 as its agent for service of process.

10.      On information and belief, Defendant BLOCKBUSTER INC. ("Blockbuster") is a Delaware corporation with its corporate headquarters and principal place of business at 1201 Elm Street, Dallas, TX 75270.   Blockbuster has appointed CORPORATION SERVICE COMPANY, 2711 CENTERVILLE ROAD, SUITE 400, WILMINGTON, DE 19808 as its agent for service of process.

11.      On information and belief, Defendant BUILD-A-BEAR WORKSHOP, INC. ("Build-A-Bear") is a Delaware corporation with its corporate headquarters and principal place of business at 1954 Innerbelt Business Center Drive, St. Louis, MO 63114.   Build-A-Bear has appointed CORPORATION SERVICE COMPANY, 2711 CENTERVILLE ROAD, SUITE 400, WILMINGTON, DE 19808 as its agent for service of process.

12.      On information and belief, Defendant CDW Corporation ("CDW") is a Delaware corporation with its corporate headquarters and principal place of business at 200 N. Milwaukee Ave., Vernon Hills, IL 60061.   CDW has appointed CORPORATION SERVICE COMPANY, 2711 CENTERVILLE ROAD, SUITE 400, WILMINGTON, DE 19808 as its agent for service of process.

13.      On information and belief, Defendant GameStop Corp. ("GameStop") is a Delaware corporation with its corporate headquarters and principal place of business at 625 Westport Parkway, Grapevine, TX 76051.   GameStop has appointed THE CORPORATION

TRUST COMPANY, CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801 as its agent for service of process.

14. On information and belief, Defendant GameStop, Inc. ("GameStop Inc") is a Minnesota corporation with its corporate headquarters and principal place of business at 625 Westport Parkway, Grapevine, TX 76051. GameStop Inc has appointed THE PRENTICE-HALL CORPORATION SYSTEM, INC., 2711 CENTERVILLE ROAD, SUITE 400, WILMINGTON, DE 19808 as its agent for service of process.

15. On information and belief, Defendant GameStop.com, Inc. ("GameStop.com") is a Delaware corporation with its corporate headquarters and principal place of business at 625 Westport Parkway, Grapevine, TX 76051. GameStop.com has appointed THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801 as its agent for service of process.

16. On information and belief, Defendant GANDER MOUNTAIN COMPANY ("Gander Mountain") is a Minnesota corporation with its corporate headquarters and principal place of business at 180 East Fifth Street Suite 1300, Saint Paul, MN 55101. Gander Mountain may be served at Gander Mountain Company, 4567 American Blvd W, Bloomington, MN, 55437 via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

17. On information and belief, Defendant Overton's Inc. ("Overton's") is a North Carolina corporation with its corporate headquarters and principal place of business at 180 East Fifth Street Suite 1300, Saint Paul, MN 55101. Overton's has appointed Corporation Service Company, 327 Hillsborough Street, Raleigh, NC 27603 as its agent for service of process.

18. On information and belief, Defendant J & R Electronics Inc. ("J&R") is a New York corporation with its corporate headquarters and principal place of business at 23 Park Row,

New York, NY 10038.  J&R may be served at 23 Park Row, New York, NY 10038 via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

19.     On information and belief, Defendant Newegg Inc. ("Newegg") is a Delaware corporation with its corporate headquarters and principal place of business at 9997 E. Rose Hills Rd., Whittier, CA 90601.  Newegg has appointed CORPORATION SERVICE COMPANY, 2711 CENTERVILLE ROAD, SUITE 400, WILMINGTON, DE 19808 as its agent for service of process.

20.     On information and belief, Defendant Newegg.com Inc. ("Newegg.com") is a Delaware corporation with its corporate headquarters and principal place of business at 9997 E. Rose Hills Rd., Whittier, CA 90601.  Newegg.com has appointed CORPORATION SERVICE COMPANY, 2711 CENTERVILLE ROAD, SUITE 400, WILMINGTON, DE 19808 as its agent for service of process.

