**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| SFA SYSTEMS, LLC, § § Plaintiff, § § v. § § 1. 1-800-FLOWERS.COM, INC.; § 2. THE PLOW & HEARTH, INC., § INCLUDING D/B/A WIND & WEATHER, § INC.; § 3. THE POPCORN FACTORY, INC.; § 4. WINETASTING NETWORK INC.; § 5. THE CHILDREN'S GROUP, INC.; § 6. PROBLEM SOLVERS, INC.; § 7. BARNES & NOBLE, INC. ; § 8. BARNESANDNOBLE.COM LLC; § 9. BLOCKBUSTER INC. ; § 10. BUILD-A-BEAR WORKSHOP, INC.; § 11. CDW CORPORATION; § 12. GAMESTOP CORP.; § 13. GAMESTOP, INC.; § 14. GAMESTOP.COM, INC.; § 15. GANDER MOUNTAIN COMPANY; § 16. OVERTON'S INC.; § 17. J & R ELECTRONICS INC.; § 18. NEWEGG INC.; § 19. NEWEGG.COM INC.; § 20. NORTHERN TOOL & EQUIPMENT § COMPANY; § 21. NORTHERN TOOL AND EQUIPMENT § CATALOG CO. ; § 22. OFFICE DEPOT, INC. ; § 23. OMAHA STEAKS INTERNATIONAL, § INC.; § 24. OMAHASTEAKS.COM, INC.; § 25. THE TIMBERLAND COMPANY; § 26. TUPPERWARE BRANDS § CORPORATION; AND § 27. TUPPERWARE.COM, INC., § § Defendants. § | Civil Action No. 6:09-cv-340 (LED) Judge: Leonard E. Davis **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANTS TUPPERWARE BRANDS CORPORATION AND TUPPERWARE.COM INC.** |

Defendants Tupperware Brands Corporation and Tupperware.com, Inc. (collectively, "Tupperware" or "Defendants"), by and through their counsel, hereby answer the Complaint and Demand For Jury Trial ("Complaint") filed by plaintiff SFA Systems, LLC ("SFA") as follows:

## PARTIES

1.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and, on that basis, deny the same.

2.  The allegations of Paragraphs 2 through 26 are not directed to Defendants. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 2 through 26 of the Complaint, and, on that basis, deny the same.

3.  Defendants admit the allegations of Paragraph 27 of the Complaint.

4.  Defendants admit the allegations of Paragraph 28 of the Complaint.

## JURISDICTION AND VENUE

5.  As to the allegations of Paragraph 29, Defendants admit that the Complaint purports to arise under the patent laws of the United States, Title 35 of the United States Code, but deny any wrongdoing or liability on their own behalf for the reasons stated herein. Defendants further admit that SFA purports to base subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 29 of the Complaint.

6.  As to the allegations of Paragraph 30, Defendants admit that they are subject to this Court's personal jurisdiction. Defendants deny the remaining allegations in Paragraph 30 of the Complaint that apply to Defendants. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 insofar as they relate to the remaining defendants and, on that basis, deny the same.

7.   As to the allegations of Paragraph 31, Defendants deny that venue is proper in this district with respect to them.  Defendants deny that the acts and transactions complained of in the Complaint give rise to any liability and specifically that there is any merit to the claim of SFA for patent infringement.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 insofar as they relate to the remaining defendants and, on that basis, deny the same.

## ALLEGATIONS OF INFRINGEMENT OF U.S. PATENT NO. 6,067,525

Defendants refer to and incorporate herein its answers provided in Paragraphs 1-7 above.

8.   As to the allegations of Paragraph 32, Defendants admit that United States Patent No. 6,067,525 ("the '525 patent") on its face recites an issue date of May 23, 2000, and bears the title "Integrated Computerized Sales Force Automation System."  Defendants further admit that a copy of the '525 patent is attached to the Complaint as Exhibit A.  To the extent alleged, Defendants deny that the '525 patent was duly and legally issued.  Except as expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 and on that basis, deny the same.

9.   As to the allegations of Paragraph 33, Defendants admit that a copy of the Memorandum Opinion issued by Honorable Leonard Davis of the Eastern District of Texas, Tyler Division and signed February 23, 2009 is attached to the Complaint as Exhibit B.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 33 and on that basis, deny the same.

10.   The allegations of Paragraphs 34 through 58 are not directed to Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 34 through 58 of the Complaint, and, on that basis, deny the same.

