# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

SFA SYSTEMS, LLC,

     Plaintiff,

     v.

1. 1-800-FLOWERS.COM, INC.;
2. THE PLOW & HEARTH, INC., INCLUDING D/B/A WIND & WEATHER, INC.;
3. THE POPCORN FACTORY, INC.;
4. WINETASTING NETWORK INC.;
5. THE CHILDREN'S GROUP, INC.;
6. PROBLEM SOLVERS, INC.;
7. BARNES & NOBLE, INC.;
8. BARNESANDNOBLE.COM LLC;
9. BLOCKBUSTER INC.;
10. BUILD-A-BEAR WORKSHOP, INC.;
11. CDW CORPORATION;
12. GAMESTOP CORP.;
13. GAMESTOP, INC.;
14. GAMESTOP.COM, INC.;
15. GANDER MOUNTAIN COMPANY;
16. OVERTON'S INC.;
17. J & R ELECTRONICS INC.;
18. NEWEGG INC.;
19. NEWEGG.COM INC.;
20. NORTHERN TOOL & EQUIPMENT COMPANY;
21. NORTHERN TOOL AND EQUIPMENT CATALOG CO.;
22. OFFICE DEPOT, INC.;
23. OMAHA STEAKS INTERNATIONAL, INC.;
24. OMAHASTEAKS.COM, INC.;
25. THE TIMBERLAND COMPANY;
26. TUPPERWARE BRANDS CORPORATION; AND
27. TUPPERWARE.COM, INC.,

     Defendants.

Case No. 6:09-cv-340
Judge Leonard Davis

Jury Demanded

## DEFENDANT CDW CORPORATION'S ANSWER, DEFENSES AND COUNTERCLAIMS

Defendant CDW Corporation ("CDW"), by its attorneys, Marshall, Gerstein & Borun LLP and Findlay Craft LLP, hereby submits its Answer, Defenses and Counterclaims to the Complaint and Demand for Jury Trial of Plaintiff SFA Systems, LLC ("SFA").

## PARTIES

1.      SFA is a Texas Limited Liability Company with its principal place of business at 207 C North Washington Avenue, Marshall, Texas 75670.

   **ANSWER:**    CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

2.      On information and belief, Defendant 1-800-FLOWERS.COM, Inc. ("1-800 Flowers") is a Delaware corporation with its corporate headquarters and principal place of business at One Old Country Road, Carle Place, New York 11514.   1-800 Flowers has appointed THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801 as its agent for service of process.

   **ANSWER:**    No answer from CDW is required.

3.      On information and belief, Defendant The Plow & Hearth, Inc., including The Plow & Hearth D/B/A Wind & Weather, Inc. ("Plow & Hearth") is a Virginia corporation with its corporate headquarters and principal place of business at One Old Country Road, Carle Place, New York 11514.  Plow & Hearth has appointed V R SHACKELFORD III, 149 WEST MAIN ST, PO BOX 871, ORANGE, VA 22960 as its agent for service of process.

   **ANSWER:**    No answer from CDW is required.

4.      On information and belief, Defendant The Popcorn Factory, Inc. ("Popcorn Factory") is a Delaware corporation with its corporate headquarters and principal place of business at One Old Country Road, Carle Place, New York 11514.   Popcorn Factory has appointed THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801 as its agent for service of process.

   **ANSWER:**    No answer from CDW is required.

5.      On information and belief, Defendant Winetasting Network Inc. ("Winetasting") is a California corporation with its corporate headquarters and principal place of business at One Old Country Road, Carle Place, New York 11514.  Winetasting has appointed GREG CHRISTOFF, 2545 NAPA VALLEY CORPORATE DRIVE, SUITE C, NAPA, CA 94558 as its agent for service of process.

   **ANSWER:**    No answer from CDW is required.

6.      On information and belief, Defendant The Children's Group, Inc. ("Children's") is a Delaware corporation with its corporate headquarters and principal place of business at One Old Country Road, Carle Place, New York 11514.  Children's has appointed THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801 as its agent for service of process.

