**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| SFA SYSTEMS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **Case No. 6:09-CV-00340-LED** |
| v. | ) |
| | ) |
| 1-800-FLOWERS.COM, INC.; THE PLOW | ) **Jury Demanded** |
| & HEARTH, INC., INCLUDING D/B/A | ) |
| WIND & WEATHER, INC.; THE | ) |
| POPCORN FACTORY, INC.; | ) |
| WINETASTING NETWORK INC.; THE | ) |
| CHILDREN'S GROUP, INC.; PROBLEM | ) |
| SOLVERS, INC.; BARNES & NOBLE, | ) |
| INC. ; BARNESANDNOBLE.COM LLC; | ) |
| BLOCKBUSTER INC. ; BUILD-A-BEAR | ) |
| WORKSHOP, INC.; CDW | ) |
| CORPORATION; GAMESTOP CORP.; | ) |
| GAMESTOP, INC.; GAMESTOP.COM, | ) |
| INC.; GANDER MOUNTAIN COMPANY; | ) |
| OVERTON'S INC.; J & R ELECTRONICS | ) |
| INC.; NEWEGG INC.; NEWEGG.COM | ) |
| INC.; NORTHERN TOOL & EQUIPMENT | ) |
| COMPANY; NORTHERN TOOL AND | ) |
| EQUIPMENT CATALOG CO. ; OFFICE | ) |
| DEPOT, INC. ; OMAHA STEAKS | ) |
| INTERNATIONAL, INC.; | ) |
| OMAHASTEAKS.COM, INC.; THE | ) |
| TIMBERLAND COMPANY; | ) |
| TUPPERWARE BRANDS | ) |
| CORPORATION; AND | ) |
| TUPPERWARE.COM, INC., | ) |
| | ) |
| Defendants. | ) |

**OFFICE DEPOT, INC.'S ANSWER TO SFA SYSTEMS, LLC'S FIRST COMPLAINT
AND DEMAND FOR JURY TRIAL**

1

Defendant Office Depot, Inc. ("Office Depot"), by and through its undersigned counsel, hereby sets forth its Answer, Defenses, and Counterclaims to SFA Systems, LLC's First Complaint.

## PARTIES

1. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 and, therefore, denies those allegations.

2. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 and, therefore, denies those allegations.

3. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 and, therefore, denies those allegations.

4. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 and, therefore, denies those allegations.

5. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 and, therefore, denies those allegations.

6. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 and, therefore, denies those allegations.

7. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 and, therefore, denies those allegations.

8. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 and, therefore, denies those allegations.

9. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 and, therefore, denies those allegations.

10. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 and, therefore, denies those allegations.

11.     Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 and, therefore, denies those allegations.

12.     Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 and, therefore, denies those allegations.

13.     Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 and, therefore, denies those allegations.

14.     Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 and, therefore, denies those allegations.

15.     Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 and, therefore, denies those allegations.

16.     Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 and, therefore, denies those allegations.

17.     Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 and, therefore, denies those allegations.

18.     Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 and, therefore, denies those allegations.

19.     Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 and, therefore, denies those allegations.

20.     Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 and, therefore, denies those allegations.

21.     Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 and, therefore, denies those allegations.

US2008 882120.1

22. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 and, therefore, denies those allegations.

23. Office Depot, Inc. ("Office Depot") admits that it is a Delaware corporation with its corporate headquarters and principal place of business at 6600 North Military Trail, Boca Raton, Florida 33496. Office Depot admits that it appointed CORPORATE CREATIONS NETWORK INC., 3411 SILVERSIDE ROAD RODNEY, BUILDING #104, WILMINGTON, DE 19810 as its agent for service of process.

24. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 and, therefore, denies those allegations.

25. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 and, therefore, denies those allegations.

26. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 and, therefore, denies those allegations.

27. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 and, therefore, denies those allegations.

28. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 and, therefore, denies those allegations.

## JURISDICTION AND VENUE

29. Office Depot admits that SFA Systems purports to have brought a patent infringement action arising under Title 35 of the United State Code. Office Depot admits that this Court has subject matter jurisdiction over patent infringement actions pursuant to 28 U.S.C §§ 1331 and 1338(a). Office Depot denies any remaining allegations set forth in paragraph 29.

30. Office Depot admits that it does business in the state of Texas and in this jurisdiction but denies the remaining allegations set forth in paragraph 30.

31. Office Depot admits that venue is proper under the provisions of 28 U.S.C. § 1400(b) with respect to itself. Office Depot denies SFA's allegations that Office Depot has committed, contributed to, and/or induced acts of patent infringement. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 with respect to the other defendants and, therefore, denies those allegations.

## INFRINGEMENT OF U.S. PATENT NO. 6,067,525

32. Office Depot admits that United States Patent No. 6,067,525 ("the '525 patent") entitled "Integrated Computerized Sales Force Automation System" was issued on May 23, 2000. Office Depot admits that what appears to be a copy of the '525 patent was attached as Exhibit A to the Complaint and that SFA purports to be the owner by assignment of the '525 patent.

33. Office Depot admits that Exhibit B appears to be a claim construction order by the Honorable Leonard Davis of the Eastern District of Texas, Tyler Division issued on February 23, 2009. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 33 and, therefore, denies those allegations.

34. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 and, therefore, denies those allegations.

35. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 and, therefore, denies those allegations.

US2008 882120.1

36. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 and, therefore, denies those allegations.

37. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 and, therefore, denies those allegations.

38. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 and, therefore, denies those allegations.

39. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 and, therefore, denies those allegations.

40. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 and, therefore, denies those allegations.

41. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 and, therefore, denies those allegations.

42. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 and, therefore, denies those allegations.

43. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 and, therefore, denies those allegations.

44. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 and, therefore, denies those allegations.

45. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 and, therefore, denies those allegations.

46. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 and, therefore, denies those allegations.

US2008 882120.1

47. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 and, therefore, denies those allegations.

48. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 and, therefore, denies those allegations.

49. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 and, therefore, denies those allegations.

50. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 and, therefore, denies those allegations.

51. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 and, therefore, denies those allegations.

52. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 and, therefore, denies those allegations.

53. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 and, therefore, denies those allegations.

54. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 and, therefore, denies those allegations.

55. Office Depot denies the allegations set forth in paragraph 55.

56. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 and, therefore, denies those allegations.

57. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 and, therefore, denies those allegations.

58. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 and, therefore, denies those allegations.

US2008 882120.1

59. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 and, therefore, denies those allegations.

60. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 and, therefore, denies those allegations.

61. Office Depot denies the allegations of paragraph 61 as they relate to Office Depot. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 with respect to the other defendants and, therefore, denies those allegations.

62. Office Depot denies the allegations of paragraph 62 as they relate to Office Depot. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 with respect to the other defendants and, therefore, denies those allegations.

63. Office Depot denies the allegations of paragraph 63 as they relate to Office Depot. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 with respect to the other defendants and, therefore, denies those allegations.

64. Office Depot denies the allegations of paragraph 64 as they relate to Office Depot. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 with respect to the other defendants and, therefore, denies those allegations.

### RESPONSE TO SFA'S PRAYER FOR RELIEF

Office Depot denies that SFA is entitled to any of the grounds for relief enumerated in SFA's Complaint and Demand for Jury Trial.

## AFFIRMATIVE DEFENSES

### First Defense

1. SFA fails to state a claim upon which relief may be granted.

### Second Defense

2. Office Depot does not infringe any valid claim of the '525 Patent. Office Depot does not literally or equivalently infringe, induce, or contribute to infringement of the '525 Patent.

### Third Defense

3. Plaintiff is estopped, by virtue of the prior art or the prosecution of the '525 Patent, from asserting infringement against Office Depot.

### Fourth Defense

4. The claims of the '525 Patent are invalid for failure to meet the requirements of Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Fifth Defense

5. Plaintiff is equitably estopped from enforcing, has waived enforcement of, and/or is barred by the doctrine of laches in the enforcement of the '525 Patent against Office Depot.

### Sixth Defense

6. Plaintiff is precluded from recovering damages for infringement of the '525 patent, if any, until the date plaintiff notified Office Depot in accordance with 35 U.S.C. 287(a).

## RESERVATION OF RIGHTS

7.   Office Depot reserves the right to add any additional defenses or counterclaims that discovery may reveal.

## COUNTERCLAIM FOR DECLARATION OF INVALIDITY AND NONINFRINGEMENT

8.   As its counterclaim, Office Depot realleges and incorporates by reference the allegations made above in paragraphs 1 through 7 in this Counterclaim and further avers as follows:

## JURISDICTION AND VENUE

9.   This counterclaim is brought under the provisions of the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  As reflected in Plaintiff's Complaint and Office Depot's Answer, Plaintiff accuses Office Depot of infringing, contributing to the infringement of, and/or inducing infringement of the '525 patent.  Office Depot has denied that accusation.  Office Depot further asserts that the '525 patent is invalid.  Thus, there exists an actual, immediate, and justiciable controversy between the parties within the jurisdiction of this Court under 28 U.S.C. §§ 1331 and 1338.

## COUNT I: INVALIDITY

10.   The claims of the '525 patent are invalid for failure to meet the requirements of Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT II: NONINFRINGEMENT

11.   Office Depot has not infringed, contributed to, or induced infringement of the '525 patent.

## DEMAND FOR A JURY TRIAL

10

12.     Office Depot demands a jury trial, pursuant to Fed. R. Civ. P. 38(b), as to all issues that may be tried by jury.

## PRAYER FOR RELIEF

WHEREFORE, Office Depot respectfully requests the following relief:

A.      That a judgment be entered declaring that the '525 patent invalid and/or not infringed by Office Depot;

B.      That Office Depot be awarded their attorneys' fees and costs incurred in this action pursuant to 35 U.S.C. § 285; and

C.      That Office Depot be granted such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Office Depot, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

US2008 882120.1

Dated: September 23, 2009

Kilpatrick Stockton, LLP

By: /s/ Jon R. Pierce
    Jon R. Pierce
    jpierce@kilpatrickstockton.com
    1001 West Fourth Street
    Winston-Salem , NC 27101-2400
    Tel: (336) 607-7503
    Fax: (336) 734-2638

    Mitchell G. Stockwell
    mstockwell@kilpatrickstockton.com
    (Pending Pro Hac Vice Motion)
    Wab P. Kadaba
    wkadaba@kilpatrickstockton.com
    (Pending Pro Hac Vice Motion)
    Vanessa M. Blake
    vblake@kilpatrickstockton.com
    (Pending Pro Hac Vice Motion)
    1100 Peachtree Street
    Suite 2800
    Atlanta, Georgia 30309-4530
    Tel: (404) 815-6500
    Fax: (404) 815-6555

    *Attorneys for Defendant Office Depot, Inc.*

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a true and correct copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 23, 2009. Any other counsel of record will be served via U.S. mail on this same date.

                   /s/ Jon R. Pierce

US2008 882120.1