**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| SFA SYSTEMS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> 1-800-FLOWERS.COM, INC.; THE PLOW ) <br> & HEARTH, INC., INCLUDING D/B/A ) <br> WIND & WEATHER, INC.; THE ) <br> POPCORN FACTORY, INC.; ) <br> WINETASTING NETWORK INC.; THE ) <br> CHILDREN'S GROUP, INC.; PROBLEM ) <br> SOLVERS, INC.; BARNES & NOBLE, ) <br> INC.; BARNESANDNOBLE.COM LLC; ) <br> BLOCKBUSTER INC. ; BUILD-A-BEAR ) <br> WORKSHOP, INC.; CDW ) <br> CORPORATION; GAMESTOP CORP.; ) <br> GAMESTOP, INC.; GAMESTOP.COM, ) <br> INC.; GANDER MOUNTAIN COMPANY; ) <br> OVERTON'S INC.; J & R ELECTRONICS ) <br> INC.; NEWEGG INC.; NEWEGG.COM ) <br> INC.; NORTHERN TOOL & EQUIPMENT ) <br> COMPANY; NORTHERN TOOL AND ) <br> EQUIPMENT CATALOG CO. ; OFFICE ) <br> DEPOT, INC.; OMAHA STEAKS ) <br> INTERNATIONAL, INC.; ) <br> OMAHASTEAKS.COM, INC.; THE ) <br> TIMBERLAND COMPANY; ) <br> TUPPERWARE BRANDS ) <br> CORPORATION; AND ) <br> TUPPERWARE.COM, INC., ) <br> ) <br> Defendants. ) | **Case No. 6:09-CV-00340-LED** <br><br> **Jury Demanded** |

**1-800-FLOWERS.COM, INC.; THE PLOW & HEARTH, INC.; THE POPCORN FACTORY, INC.; WINETASTING NETWORK INC.; AND THE CHILDREN'S GROUP, INC.'S  ANSWER TO SFA SYSTEMS, LLC'S FIRST COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plow & Hearth, Inc., including The Plow & Hearth D/B/A Wind & Weather, Inc.

and Problem Solvers, Inc. were incorrectly sued as averred herein.  Defendants 1-800-

1

FLOWERS.COM, Inc., The Plow & Hearth, Inc., The Popcorn Factory, Inc., Winetasting Network Inc., and The Children's Group, Inc., (collectively "Flowers Defendants"), answer SFA Systems, LLC's First Complaint and Demand for Jury Trial as follows:

## PARTIES

1. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 and, therefore, deny those allegations.

2. 1-800-FLOWERS.COM, Inc. ("1-800 Flowers") admits that it is a Delaware corporation and has appointed THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801 as its agent for service of process in Delaware. 1-800-FLOWERS.COM admits that its corporate headquarters and principal place of business are at One Old Country Road, Carle Place, New York 11514.

3. The Plow & Hearth, Inc. ("Plow & Hearth") admits that it is a Virginia corporation and its agent for service of process in Virginia is V R SHACKELFORD III, 149 WEST MAIN ST, PO BOX 871, ORANGE, VA 22960. The Plow & Hearth, Inc. admits that its corporate headquarters and a principal place of business are at One Old Country Road, Carle Place, New York 11514. The Plow & Hearth, Inc. denies that it does business as Wind & Weather, Inc. but admits that it operates a website under the Wind & Weather brand name.

4. The Popcorn Factory, Inc. ("Popcorn Factory") admits that it is a Delaware corporation and has appointed THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801 as its agent for service of process. Popcorn Factory admits that its corporate headquarters and a principal place of business are at One Old Country Road, Carle Place, New York 11514.

5. Winetasting Network Inc. denies that it is a corporation. The Winetasting Network ("Winetasting") admits that it is a California corporation and has appointed GREG CHRISTOFF, 2545 NAPA VALLEY CORPORATE DRIVE, SUITE C, NAPA, CA 94558 as its agent for service of process. Winetasting admits that its corporate headquarters and a principal place of business are at One Old Country Road, Carle Place, New York 11514.

6. The Children's Group, Inc. ("Children's") admits that it is a Delaware corporation and has appointed THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801 as its agent for service of process. Children's admits that its corporate headquarters and a principal place of business are at One Old Country Road, Carle Place, New York 11514.

7. Problem Solvers, Inc. ("Problem Solvers") denies that it is a corporation. The Plow & Hearth, Inc. admits it operates a website under the Problem Solvers brand name.

8. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 and, therefore, deny those allegations.

9. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 and, therefore, deny those allegations.

10. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 and, therefore, deny those allegations.

US2008 882120.1

11. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 and, therefore, deny those allegations.

12. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 and, therefore, deny those allegations.

13. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 and, therefore, deny those allegations.

14. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 and, therefore, deny those allegations.

15. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 and, therefore, deny those allegations.

16. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 and, therefore, deny those allegations.

17. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 and, therefore, deny those allegations.

US2008 882120.1

18. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 and, therefore, deny those allegations.

19. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 and, therefore, deny those allegations.

20. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 and, therefore, deny those allegations.

21. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 and, therefore, deny those allegations.

22. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 and, therefore, deny those allegations.

23. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 and, therefore, deny those allegations.

24. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 and, therefore, deny those allegations.

US2008 882120.1

25. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 and, therefore, deny those allegations.

26. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 and, therefore, deny those allegations.

27. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 and, therefore, deny those allegations.

28. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 and, therefore, deny those allegations.

## JURISDICTION AND VENUE

29. The Flowers Defendants admit that SFA Systems contends to have brought a patent infringement action arising under Title 35 of the United State Code. The Flowers Defendants admit that this Court has subject matter jurisdiction over patent infringement actions pursuant to 28 U.S.C §§ 1331 and 1338(a). The Flowers Defendants deny any remaining allegations set forth in paragraph 29.

30. The Flowers Defendants admit that they do business in the state of Texas and in this jurisdiction but deny the remaining allegations set forth in paragraph 30.

31. The Flowers Defendants admit that venue is proper under the provisions of 28 U.S.C. § 1400(b) with respect to themselves. The Flowers Defendants deny CWC's allegations that they have committed, contributed to, and/or induced acts of patent infringement in this

district or elsewhere. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 with respect to the other defendants and, therefore, deny those allegations.

## **INFRINGEMENT OF U.S. PATENT NO. 6,067,525**

32. The Flowers Defendants admit that United States Patent No. 6,067,525 ("the '525 patent") entitled "Integrated Computerized Sales Force Automation System" was issued on May 23, 2000. The Flowers Defendants admit that what appears to be a copy of the '525 patent was attached as Exhibit A to the Complaint and that SFA purports to be the owner by assignment of the '525 patent.

33. The Flowers Defendants admit that Exhibit B appears to be a claim construction order by the Honorable Leonard Davis of the Eastern District of Texas, Tyler Division issued on February 23, 2009. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 33 and, therefore, deny those allegations.

34. 1-800 Flowers denies the allegations of paragraph 34.

35. Plow & Hearth denies the allegations of paragraph 35.

36. Popcorn Factory denies the allegations of paragraph 36.

37. Winetasting denies the allegations of paragraph 37.

38. Children's denies the allegations of paragraph 38.

39. Plow & Hearth denies the allegations of paragraph 39.

40. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 and, therefore, deny those allegations.

US2008 882120.1

41.   The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 and, therefore, deny those allegations.

42.   The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 and, therefore, deny those allegations.

43.   The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 and, therefore, deny those allegations.

44.   The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 and, therefore, deny those allegations.

45.   The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 and, therefore, deny those allegations.

46.   The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 and, therefore, deny those allegations.

47.   The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 and, therefore, deny those allegations.

US2008 882120.1

48. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 and, therefore, deny those allegations.

49. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 and, therefore, deny those allegations.

50. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 and, therefore, deny those allegations.

51. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 and, therefore, deny those allegations.

52. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 and, therefore, deny those allegations.

53. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 and, therefore, deny those allegations.

54. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 and, therefore, deny those allegations.

US2008 882120.1

55. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 and, therefore, deny those allegations.

56. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 and, therefore, deny those allegations.

57. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 and, therefore, deny those allegations.

58. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 and, therefore, deny those allegations.

59. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 and, therefore, deny those allegations.

60. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 and, therefore, deny those allegations.

61. The Flowers Defendants deny the allegations set forth in paragraph 61 as they relate to the Flowers Defendants. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 with respect to the other defendants and, therefore, deny those allegations.

US2008 882120.1

62. The Flowers Defendants deny the allegations set forth in paragraph 62 as they relate to the Flowers Defendants. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 with respect to the other defendants and, therefore, deny those allegations.

63. The Flowers Defendants deny the allegations set forth in paragraph 63 as they relate to the Flowers Defendants. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 with respect to the other defendants and, therefore, deny those allegations.

