UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SFA SYSTEMS, LLC , <br><br>                    Plaintiff,<br>vs.<br><br>1-800 FLOWERS.COM, INC., ET AL.<br><br>                    Defendants. | Case No. 6:09CV340<br><br>JURY TRIAL DEMANDED |

**DEFENDANT NEWEGG INC.'S AND DEFENDANT NEWEGG.COM
INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
AND DEMAND FOR TRIAL BY JURY**

Defendant Newegg Inc. and Defendant Newegg.com Inc. (collectively "NEWEGG"), by and through their undersigned counsel, hereby answer the Complaint and Demand for Trial by Jury ("Complaint") of SFA Systems, LLC ("Plaintiff"), filed on July 28, 2009, as follows:

**PARTIES**

1.      Answering Paragraph 1, NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 and, therefore, denies the same.

2.      Answering Paragraph 2, NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 and, therefore, denies the same.

3.      Answering Paragraph 3, NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 and, therefore, denies the same.

4. Answering Paragraph 4, NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 and, therefore, denies the same.

5. Answering Paragraph 5, NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 and, therefore, denies the same.

6. Answering Paragraph 6, NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 and, therefore, denies the same.

7. Answering Paragraph 7, NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 and, therefore, denies the same.

8. Answering Paragraph 8, NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 and, therefore, denies the same.

9. Answering Paragraph 9, NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 and, therefore, denies the same.

10. Answering Paragraph 10, NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 and, therefore, denies the same.

11. Answering Paragraph 11, NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 and, therefore, denies the same.

12. Answering Paragraph 12, NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 and, therefore, denies the same.

13. Answering Paragraph 13, NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 and, therefore, denies the same.

14. Answering Paragraph 14, NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 and, therefore, denies the same.

15. Answering Paragraph 15, NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 and, therefore, denies the same.

16. Answering Paragraph 16, NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 and, therefore, denies the same.

17. Answering Paragraph 17, NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 and, therefore, denies the same.

18. Answering Paragraph 18, NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 and, therefore, denies the same.

19. Answering Paragraph 19, NEWEGG admits that Newegg Inc. is a Delaware corporation that has appointed CORPORATION SERVICE COMPANY, 2711 CENTERVILLE ROAD, SUITE 400, WILMINGTON, DE 19808 as its agent for service of process. NEWEGG denies the remaining allegations set forth in Paragraph 19.

20. Answering Paragraph 20, NEWEGG admits that Newegg.com Inc. was a Delaware corporation that had appointed CORPORATION SERVICE COMPANY, 2711 CENTERVILLE ROAD, SUITE 400, WILMINGTON, DE 19808 as its agent for service of process. NEWEGG denies the remaining allegations set forth in Paragraph 20.

21. Answering Paragraph 21, NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 and, therefore, denies the same.

22. Answering Paragraph 22, NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 and, therefore, denies the same.

23. Answering Paragraph 23, NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 and, therefore, denies the same.

24. Answering Paragraph 24, NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 and, therefore, denies the same.

25.     Answering Paragraph 25, NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 and, therefore, denies the same.

26.     Answering Paragraph 26, NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 and, therefore, denies the same.

27.     Answering Paragraph 27, NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 and, therefore, denies the same.

28.     Answering Paragraph 29, NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 and, therefore, denies the same.

## JURISDICTION AND VENUE

29.     Answering Paragraph 29, NEWEGG admits that Plaintiff purports to bring an action under the patent laws of the United States, including Title 35 of the United States Code, and that this Court has subject matter jurisdiction over such actions pursuant to 28 U.S.C. §§ 1331 and 1338(a).

30.     Answering Paragraph 30, NEWEGG admits that Newegg Inc. and Newegg.com Inc. are subject to specific personal jurisdiction before this Court, but denies that Newegg Inc. and Newegg.com Inc. are subject to general personal jurisdiction before this Court.  NEWEGG denies that Newegg Inc. or Newegg.com Inc. have committed any infringing acts in Texas, in this Judicial District, or anywhere else.  NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 to the extent they relate to

other Defendants and, therefore, denies the same. NEWEGG denies any remaining allegations set forth in Paragraph 30.