21.     On information and belief, Defendant Northern Tool & Equipment Company ("Northern") is a Minnesota corporation with its corporate headquarters and principal place of business at 2800 Southcross Dr. West, Burnsville, MN 55306.  Northern may be served at 2800 Southcross Dr. West, Burnsville, MN 55306 via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

22.     On information and belief, Defendant Northern Tool and Equipment Catalog Co. ("Northern Catalog") is a Minnesota corporation with its corporate headquarters and principal place of business at 2800 Southcross Dr. West, Burnsville, MN 55306.  Northern Catalog may be served at 2800 Southcross Dr. West, Burnsville, MN 55306 via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

23.     On information and belief, Defendant Office Depot, Inc. ("Office Depot") is a Delaware corporation with its corporate headquarters and principal place of business at 6600 North Military Trail, Boca Raton, Florida  33496.  Office Depot has appointed CORPORATE CREATIONS NETWORK INC., 3411 SILVERSIDE ROAD RODNEY, BUILDING #104, WILMINGTON, DE 19810 as its agent for service of process.

24.     On information and belief, Defendant Omaha Steaks International, Inc. ("Omaha Steaks") is a Delaware corporation with its corporate headquarters and principal place of business at 11030 O St., Omaha, NE 68137.  Omaha Steaks has appointed PARACORP INCORPORATED, 40 E. DIVISION STREET, SUITE A, DOVER, DE 19901 as its agent for service of process.

25.     On information and belief, Defendant OmahaSteaks.com, Inc. ("OmahaSteaks.com") is a Delaware corporation with its corporate headquarters and principal place of business at 11030 O St., Omaha, NE 68137.  OmahaSteaks.com has appointed PARACORP INCORPORATED, 40 E. DIVISION STREET, SUITE A, DOVER, DE 19901 as its agent for service of process.

26.     On information and belief, Defendant The Timberland Company ("Timberland") is a Delaware corporation with its corporate headquarters and principal place of business at 200 Domain Drive, Stratham, NH 03885.  Timberland has appointed CORPORATION SERVICE COMPANY, 2711 CENTERVILLE ROAD, SUITE 400, WILMINGTON, DE 19808 as its agent for service of process.

27.     On information and belief, Defendant TUPPERWARE BRANDS CORPORATION ("Tupperware") is a Delaware corporation with its corporate headquarters and principal place of business at 14901 South Orange Blossom Tr., Orlando, FL 32837. Tupperware has appointed THE CORPORATION TRUST COMPANY, CORPORATION

TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801 or DELAWARE CORPORATION ORGANIZERS, INC., 1201 NORTH MARKET ST., P.O. BOX 1347, WILMINGTON, DE 19801 as its agent for service of process.

28.     On information and belief, Defendant Tupperware.com, Inc. ("Tupperware.com") is a Delaware corporation with its corporate headquarters and principal place of business at 14901 South Orange Blossom Tr., Orlando, FL 32837.  Tupperware.com has appointed THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801 as its agent for service of process.

## JURISDICTION AND VENUE

29.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

30.     On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

31.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, each Defendant has a regular and established place of business in this district, has transacted business in this district and has committed and/or induced acts of patent infringement in this district.

## INFRINGEMENT OF U.S. PATENT NO. 6,067,525

32.     SFA is the owner by assignment of United States Patent No. 6,067,525 ("the '525 patent") entitled "Integrated Computerized Sales Force Automation System," a true copy of which is attached as Exhibit A.  The '525 patent was issued on May 23, 2000.

33.     The claims of the '525 patent were construed by order of Honorable Leonard Davis of the Eastern District of Texas, Tyler Division on February 23, 2009 a true and correct copy of which is attached as Exhibit B.

34.     Defendant 1-800 Flowers has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, 1800flowers.com, thepopcornfactory.com, ambrosiawine.com, plowhearth.com, windandweather.com, problemsolvers.com and hearthsong.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant 1-800 Flowers is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

35.     Defendant Plow & Hearth has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, plowhearth.com and windandweather.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant Plow & Hearth is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

36.     Defendant Popcorn Factory has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, thepopcornfactory.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant Popcorn Factory is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

37.     Defendant Winetasting has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, ambrosiawine.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant Winetasting is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

38.     Defendant Children's has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, hearthsong.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant Children's is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

39.     Defendant Problem Solvers has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, problemsolvers.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant Problem Solvers is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

40.     Defendant BN has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, bn.com and barnesandnoble.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant BN is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

41.     Defendant BN.com has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, bn.com and barnesandnoble.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant BN.com is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