11.   Defendants deny the allegations of Paragraph 59 of the Complaint.

12. Defendants deny the allegations of Paragraph 60 of the Complaint.

13. To the extent a response is required by Paragraph 61, Defendants deny that they have infringed any valid claim of the '525 patent, whether willfully or otherwise. Defendants deny that SFA has reserved the right to request a finding of willful infringement at the time of trial. Defendants deny any and all remaining allegations of Paragraph 61 of the Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 insofar as they relate to the remaining defendants and, on that basis, deny the same.

14. Defendants deny the allegations of Paragraph 62 of the Complaint insofar as they relate to them. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 insofar as they relate to the remaining defendants and, on that basis, deny the same.

15. Defendants deny the allegations of Paragraph 63 of the Complaint insofar as they relate to them. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 insofar as they relate to the remaining defendants and, on that basis, deny the same.

16. Defendants deny the allegations of Paragraph 64 of the Complaint insofar as they relate to them. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 insofar as they relate to the remaining defendants and, on that basis, deny the same.

**RESPONSE TO SFA'S PRAYER FOR RELIEF**

Based on the denial of the allegations in the Complaint stated above, SFA is not entitled to be awarded any of the relief sought in its prayer for relief, (1)-(6).

**DEMAND FOR JURY**

SFA's Jury Demand is a demand, not an allegation and does not require admission or denial.

**DEFENDANTS' AFFIRMATIVE DEFENSES**

As and for their affirmative defendants, Defendants allege as follows:

**First Affirmative Defense**

1. SFA's Complaint fails to state a claim on which relief can be granted because Defendants have not performed any act and is not proposing to perform any act in violation of any rights validly belonging to SFA with respect to the '525 patent.

**Second Affirmative Defense**

2. Defendants do not make, use, sell, offer for sale, or import into the United States and have not made, used, sold, offered for sale, or imported into the United States any products or services that infringe any valid claim of the '525 patent either directly, indirectly, contributorily, through the doctrine of equivalents, or otherwise, and have not induced others to infringe the '525 patent.

**Third Affirmative Defense**

3. The claims of the '525 patent are invalid for failure to satisfy one or more of the conditions of patentability of 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.

**Fourth Affirmative Defense**

4. Defendants do not infringe the '525 patent, and the '525 patent is unenforceable in whole or in part against Defendants, pursuant to 35 U.S.C. § 273, because the method purported to be invented by the '525 patent was reduced to practice and used commercially by Defendants more than one year before the effective filing date of the '525 patent.

### Fifth Affirmative Defense

5.  SFA's patent infringement claims are precluded to the extent that any allegedly infringing products or services are supplied to, directly or indirectly, or purchased by Defendants from an entity or entities having an express or implied license to the '525 patent and/or are precluded pursuant the doctrine of patent exhaustion.

### Sixth Affirmative Defense

6.  SFA is equitably estopped from pursuing its allegations based upon the '525 patent.

### Seventh Affirmative Defense

7.  SFA's claims are barred in whole or in part by the equitable doctrine of laches.

### Eighth Affirmative Defense

8.  On information and belief, SFA's claims are barred in whole or in part by the doctrines of waiver and/or acquiescence.

### Ninth Affirmative Defense

9.  On information and belief, SFA's claims are barred in whole or in part by the doctrine of unclean hands.

### Tenth Affirmative Defense

10. SFA is estopped from construing the claims of the '525 patent in such as way as may cover any of Defendants' products or processes by reasons of statements made to the United States Patent and Trademark Office ("USPTO") during the prosecution of the application that led to the issuance of the '525 patent.

### Eleventh Affirmative Defense

11. On information and belief, SFA's alleged damages are at least limited to only those damages occurring after the filing of this action because neither it nor its predecessors-in-interest have satisfied the requirements for obtaining damages under 35 U.S.C. § 287.

### Twelfth Affirmative Defense

12. SFA's claims for relief and prayer for damages are barred or limited by at least 35 U.S.C. §§ 286.

### Thirteenth Affirmative Defense

13. SFA is not entitled to any injunctive relief as it, at a minimum, will not suffer any irreparable injury and it has an adequate remedy at law.

14. Defendants reserve the right to assert any and all additional affirmative defenses that may be determined during the course of discovery.

### DEFENDANT'S COUNTERCLAIMS

Defendants Tupperware Brands Corporation and Tupperware.com, Inc. ("Defendants") allege in accordance with Federal Rules of Civil Procedure 13 and 20 against SFA:

### Parties

1. Defendant Tupperware Brands Corporation is a corporation organized and existing under the laws of the State of Delaware and its principal place of business is 14901 South Orange Blossom Tr., Orlando, Florida 32837.