        **ANSWER:**    No answer from CDW is required.

7.      On information and belief, Defendant Problem Solvers, Inc. ("Problem Solvers") is a Delaware corporation with its corporate headquarters and principal place of business at One Old Country Road, Carle Place, New York 11514.  Problem Solvers has appointed REGISTERED AGENTS, LTD., 1220 N. MARKET STREET, SUITE 804, WILMINGTON, DE 19801 as its agent for service of process.

        **ANSWER:**    No answer from CDW is required.

8.      On information and belief, Defendant Barnes & Noble, Inc. ("BN") is a Delaware corporation with its corporate headquarters and principal place of business at 122 Fifth Avenue, New York, NY 10011.  BN has appointed CAPITOL SERVICES, INC., 615 SOUTH DUPONT HIGHWAY, DOVER, DE 19901 as its agent for service of process.

        **ANSWER:**    No answer from CDW is required.

9.      On information and belief, Defendant Barnesandnoble.com llc ("BN.com") is a Delaware limited liability company with its corporate headquarters and principal place of business at 122 Fifth Avenue, New York, NY 10011.  BN.com has appointed CAPITOL SERVICES, INC., 615 SOUTH DUPONT HIGHWAY, DOVER, DE 19901 as its agent for service of process.

        **ANSWER:**    No answer from CDW is required.

10.     On information and belief, Defendant BLOCKBUSTER INC. ("Blockbuster") is a Delaware corporation with its corporate headquarters and principal place of business at 1201 Elm Street, Dallas, TX 75270.  Blockbuster has appointed CORPORATION SERVICE COMPANY, 2711 CENTERVILLE ROAD, SUITE 400, WILMINGTON, DE 19808 as its agent for service of process.

        **ANSWER:**    No answer from CDW is required.

11.     On information and belief, Defendant BUILD-A-BEAR WORKSHOP, INC. ("Build-A-Bear") is a Delaware corporation with its corporate headquarters and principal place of business at 1954 Innerbelt Business Center Drive, St. Louis, MO 63114.  Build-A-Bear has appointed CORPORATION SERVICE COMPANY, 2711 CENTERVILLE ROAD, SUITE 400, WILMINGTON, DE 19808 as its agent for service of process.

        **ANSWER:**    No answer from CDW is required.

12.     On information and belief, Defendant CDW Corporation ("CDW") is a Delaware corporation with its corporate headquarters and principal place of business at 200 N. Milwaukee Ave., Vernon Hills, IL 60061.  CDW has appointed CORPORATION SERVICE COMPANY, 2711 CENTERVILLE ROAD, SUITE 400, WILMINGTON, DE 19808 as its agent for service of process.

ANSWER:     CDW is an Illinois corporation having a principal place of business at 200

N. Milwaukee Avenue, Vernon Hills, IL 60061.  CDW admits that Corporation Service

Company is its registered agent for service.

13.     On information and belief, Defendant GameStop Corp. ("GameStop") is a Delaware corporation with its corporate headquarters and principal place of business at 625 Westport Parkway, Grapevine, TX 76051.  GameStop has appointed THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801 as its agent for service of process.

ANSWER:     No answer from CDW is required.

14.     On information and belief, Defendant GameStop, Inc. ("GameStop Inc") is a Minnesota corporation with its corporate headquarters and principal place of business at 625 Westport Parkway, Grapevine, TX 76051.  GameStop Inc has appointed THE PRENTICE-HALL CORPORATION SYSTEM, INC., 2711 CENTERVILLE ROAD, SUITE 400, WILMINGTON, DE 19808 as its agent for service of process.

ANSWER:     No answer from CDW is required.

15.     On information and belief, Defendant GameStop.com, Inc. ("GameStop.com") is a Delaware corporation with its corporate headquarters and principal place of business at 625 Westport Parkway, Grapevine, TX 76051.  GameStop.com has appointed THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801 as its agent for service of process.

ANSWER:     No answer from CDW is required.