64. The Flowers Defendants deny the allegations set forth in paragraph 64 as they relate to the Flowers Defendants. The Flowers Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 with respect to the other defendants and, therefore, deny those allegations.

## RESPONSE TO SFA'S PRAYER FOR RELIEF

The Flowers Defendants deny that CWC is entitled to any of the grounds for relief enumerated in SFA's Complaint and Demand for Jury Trial.

## AFFIRMATIVE DEFENSES

### First Defense

1. SFA fails to state a claim upon which relief may be granted.

### Second Defense

2. The Flowers Defendants do not infringe any valid claim of the '525 Patent. The Flowers Defendants do not literally or equivalently infringe, induce, or contribute to infringement of the '525 Patent.

### Third Defense

3.    Plaintiff is estopped, by virtue of the prior art or the prosecution of the '525 Patent, from asserting infringement against The Flowers Defendants.

### Fourth Defense

4.    The claims of the '525 Patent are invalid for failure to meet the requirements of Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Fifth Defense

5.    Plaintiff is equitably estopped from enforcing, has waived enforcement of, and/or is barred by the doctrine of laches in the enforcement of the '525 Patent against The Flowers Defendants.

### Sixth Defense

6.    Plaintiff is precluded from recovering damages for infringement of the '525 patent, if any, until the date plaintiff notified The Flowers Defendants in accordance with 35 U.S.C. 287(a).

### RESERVATION OF RIGHTS

7.    The Flowers Defendants reserve the right to add any additional defenses or counterclaims that discovery may reveal.

### COUNTERCLAIM FOR DECLARATION OF INVALIDITY AND NONINFRINGEMENT

8.    As their counterclaim, The Flowers Defendants reallege and incorporate by reference the allegations made above in paragraphs 1 through 7 in this Counterclaim and further aver as follows:

### JURISDICTION AND VENUE

12

9.      This counterclaim is brought under the provisions of the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  As reflected in Plaintiff's Complaint and The Flowers Defendants' Answer, Plaintiff accuses The Flowers Defendants of infringing, contributing to the infringement of, and/or inducing infringement of the '525 patent.  The Flowers Defendants denied that accusation.  The Flowers Defendants further assert that the '525 patent is invalid.  Thus, there exists an actual, immediate, and justiciable controversy between the parties within the jurisdiction of this Court under 28 U.S.C. §§ 1331 and 1338.

## COUNT I: INVALIDITY

10.     The claims of the '525 patent are invalid for failure to meet the requirements of Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT II: NONINFRINGEMENT

11.     The Flowers Defendants have not infringed, contributed to, or induced infringement of the '525 patent.

## DEMAND FOR A JURY TRIAL

12.     The Flowers Defendants demand a jury trial, pursuant to Fed. R. Civ. P. 38(b), as to all issues that may be tried by jury.

## PRAYER FOR RELIEF

WHEREFORE, The Flowers Defendants respectfully request the following relief:

A.      That a judgment be entered declaring that the '525 patent invalid and/or not infringed by The Flowers Defendants;

B.      That The Flowers Defendants be awarded their attorneys' fees and costs incurred in this action pursuant to 35 U.S.C. § 285; and

C. That The Flowers Defendants be granted such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

The Flowers Defendants, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

Dated: September 23, 2009

Kilpatrick Stockton, LLP

By: /s/ Jon R. Pierce
Jon R. Pierce
jpierce@kilpatrickstockton.com
1001 West Fourth Street
Winston-Salem , NC 27101-2400
Tel: (336) 607-7503
Fax: (336) 734-2638

Mitchell G. Stockwell
mstockwell@kilpatrickstockton.com
(Pending Pro Hac Vice Motion)
Wab P. Kadaba
wkadaba@kilpatrickstockton.com
(Pending Pro Hac Vice Motion)
Vanessa M. Blake
vblake@kilpatrickstockton.com
(Pending Pro Hac Vice Motion)
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309-4530
Tel:  (404) 815-6500
Fax: (404) 815-6555

*Attorneys for Defendants
1-800-Flowers.com, Inc.; The Plow & Hearth, Inc.(which operates www.windandweather.com and www.problemsolvers.com); The Popcorn Factory, Inc.; Winetasting Network, Inc.; and The Children's Group, Inc.*

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a true and correct copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 23, 2009. Any other counsel of record will be served via U.S. mail on this same date.

                                              /s/ Jon R. Pierce

US2008 882120.1