30. Answering Paragraph 31, NEWEGG admits that, in relation to 28 U.S.C. Section 1391(c), it is subject to personal jurisdiction in this district for purposes of this action. NEWEGG denies that it has contacts that would be sufficient to subject it to personal jurisdiction in this district if it were a separate state. NEWEGG also denies that the present district is the one within which it has the most significant contacts. NEWEGG further denies that the present district is a convenient forum for this litigation, or that a substantial part of the events giving rise to the claims in this litigation occurred in this district, or that this district has any particular connection to Newegg Inc. or Newegg.com Inc. In addition, NEWEGG denies that Newegg Inc. or Newegg.com Inc. have committed any infringing acts or induced any acts of infringement in Texas, in this Judicial District, or anywhere else. NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 to the extent they relate to other Defendants and, therefore, denies the same. NEWEGG denies any remaining allegations set forth in Paragraph 31.

### PURPORTED INFRINGEMENT OF U.S. PATENT NO. 6,067,525

32. Answering Paragraph 32, NEWEGG admits that a true copy of United States Patent No. 6,067,525 (the "'525 patent") appears to be attached as Exhibit A to Plaintiff's Complaint, and that Exhibit A is titled "Integrated Computerized Sales Force Automation System" and lists an issue date of May 23, 2000, but NEWEGG denies that the '525 patent was duly and properly issued. NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "SFA is the owner by assignment of United States Patent No. 6,067,525," (although NEWEGG observes that Exhibit A identifies "Clear With Computers,

Mankato, Minn." as assignee of the '525 patent) and, therefore, denies the same. NEWEGG denies any remaining allegations set forth in Paragraph 32.

33.   Answering Paragraph 33, NEWEGG admits that the Honorable United States District Judge Leonard Davis of the U.S. District Court for the Eastern District of Texas, Tyler Division, construed certain terms and/or phrases found within certain claims of the '525 patent, as between SFA SYSTEMS, LLC, and INFOR GLOBAL SOLUTIONS (MICHIGAN), INC., et al., in a Memorandum Opinion signed February 23, 2009. NEWEGG admits that a true and correct copy of the aforesaid Memorandum Opinion appears to be attached as Exhibit B to Plaintiff's Complaint. NEWEGG denies any remaining allegations set forth in Paragraph 33.

34.   Answering Paragraph 34, NEWEGG denies the allegations set forth therein to the extent they suggest the '525 patent is valid, enforceable and capable of being infringed. NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations to the extent they relate to other Defendants and, therefore, denies the same. NEWEGG denies any remaining allegations set forth in Paragraph 34.

35.   Answering Paragraph 35, NEWEGG denies the allegations set forth therein to the extent they suggest the '525 patent is valid, enforceable and capable of being infringed. NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations to the extent they relate to other Defendants and, therefore, denies the same. NEWEGG denies any remaining allegations set forth in Paragraph 35.

36.   Answering Paragraph 36, NEWEGG denies the allegations set forth therein to the extent they suggest the '525 patent is valid, enforceable and capable of being infringed. NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations to the extent they relate to other Defendants and, therefore, denies the same. NEWEGG denies any remaining allegations set forth in Paragraph 36.

37. Answering Paragraph 37, NEWEGG denies the allegations set forth therein to the extent they suggest the '525 patent is valid, enforceable and capable of being infringed. NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations to the extent they relate to other Defendants and, therefore, denies the same. NEWEGG denies any remaining allegations set forth in Paragraph 37.

38. Answering Paragraph 38, NEWEGG denies the allegations set forth therein to the extent they suggest the '525 patent is valid, enforceable and capable of being infringed. NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations to the extent they relate to other Defendants and, therefore, denies the same. NEWEGG denies any remaining allegations set forth in Paragraph 38.

39. Answering Paragraph 39, NEWEGG denies the allegations set forth therein to the extent they suggest the '525 patent is valid, enforceable and capable of being infringed. NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations to the extent they relate to other Defendants and, therefore, denies the same. NEWEGG denies any remaining allegations set forth in Paragraph 39.