42.     Defendant Blockbuster has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, blockbuster.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant Blockbuster is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

43.     Defendant Build-A-Bear has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, build-a-bear.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant Build-A-Bear is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

44.     Defendant CDW has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, cdw.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant CDW is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

45.     Defendant GameStop has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, gamestop.com and ebgames.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant GameStop is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

46.     Defendant GameStop Inc has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, gamestop.com and ebgames.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant GameStop Inc is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

47.     Defendant GameStop.com has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, gamestop.com and ebgames.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant GameStop.com is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

48.     Defendant Gander Mountain has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, gandermountain.com and overtons.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA. Defendant Gander Mountain is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

49.     Defendant Overton's has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, overtons.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant Overton's is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

50.     Defendant J&R has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, jr.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525

Patent to the injury of SFA.  Defendant J&R is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

51.     Defendant Newegg has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, newegg.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant Newegg is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

52.     Defendant Newegg.com has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, newegg.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant Newegg.com is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

53.     Defendant Northern has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, northerntool.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more

claims of the '525 Patent to the injury of SFA.  Defendant Northern is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

54.    Defendant Northern Catalog has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, northerntool.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant Northern Catalog is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

55.    Defendant Office Depot has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, officedepot.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant Office Depot is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

56.    Defendant Omaha Steaks has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, omahasteaks.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more

claims of the '525 Patent to the injury of SFA.  Defendant Omaha Steaks is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

57.      Defendant OmahaSteaks.com has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, omahasteaks.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant OmahaSteaks.com is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

58.      Defendant Timberland has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, timberland.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant Timberland is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

59.      Defendant Tupperware has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, tupperware.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more

claims of the '525 Patent to the injury of SFA.  Defendant Tupperware is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

60.     Defendant Tupperware.com has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, tupperware.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant Tupperware.com is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

61.     To the extent that facts learned in discovery show that Defendants' infringement of the '525 patent is or has been willful, Plaintiff reserves the right to request such a finding at time of trial.

62.     As a result of the above Defendants' infringement of the '525 patent, SFA has suffered monetary damages that are compensable under 35 U.S.C. § 284 in an amount not yet determined, and will continue to suffer such monetary damages in the future unless Defendants' infringing activities are permanently enjoined by this Court.

63.     Unless permanent injunctions are issued enjoining these Defendants and their agents, servants, employees, attorneys, representatives, affiliates, and all other acting on their behalf from infringing the '525 patent, SFA will be greatly and irreparably harmed.

64.     This case presents exceptional circumstances within the meaning of 35 U.S.C. § 285 and SFA is thus entitled to an award of its reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, SFA requests that this Court enter:

1.      A judgment in favor of SFA that Defendants have infringed, directly and indirectly, by way of inducing and/or contributing to the infringement of the '525 patent;

2.      A permanent injunction, enjoining Defendants and their officers, directors, agents, servants affiliates, employees, divisions, branches subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '525 patent;

3.      A judgment and order requiring Defendants to pay SFA its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '525 patent as provided under 35 U.S.C. § 284;

4.      An award to SFA of restitution of the benefits Defendants' have gained through their unfair, deceptive, or illegal acts;

5.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to SFA its reasonable attorneys' fees; and

6.      Any and all other relief for which the Court may deem SFA entitled.


## DEMAND FOR JURY TRIAL

Plaintiff SFA, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Date:  July 28, 2009                    Respectfully submitted,

                                        SFA SYSTEMS, LLC

                                         /s/ Andrew W. Spangler
                                        **Andrew Wesley Spangler**
                                        Lead Counsel
                                        Spangler Law PC
                                        104 E Houston St, Suite 135
                                        Marshall, Texas 75670
                                        903-935-3443
                                        Fax:  903-938-7843
                                        Email: spangler@spanglerlawpc.com

                                        **David M. Pridham**
                                        R.I. State Bar No. 6625
                                        Law Office of David Pridham
                                        25 Linden Road
                                        Barrington, Rhode Island 02806
                                        Telephone: (401) 633-7247
                                        Fax: (401) 633-7247
                                        E-mail: david@pridhamiplaw.com

                                        **Counsel for Plaintiff**
                                        **SFA SYSTEMS, LLC**