2. Defendant Tupperware.com, Inc. is a corporation organized and existing under the laws of the State of Delaware and its principal place of business is 14901 South Orange Blossom Tr., Orlando, Florida 32837.

3. On information and belief, SFA is a Texas Limited Liability Company with its principal place of business at 207 C North Washington Ave., Marshall, Texas 75670.

**Jurisdiction and Venue**

4. These Counterclaims arise under the United States patent laws, 35 U.S.C. § 101 et seq. These counterclaims seek declaratory relief for which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400. Venue is appropriate because SFA has consented to the propriety of venue in this Court by filing its claim for patent infringement in this Court, in response to which this counterclaim is asserted.

**Facts Concerning the '525 Patent**

6. SFA claims to be the owner by assignment of U.S. Patent No. 6,067,525 ("the '525 patent") entitled "Integrated Computerized Sales Force Automation System." On its face, the '525 patent states that it was filed on October 30, 1995, and issued on May 23, 2000. The '525 patent identifies the alleged inventors as Jerome Dale Johnson, David Robert Lundberg, and Michael Paul Krebsbach.

**Counterclaim for Declaration of Noninfringement**

7. Defendants reallege and incorporate by reference the allegations set forth in Paragraphs 1-6 of the Counterclaims above as if fully set forth herein.

8. An actual and justifiable controversy under 28 U.S.C. §§ 2201 and 2202 exists between Defendants and SFA with respect to the '525 patent because SFA has brought this action against Defendants alleging that Defendants infringe the '525 patent, which allegation Defendants deny. Absent a declaration of noninfringement, SFA will continue to wrongfully

assert the '525 patent against Defendants, and thereby cause Defendants irreparable injury and damage.

9. Defendants have not infringed the '525 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully, or otherwise, and are entitled to a declaration to that effect.

10. This is an exceptional case entitling Defendants to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### Counterclaim for Declaration of Invalidity

11. Defendants reallege and incorporate by reference the allegations set forth in Paragraphs 1-10 of the Counterclaims above as if fully set forth herein.

12. An actual and justifiable controversy under 28 U.S.C. §§ 2201 and 2202 exists between Defendants and SFA with respect to the '525 patent because SFA has brought this action against Defendants alleging that Defendants infringe the '525 patent, which allegation Defendants deny. Absent a declaration of invalidity, SFA will continue to wrongfully assert the '525 patent against Defendants, and thereby cause Defendants irreparable injury and damage.

13. The '525 patent is invalid under the provisions of Title 35, United States Code, including, but not limited to Sections 101, 102, 103, and/or 112, and Defendants are entitled to a declaration to that effect.

14. This is an exceptional case entitling Defendants to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## **RELIEF**

WHEREFORE, Defendants seek the following relief:

a. That each and every claim of the '525 patent be declared not infringed and also declared invalid and unenforceable;

b. That SFA take nothing by its Complaint and that SFA's Complaint be dismissed with prejudice;

c. That pursuant to 35 U.S.C. § 285 and/or other applicable laws, SFA's conduct in commencing and pursuing this action be found to render this an exceptional case and that Defendants be awarded its reasonable attorneys' fees incurred in connection with this action;

d. That Defendants be awarded its cost of suit incurred herein; and

e. That Defendants be granted such other and additional relief as this Court deems just and proper.

Dated: September 23, 2009                               Respectfully submitted,

/s/ *Michael E. Jones*
Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON, PC
110 North College
Suite 500
Tyler, Texas 75702
Telephone: (903) 597-5311
Facsimile: (903) 593-0846

Thomas Heyman
tvheyman@jonesday.com
JONES DAY
222 East 41st Street
New York, New York 10017-6702
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

Of Counsel:

John V. Biernacki
jvbiernacki@jonesday.com
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: (216) 586-3939
Fax: (216) 579-0212

J. Jason Williams
jjwilliams@jonesday.com
JONES DAY
1420 Peachtree NE, Suite 800
Atlanta, Georgia 30309 3053
Telephone: (404) 521-3939
Fax: )404) 581-8330

ATTORNEYS FOR DEFENDANTS
TUPPERWARE BRANDS CORPORATION
AND TUPPERWARE.COM, INC.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 23, 2009. Any other counsel of record will be served by First Class U.S. mail on this same date.

*/s/ Michael E. Jones*
Michael E. Jones