16.     On information and belief, Defendant GANDER MOUNTAIN COMPANY ("Gander Mountain") is a Minnesota corporation with its corporate headquarters and principal place of business at 180 East Fifth Street Suite 1300, Saint Paul, MN 55101.  Gander Mountain may be served at Gander Mountain Company, 4567 American Blvd W, Bloomington, MN, 55437 via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

ANSWER:     No answer from CDW is required.

17.     On information and belief, Defendant Overton's Inc. ("Overton's") is a North Carolina corporation with its corporate headquarters and principal place of business at 180 East Fifth

4

Street Suite 1300, Saint Paul, MN 55101.   Overton's has appointed Corporation Service Company, 327 Hillsborough Street, Raleigh, NC 27603 as its agent for service of process.

> **ANSWER:**   No answer from CDW is required.

18.   On information and belief, Defendant J & R Electronics Inc. ("J&R") is a New York corporation with its corporate headquarters and principal place of business at 23 Park Row, New York, NY 10038.   J&R may be served at 23 Park Row, New York, NY 10038 via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

> **ANSWER:**   No answer from CDW is required.

19.   On information and belief, Defendant Newegg Inc. ("Newegg") is a Delaware corporation with its corporate headquarters and principal place of business at 9997 E. Rose Hills Rd., Whittier, CA 90601.   Newegg has appointed CORPORATION SERVICE COMPANY, 2711 CENTERVILLE ROAD, SUITE 400, WILMINGTON, DE 19808 as its agent for service of process.

> **ANSWER:**   No answer from CDW is required.

20.   On information and belief, Defendant Newegg.com Inc. ("Newegg.com") is a Delaware corporation with its corporate headquarters and principal place of business at 9997 E. Rose Hills Rd., Whittier, CA 90601.   Newegg.com has appointed CORPORATION SERVICE COMPANY, 2711 CENTERVILLE ROAD, SUITE 400, WILMINGTON, DE 19808 as its agent for service of process.

> **ANSWER:**   No answer from CDW is required.

21.   On information and belief, Defendant Northern Tool & Equipment Company ("Northern") is a Minnesota corporation with its corporate headquarters and principal place of business at 2800 Southcross Dr. West, Burnsville, MN 55306.   Northern may be served at 2800 Southcross Dr. West, Burnsville, MN 55306 via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

> **ANSWER:**   No answer from CDW is required.

22.   On information and belief, Defendant Northern Tool and Equipment Catalog Co. ("Northern Catalog") is a Minnesota corporation with its corporate headquarters and principal place of business at 2800 Southcross Dr. West, Burnsville, MN 55306.   Northern Catalog may be served at 2800 Southcross Dr. West, Burnsville, MN 55306 via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

> **ANSWER:**   No answer from CDW is required.

23.   On information and belief, Defendant Office Depot, Inc. ("Office Depot") is a Delaware corporation with its corporate headquarters and principal place of business at 6600 North

Military Trail, Boca Raton, Florida 33496.   Office Depot has appointed CORPORATE CREATIONS NETWORK INC., 3411 SILVERSIDE ROAD RODNEY, BUILDING #104, WILMINGTON, DE 19810 as its agent for service of process.

>   **ANSWER:**   No answer from CDW is required.

24.   On information and belief, Defendant Omaha Steaks International, Inc. ("Omaha Steaks") is a Delaware corporation with its corporate headquarters and principal place of business at 11030 O St., Omaha, NE 68137.   Omaha Steaks has appointed PARACORP INCORPORATED, 40 E. DIVISION STREET, SUITE A, DOVER, DE 19901 as its agent for service of process.

>   **ANSWER:**   No answer from CDW is required.

25.   On information and belief, Defendant OmahaSteaks.com, Inc. ("OmahaSteaks.com") is a Delaware corporation with its corporate headquarters and principal place of business at 11030 O St., Omaha, NE 68137.   OmahaSteaks.com has appointed PARACORP INCORPORATED, 40 E. DIVISION STREET, SUITE A, DOVER, DE 19901 as its agent for service of process.

>   **ANSWER:**   No answer from CDW is required.

26.   On information and belief, Defendant The Timberland Company ("Timberland") is a Delaware corporation with its corporate headquarters and principal place of business at 200 Domain Drive, Stratham, NH 03885.   Timberland has appointed CORPORATION SERVICE COMPANY, 2711 CENTERVILLE ROAD, SUITE 400, WILMINGTON, DE 19808 as its agent for service of process.