40. Answering Paragraph 40, NEWEGG denies the allegations set forth therein to the extent they suggest the '525 patent is valid, enforceable and capable of being infringed. NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations to the extent they relate to other Defendants and, therefore, denies the same. NEWEGG denies any remaining allegations set forth in Paragraph 40.

41.     Answering Paragraph 41, NEWEGG denies the allegations set forth therein to the extent they suggest the '525 patent is valid, enforceable and capable of being infringed. NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations to the extent they relate to other Defendants and, therefore, denies the same. NEWEGG denies any remaining allegations set forth in Paragraph 41.

42.     Answering Paragraph 42, NEWEGG denies the allegations set forth therein to the extent they suggest the '525 patent is valid, enforceable and capable of being infringed. NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations to the extent they relate to other Defendants and, therefore, denies the same. NEWEGG denies any remaining allegations set forth in Paragraph 42.

43.     Answering Paragraph 43, NEWEGG denies the allegations set forth therein to the extent they suggest the '525 patent is valid, enforceable and capable of being infringed. NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations to the extent they relate to other Defendants and, therefore, denies the same. NEWEGG denies any remaining allegations set forth in Paragraph 43.

44.     Answering Paragraph 44, NEWEGG denies the allegations set forth therein to the extent they suggest the '525 patent is valid, enforceable and capable of being infringed. NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations to the extent they relate to other Defendants and, therefore, denies the same. NEWEGG denies any remaining allegations set forth in Paragraph 44.

45.     Answering Paragraph 45, NEWEGG denies the allegations set forth therein to the extent they suggest the '525 patent is valid, enforceable and capable of being infringed. NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations to the extent they relate to other Defendants and, therefore, denies the same. NEWEGG denies any remaining allegations set forth in Paragraph 45.

46. Answering Paragraph 46, NEWEGG denies the allegations set forth therein to the extent they suggest the '525 patent is valid, enforceable and capable of being infringed. NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations to the extent they relate to other Defendants and, therefore, denies the same. NEWEGG denies any remaining allegations set forth in Paragraph 46.

47. Answering Paragraph 47, NEWEGG denies the allegations set forth therein to the extent they suggest the '525 patent is valid, enforceable and capable of being infringed. NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations to the extent they relate to other Defendants and, therefore, denies the same. NEWEGG denies any remaining allegations set forth in Paragraph 47.

48. Answering Paragraph 48, NEWEGG denies the allegations set forth therein to the extent they suggest the '525 patent is valid, enforceable and capable of being infringed. NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations to the extent they relate to other Defendants and, therefore, denies the same. NEWEGG denies any remaining allegations set forth in Paragraph 48.

49. Answering Paragraph 49, NEWEGG denies the allegations set forth therein to the extent they suggest the '525 patent is valid, enforceable and capable of being infringed. NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations to the extent they relate to other Defendants and, therefore, denies the same. NEWEGG denies any remaining allegations set forth in Paragraph 49.

50. Answering Paragraph 50, NEWEGG denies the allegations set forth therein to the extent they suggest the '525 patent is valid, enforceable and capable of being infringed. NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations to the extent they relate to other Defendants and, therefore, denies the same. NEWEGG denies any remaining allegations set forth in Paragraph 50.

51. Answering Paragraph 51, NEWEGG denies the allegations set forth therein.

52. Answering Paragraph 52, NEWEGG denies the allegations set forth therein.

53. Answering Paragraph 53, NEWEGG denies the allegations set forth therein to the extent they suggest the '525 patent is valid, enforceable and capable of being infringed. NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations to the extent they relate to other Defendants and, therefore, denies the same. NEWEGG denies any remaining allegations set forth in Paragraph 53.

54. Answering Paragraph 54, NEWEGG denies the allegations set forth therein to the extent they suggest the '525 patent is valid, enforceable and capable of being infringed. NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations to the extent they relate to other Defendants and, therefore, denies the same. NEWEGG denies any remaining allegations set forth in Paragraph 54.