>   **ANSWER:**   No answer from CDW is required.

27.   On information and belief, Defendant TUPPERWARE BRANDS CORPORATION ("Tupperware") is a Delaware corporation with its corporate headquarters and principal place of business at 14901 South Orange Blossom Tr., Orlando, FL 32837.   Tupperware has appointed THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801 or DELAWARE CORPORATION ORGANIZERS, INC., 1201 NORTH MARKET ST., P.O. BOX 1347, WILMINGTON, DE 19801 as its agent for service of process.

>   **ANSWER:**   No answer from CDW is required.

28.   On information and belief, Defendant Tupperware.com, Inc. ("Tupperware.com") is a Delaware corporation with its corporate headquarters and principal place of business at 14901 South Orange Blossom Tr., Orlando, FL 32837.   Tupperware.com has appointed THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801 as its agent for service of process.

>   **ANSWER:**   No answer from CDW is required.

## JURISDICTION AND VENUE

29.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**     CDW admits that Plaintiff's Complaint purports to state causes of action

under the United States patent laws and that, therefore, the Court has subject matter jurisdiction

over Plaintiff's claims, but CDW denies that it has violated any of those laws.

30.     On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

**ANSWER:**     To the extent this allegation applies to CDW, CDW admits that the

Complaint purports to state that personal jurisdiction is proper in this district, but denies the

allegations of this paragraph and, in particular, denies that it has committed acts of infringement.

To the extent this allegation applies to other Defendants, no answer from CDW is required.

31.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, each Defendant has a regular and established place of business in this district, has transacted business in this district and has committed and/or induced acts of patent infringement in this district.

**ANSWER:**     To the extent this allegation applies to CDW, CDW admits that the

Complaint purports to state that venue is proper in this district, but denies the allegations of this

paragraph and, in particular, denies that venue is proper in this district with respect to it and

denies that it has committed acts of infringement.  To the extent this allegation applies to other

Defendants, no answer from CDW is required.

## INFRINGEMENT OF U.S. PATENT NO. 6,067,525

32.     SFA is the owner by assignment of United States Patent No. 6,067,525 ("the '525 patent") entitled "Integrated Computerized Sales Force Automation System," a true copy of which is attached as Exhibit A.  The '525 patent was issued on May 23, 2000.

**ANSWER:**     CDW admits that Exhibit A purports to be a copy of the '525 patent.

CDW is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of this paragraph and, on that basis, denies the same.

33.     The claims of the '525 patent were construed by order of Honorable Leonard Davis of the Eastern District of Texas, Tyler Division on February 23, 2009 a true and correct copy of which is attached as Exhibit B.

**ANSWER:**     CDW admits that Exhibit B purports to be a copy of a Memorandum

Opinion issued by Judge Davis in the Eastern District of Texas on February 23, 2009 in Case

6:07-cv-67, and otherwise deny any remaining allegations.

34.     Defendant 1-800 Flowers has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, 1800flowers.com, thepopcornfactory.com, ambrosiawine.com, plowhearth.com, windandweather.com, problemsolvers.com and hearthsong.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant 1-800 Flowers is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**     CDW is without knowledge or information sufficient to form a belief as to

the truth of the allegations of this paragraph and, on that basis, denies the same.

35.     Defendant Plow & Hearth has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, plowhearth.com and windandweather.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant Plow & Hearth is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**     CDW is without knowledge or information sufficient to form a belief as to

the truth of the allegations of this paragraph and, on that basis, denies the same.

36.     Defendant Popcorn Factory has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not

limited to, thepopcornfactory.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA. Defendant Popcorn Factory is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**   CDW is without knowledge or information sufficient to form a belief as to

the truth of the allegations of this paragraph and, on that basis, denies the same.

37.   Defendant Winetasting has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, ambrosiawine.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA. Defendant Winetasting is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**   CDW is without knowledge or information sufficient to form a belief as to

the truth of the allegations of this paragraph and, on that basis, denies the same.