55. Answering Paragraph 55, NEWEGG denies the allegations set forth therein to the extent they suggest the '525 patent is valid, enforceable and capable of being infringed. NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations to the extent they relate to other Defendants and, therefore, denies the same. NEWEGG denies any remaining allegations set forth in Paragraph 55.

56.     Answering Paragraph 56, NEWEGG denies the allegations set forth therein to the extent they suggest the '525 patent is valid, enforceable and capable of being infringed. NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations to the extent they relate to other Defendants and, therefore, denies the same. NEWEGG denies any remaining allegations set forth in Paragraph 56.

57.     Answering Paragraph 57, NEWEGG denies the allegations set forth therein to the extent they suggest the '525 patent is valid, enforceable and capable of being infringed. NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations to the extent they relate to other Defendants and, therefore, denies the same. NEWEGG denies any remaining allegations set forth in Paragraph 57.

58.     Answering Paragraph 58, NEWEGG denies the allegations set forth therein to the extent they suggest the '525 patent is valid, enforceable and capable of being infringed. NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations to the extent they relate to other Defendants and, therefore, denies the same. NEWEGG denies any remaining allegations set forth in Paragraph 58.

59.     Answering Paragraph 59, NEWEGG denies the allegations set forth therein to the extent they suggest the '525 patent is valid, enforceable and capable of being infringed. NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations to the extent they relate to other Defendants and, therefore, denies the same. NEWEGG denies any remaining allegations set forth in Paragraph 59.

60.     Answering Paragraph 60, NEWEGG denies the allegations set forth therein to the extent they suggest the '525 patent is valid, enforceable and capable of being infringed. NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations to the extent they relate to other Defendants and, therefore, denies the same. NEWEGG denies any remaining allegations set forth in Paragraph 60.

61.     Answering Paragraph 61, NEWEGG denies the allegations set forth therein with respect to Newegg Inc. and Newegg.com Inc. For example, NEWEGG denies that Newegg Inc. or Newegg.com Inc. currently infringe or have ever infringed the '525 patent, denies that any such purported infringement was willful, and denies that Plaintiff is entitled to a finding of willfulness with respect to Newegg Inc. or Newegg.com Inc. at the time trial. NEWEGG also denies the allegations to the extent they suggest the '525 patent is valid, enforceable and capable of being infringed. NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations to the extent they relate to other Defendants and, therefore, denies the same.

62.     Answering Paragraph 62, NEWEGG denies the allegations set forth therein with respect to Newegg Inc. and Newegg.com Inc. For example, NEWEGG denies that Newegg Inc. or Newegg.com Inc. currently infringe or have ever infringed the '525 patent, denies that Plaintiff has suffered monetary damages related to any such purported infringement, and denies that Plaintiff could continue to suffer monetary damages in the future related to any such purported infringement. NEWEGG also denies the allegations to the extent they suggest the '525 patent is valid, enforceable and capable of being infringed. NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations to the extent they relate to other Defendants and, therefore, denies the same.

63.     Answering Paragraph 63, NEWEGG denies the allegations set forth therein with respect to Newegg Inc. and Newegg.com Inc. NEWEGG also denies the allegations to the extent they suggest the '525 patent is valid, enforceable and capable of being infringed. NEWEGG

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations to the extent they relate to other Defendants and, therefore, denies the same.

64. Answering Paragraph 64, NEWEGG denies the allegations set forth therein with respect to Newegg Inc. and Newegg.com Inc. NEWEGG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations to the extent they relate to other Defendants and, therefore, denies the same.

## PRAYER FOR RELIEF

65. Answering Paragraphs 1 through 6 of the Prayer for Relief in Plaintiff's Complaint, NEWEGG denies that Plaintiff is entitled to any of the relief requested therein with respect to Newegg Inc. and Newegg.com Inc. NEWEGG also denies that Plaintiff is entitled to any of the relief requested therein to the extent such relief is dependent upon the '525 patent being valid, enforceable and capable of being infringed. NEWEGG lacks knowledge or information sufficient to form a belief regarding any remaining relief requested to the extent it relates to other Defendants and, therefore, denies that Plaintiff is entitled to such relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint, and each and every purported claim for relief therein, fails to allege facts sufficient to state a claim against NEWEGG.