38.   Defendant Children's has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, hearthsong.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA. Defendant Children's is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**   CDW is without knowledge or information sufficient to form a belief as to

the truth of the allegations of this paragraph and, on that basis, denies the same.

39.   Defendant Problem Solvers has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, problemsolvers.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA. Defendant Problem Solvers is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**   CDW is without knowledge or information sufficient to form a belief as to

the truth of the allegations of this paragraph and, on that basis, denies the same.

40.     Defendant BN has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, bn.com and barnesandnoble.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant BN is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

        **ANSWER:**     CDW is without knowledge or information sufficient to form a belief as to

the truth of the allegations of this paragraph and, on that basis, denies the same.

41.     Defendant BN.com has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, bn.com and barnesandnoble.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant BN.com is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

        **ANSWER:**     CDW is without knowledge or information sufficient to form a belief as to

the truth of the allegations of this paragraph and, on that basis, denies the same.

42.     Defendant Blockbuster has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, blockbuster.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant Blockbuster is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

        **ANSWER:**     CDW is without knowledge or information sufficient to form a belief as to

the truth of the allegations of this paragraph and, on that basis, denies the same.

43.     Defendant Build-A-Bear has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, build-a-bear.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant Build-A-Bear is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**     CDW is without knowledge or information sufficient to form a belief as to

the truth of the allegations of this paragraph and, on that basis, denies the same.

44.     Defendant CDW has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, cdw.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant CDW is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**     CDW denies the allegations of this paragraph.

45.     Defendant GameStop has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, gamestop.com and ebgames.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant GameStop is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**     CDW is without knowledge or information sufficient to form a belief as to

the truth of the allegations of this paragraph and, on that basis, denies the same.

46.     Defendant GameStop Inc has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, gamestop.com and ebgames.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant GameStop Inc is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**     CDW is without knowledge or information sufficient to form a belief as to

the truth of the allegations of this paragraph and, on that basis, denies the same.

47.     Defendant GameStop.com has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, gamestop.com and ebgames.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered

by one or more claims of the '525 Patent to the injury of SFA.  Defendant GameStop.com is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**   CDW is without knowledge or information sufficient to form a belief as to

the truth of the allegations of this paragraph and, on that basis, denies the same.

48.   Defendant Gander Mountain has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, gandermountain.com and overtons.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant Gander Mountain is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**   CDW is without knowledge or information sufficient to form a belief as to

the truth of the allegations of this paragraph and, on that basis, denies the same.

49.   Defendant Overton's has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, overtons.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant Overton's is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**   CDW is without knowledge or information sufficient to form a belief as to

the truth of the allegations of this paragraph and, on that basis, denies the same.

50.   Defendant J&R has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, jr.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant J&R is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**   CDW is without knowledge or information sufficient to form a belief as to

the truth of the allegations of this paragraph and, on that basis, denies the same.

51.     Defendant Newegg has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, newegg.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant Newegg is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

        **ANSWER:**     CDW is without knowledge or information sufficient to form a belief as to

the truth of the allegations of this paragraph and, on that basis, denies the same.

52.     Defendant Newegg.com has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, newegg.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant Newegg.com is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

        **ANSWER:**     CDW is without knowledge or information sufficient to form a belief as to

the truth of the allegations of this paragraph and, on that basis, denies the same.

53.     Defendant Northern has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, northerntool.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant Northern is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

        **ANSWER:**     CDW is without knowledge or information sufficient to form a belief as to

the truth of the allegations of this paragraph and, on that basis, denies the same.

54.     Defendant Northern Catalog has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, northerntool.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant Northern Catalog is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**     CDW is without knowledge or information sufficient to form a belief as to

the truth of the allegations of this paragraph and, on that basis, denies the same.

55.     Defendant Office Depot has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, officedepot.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant Office Depot is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**     CDW is without knowledge or information sufficient to form a belief as to

the truth of the allegations of this paragraph and, on that basis, denies the same.