### SECOND AFFIRMATIVE DEFENSE
### (Noninfringement)

NEWEGG has not infringed and is not infringing the asserted '525 patent under any theory, including direct infringement, infringement by inducement, or contributory infringement.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

The '525 patent and all of the claims thereof are invalid for failure to comply with one or more of the requirements for patentability, including those set forth in the Patent Act, 35 U.S.C. §§ 1 et seq., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and/or 305.

## FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff is estopped from claiming that the '525 patent covers any method, system, apparatus, or product of NEWEGG by virtue of prior art and/or prosecution history.

## FIFTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

To the extent that Plaintiff seeks damages for any alleged infringement more than six years before the filing of this action, the claims are barred by the statutory limitation on damages pursuant to 35 U.S.C. § 286.

## SIXTH AFFIRMATIVE DEFENSE
### (Waiver, Laches, and Acquiescence)

Plaintiff's claims for damages and other relief are barred in whole or in part by the equitable doctrines of waiver, laches, and/or acquiescence, including but not limited due to Plaintiff's (including Plaintiff's predecessors, assignors, etc.) unreasonable delay in asserting the '525 patent against NEWEGG.

## SEVENTH AFFIRMATIVE DEFENSE
### (Prosecution Laches)

Plaintiff's claims for damages and other relief are barred by the equitable doctrine of prosecution laches, based in part on Plaintiff's (including Plaintiff's predecessors, assignors, etc.) unreasonable and unexplained delay in prosecution before the U.S. Patent and Trademark Office leading to issuance of the '525 patent, and any intervening rights.

## EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Provide Notice)

To the extent that Plaintiff seeks damages for any alleged infringement prior to its giving actual notice of the '525 patent to NEWEGG, its claims are barred pursuant to 35 U.S.C. § 287(a).

## RESERVATION OF RIGHTS

NEWEGG reserves the right to add any additional defenses and/or counterclaims that discovery may reveal.

## NEWEGG'S PRAYER FOR RELIEF

WHEREFORE, NEWEGG respectfully requests that the Court enter judgment in favor of Newegg Inc. and Newegg.com Inc. and against Plaintiff, as follows:

A.  that Plaintiff take nothing by the Complaint and that the Complaint be dismissed with prejudice;

B.  that Newegg Inc. and Newegg.com Inc. do not infringe and have not infringed any claim of the '525 patent under any theory;

C.  that each asserted claim of the '525 patent is invalid and/or unenforceable;

D.  that no injunctive relief shall issue in favor of Plaintiff;

E.  that no damages shall be awarded to Plaintiff;

F.  that no costs, expenses, or attorneys' fees shall be awarded to Plaintiff;

G.  that no other relief shall be awarded to Plaintiff;

H.  that this case is declared exceptional pursuant to 35 U.S.C. § 285 and that attorneys' fees shall be awarded to Newegg Inc. and Newegg.com Inc.;

I.  that costs and expenses shall be awarded to Newegg Inc. and Newegg.com Inc.; and

J.     that such other and further relief as the Court deems just and proper shall be awarded to Newegg Inc. and Newegg.com Inc.

Respectfully submitted,

By: /s/ Elizabeth L. DeRieux
S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
D. Jeffrey Rambin
State Bar No. 00791478
Capshaw DeRieux, LLP
1127 Judson Road, Suite 220
Longview, Texas 75601
(903) 236-9800 Telephone
(903) 236-8787 Facsimile
E-mail: ccapshaw@capshawlaw.com
E-mail: ederieux@capshawlaw.com
E-mail: jrambin@capshawlaw.com

ATTORNEYS FOR DEFENDANTS
NEWEGG INC. and NEWEGG.COM INC.

CERTIFICATE OF SERVICE

I hereby certify that the all counsel of record who are deemed to have consented to electronic service are being served this 28th day of September, 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Elizabeth L. DeRieux
Elizabeth L. DeRieux