56.     Defendant Omaha Steaks has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, omahasteaks.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant Omaha Steaks is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**     CDW is without knowledge or information sufficient to form a belief as to

the truth of the allegations of this paragraph and, on that basis, denies the same.

57.     Defendant OmahaSteaks.com has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, omahasteaks.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant OmahaSteaks.com is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**     CDW is without knowledge or information sufficient to form a belief as to

the truth of the allegations of this paragraph and, on that basis, denies the same.

58.     Defendant Timberland has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to,

timberland.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant Timberland is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**   CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

59.   Defendant Tupperware has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, tupperware.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant Tupperware is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**   CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

60.   Defendant Tupperware.com has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, tupperware.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.  Defendant Tupperware.com is thus liable for infringement of the '525 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**   CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

61.   To the extent that facts learned in discovery show that Defendants' infringement of the '525 patent is or has been willful, Plaintiff reserves the right to request such a finding at time of trial.

**ANSWER:**   To the extent this allegation applies to CDW, CDW denies the allegations of this paragraph.  To the extent this allegation applies to other Defendants, CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

62.     As a result of the above Defendants' infringement of the '525 patent, SFA has suffered monetary damages that are compensable under 35 U.S.C. § 284 in an amount not yet determined, and will continue to suffer such monetary damages in the future unless Defendants' infringing activities are permanently enjoined by this Court.

**ANSWER:**     To the extent this allegation applies to CDW, CDW denies the allegations of this paragraph.  To the extent this allegation applies to other Defendants, CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

63.     Unless permanent injunctions are issued enjoining these Defendants and their agents, servants, employees, attorneys, representatives, affiliates, and all other acting on their behalf from infringing the '525 patent, SFA will be greatly and irreparably harmed.

**ANSWER:**     To the extent this allegation applies to CDW, CDW denies the allegations of this paragraph.  To the extent this allegation applies to other Defendants, CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

64.     This case presents exceptional circumstances within the meaning of 35 U.S.C. § 285 and SFA is thus entitled to an award of its reasonable attorneys' fees.

**ANSWER:**     To the extent this allegation applies to CDW, CDW denies the allegations of this paragraph.  To the extent this allegation applies to other Defendants, CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

## PRAYER FOR RELIEF

**ANSWER:**     CDW denies the allegations of Plaintiff's Prayer for Relief and Demand for Jury Trial, and denies that Plaintiff is entitled to any of the requested relief.

FURTHER ANSWERING, CDW states that it is not infringing, and has not infringed, directly or indirectly, any valid claim of the '525 patent.

**OTHER DEFENSES**

1.      CDW has not infringed, and is not infringing, directly or indirectly, any valid claim of the '525 patent.

2.      On information and belief, and after a reasonable opportunity for further investigation and discovery, the claims of the '525 patent are invalid for failing to satisfy one or more of the conditions of patentability of Title 35 of the United States Code, including, but not limited to, sections 101, 102, 103 and 112.

3.      To the extent the prerequisites of 35 U.S.C. § 273 apply based upon the allegations that have been or may be made by Plaintiff, some or all of the relief sought by Plaintiff is barred.

4.      Some or all of the relief sought by Plaintiff is barred by the limitations of 35 U.S.C. § 286.

5.      On information and belief, some or all of the relief sought by Plaintiff is barred by its failure to meet the requirements of 35 U.S.C. § 287.

6.      On information and belief, some or all of the relief sought by Plaintiff is barred by the doctrine of prosecution history or judicial estoppel.

7.      Plaintiff is not entitled to equitable relief at least because it has not and will not suffer irreparable harm, it does not practice the patent, because it is not without an adequate remedy at law and/or the relief is barred by the doctrine of unclean hands.

8.      Plaintiff's claims and/or the damages sought are barred under the doctrine of laches, waiver or due to Plaintiff's acquiescence.

9.      Plaintiff's claims are precluded to the extent that any accused systems are supplied, directly or indirectly, to CDW or to another entity, having an express or implied license or covenant not to sue.

10.     As discovery may reveal the existence of other defenses, CDW reserves the right to seek leave to amend this Answer and to allege any and all defenses that may be applicable.

## COUNTERCLAIM

1.      For its counterclaim against Counter-Defendant SFA Systems, LLC ("SFA"), Counter-Plaintiff CDW Corporation ("CDW") states as follows:

2.     This is an action for a declaratory judgment arising under the United States patent laws, 35 U.S.C. §§ 1-376, and the declaratory judgment statute, 28 U.S.C. § 2201.

3.     CDW is an Illinois corporation with a principal place of business at 200 N. Milwaukee Avenue, Vernon Hills, IL 60061.

4.     Counter-Defendant SFA alleges in this action to be a Texas Limited Liability Company with its principal place of business at 207 C North Washington Avenue, Marshall, Texas 75670.

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338 and 2201.

6.     This Court has personal jurisdiction over SFA, and venue is proper in this district under 28 U.S.C. § 1391, if for no other reason than SFA has consented and submitted thereto by filing the underlying action.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## REGARDING U.S. PATENT NO. 6,067,525

7.     CDW repeats and realleges Paragraphs 1-6 of this counterclaim, inclusive, as though fully set forth herein and incorporates them by reference.

8.     SFA alleges in this action that CDW infringes one or more claims of the '525 patent.

9.     CDW denies infringement of any claim of the '525 patent.

18

10.     There is, therefore, an actual case and controversy between the parties with respect to infringement of the '525 patent.

11.     CDW does not infringe any of the claims of the '525 patent.

## COUNT II
## DECLARATORY JUDGMENT OF PATENT INVALIDITY
## REGARDING U.S. PATENT NO. 6,067,525

12.     CDW repeats and realleges Paragraphs 1-6 of this counterclaim, inclusive, as though fully set forth herein and incorporates them by reference.

13.     SFA alleges in this action that CDW infringes one or more claims of the '525 patent.

14.     CDW denies infringement and further contends that each of the asserted claims of the '525 patent is invalid pursuant to Title 35 of the United States Code.

15.     There is, therefore, an actual case and controversy between the parties with respect to the validity of the claims of the '525 patent.

16.     Each of the claims of the '525 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including, but not limited to, sections 101, 102, 103 and 112.

WHEREFORE, CDW respectfully prays that this honorable Court enter judgment in this cause as follows:

A.     Dismissing Plaintiff's Complaint in its entirety with prejudice and denying Plaintiff all relief;

B.     Declaring that each of the claims of the '525 patent is invalid;

C.     Declaring that CDW does not infringe any valid claim of the '525 patent;

D.     Awarding CDW its costs reasonably incurred in defending against this action;

E.      If the facts of this case warrant, declaring this case to be exceptional pursuant to Section 285 of Title 35 of the United States Code and awarding CDW its attorneys' fees reasonably incurred in defending against this action; and

F.      Awarding CDW such further relief as this honorable Court deems just and reasonable under the circumstances.

**JURY DEMAND**

CDW hereby requests trial by jury of all issues properly so triable.

Dated:  September 23, 2009                 Respectfully submitted,

                                           ___/s/  Anthony S. Gabrielson_____
                                           Thomas L. Duston
                                           tduston@marshallip.com
                                           Anthony S. Gabrielson
                                           agabrielson@marshallip.com
                                           Marshall, Gerstein & Borun LLP
                                           6300 Sears Tower
                                           233 South Wacker Drive
                                           Chicago, IL 60606-6357
                                           (312) 474-6300

                                           Brian Craft
                                           bcraft@findlaycraft.com
                                           Eric H. Findlay
                                           efindlay@findlaycraft.com
                                           Findlay Craft, LLP
                                           6760 Old Jacksonville Highway, Suite 101
                                           Tyler, TX  75703
                                           903-534-1100

                                           *Attorneys for Defendant CDW Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I, Anthony S. Gabrielson, an attorney, hereby certify that on September 23, 2009, I caused a copy of the foregoing DEFENDANT CDW CORPORATION'S ANSWER, DEFENSES AND COUNTERCLAIMS to be electronically filed using the CM/ECF system, which sent notification of such filing to all counsel of record.

  /s/  Anthony S. Gabrielson
Anthony S. Gabrielson