**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| SFA SYSTEMS, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>1-800-FLOWERS.COM, INC., et al. )<br>)<br>Defendants. )<br>) | Case No. 6:09-cv-340 LED<br><br>JURY TRIAL DEMAND |

**SFA SYSTEMS, LLC'S ANSWER TO THE
COUNTERCLAIMS OF NEWEGG, INC.**

Plaintiff, SFA Systems, LLC ("SFA") hereby Answers the Counterclaims of Defendant NEWEGG, Inc. ("NEWEGG") filed August 30, 2010 (Dkt 197).

**COUNTERCLAIMS**

Unless otherwise addressed herein with an admission, the Plaintiff SFA generally denies all allegations in the Counterclaim. Each specific allegation is addressed as follows:

1. NEWEGG INC. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 16839 E. Gale Avenue, City of Industry, California 91745.

   **ANSWER:** Admitted

2. On information and belief, SFA is a Texas limited liability company with its principal place of business in Marshall, Texas.

   **ANSWER:** Admitted

3. There is a justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 between SFA, on the one hand, and NEWEGG INC., on the other hand, regarding the

noninfringement and invalidity of the '525 patent because SFA has asserted that it is the owner of the '525 patent and that NEWEGG INC. infringes the '525 patent.

**ANSWER:** Admitted

4. This Court has personal jurisdiction over SFA because, *inter alia*, SFA has submitted itself to the jurisdiction of this Court by filing the Complaint and Demand for Jury Trial in this Court.

**ANSWER:** Admitted

5. NEWEGG INC. brings these Counterclaims under the Patent Laws of the United States, 35 U.S.C. § 1, et seq., and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has jurisdiction over the subject matter of these Counterclaims under 28 U.S.C. §§ 1331, 1338 and 1367.

**ANSWER:** Admitted

6. On information and belief, venue for these Counterclaims is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400, and under the doctrine of pendant venue. Venue is further proper in the Tyler Division because SFA has consented to the propriety of venue in this judicial district by filing its present claim for infringement of the '525 patent in this Court.

**ANSWER:** Admitted

## COUNT I

7. NEWEGG INC. repeats and realleges each and every allegation from paragraphs 1-6 of its Counterclaims as if fully set forth herein.

**ANSWER: SFA incorporates by references its responses to these paragraphs.**

8. On information and belief, SFA purports to own the '525 patent and has asserted that certain acts by NEWEGG INC. infringe the '525 patent.

**ANSWER:** Admitted

9. NEWEGG INC. has not infringed and is not infringing, in any way, any claim of the '525 patent.

**ANSWER:** Denied

10. On information and belief, absent a declaration of non-infringement, SFA will continue to wrongfully assert the '525 patent against NEWEGG INC., and thereby cause NEWEGG INC. irreparable injury and damage.

**ANSWER:** Denied

11. Under the circumstances, there is a substantial controversy between parties having adverse legal interests, namely SFA and NEWEGG INC., that is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Moreover, principles of fair play and substantial justice require that the controversy be resolved in this judicial forum.

**ANSWER:** Denied

12. To resolve the legal and factual questions raised by SFA, and to afford relief from the uncertainty and controversy that SFA's representations have caused, NEWEGG INC. is entitled to a declaratory judgment that it does not infringe any claim of the '525 patent.

**ANSWER:** Denied

13. This is an exceptional case and NEWEGG INC. should receive an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**ANSWER:** Denied

## COUNT II

14. NEWEGG INC. repeats and realleges each and every allegation from paragraphs 1-13 of its Counterclaims as if fully set forth herein.

**ANSWER:** **SFA incorporates by references its responses to these paragraphs.**

15. Some or all of the claims of the '525 patent are invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, 256 and/or 305, and one or more sections of Title 37, Code of Federal Regulations.

**ANSWER:** Denied

16. On information and belief, absent a declaration of invalidity, SFA will continue to wrongfully assert claims of the '525 patent against NEWEGG INC., and thereby cause NEWEGG INC. irreparable injury and damage.

**ANSWER:** Denied

17. To resolve the legal and factual questions raised by SFA, and to afford relief from the uncertainty and controversy that SFA's representations have caused, NEWEGG INC. is entitled to a declaratory judgment that some or all of the claims of the '525 patent are invalid.

**ANSWER:** Denied

Plaintiff SFA further denies that NEWEGG is entitled to any of the relief requested in connection with its counterclaims.

Dated: September 23, 2010  Respectfully submitted,

**BUETHER JOE & CARPENTER, LLC**

By: /s/ Eric W. Buether
Eric W. Buether
State Bar No. 03316880
Eric.Buether@BJCIPLaw.com
Christopher M. Joe
State Bar No. 00787770
Chris.Joe@BJCIPLaw.com
Brian A. Carpenter
State Bar No. 03840600
Brian.Carpenter@BJCIPLaw.com
1700 Pacific Avenue
Suite 2390
Dallas, Texas 75201

Telephone: (214) 466-1271
Facsimile: (214) 635-1827

Andrew Wesley Spangler
State Bar No. 24041960
**Spangler Law PC**
104 N. Houston St., Suite 135
Marshall, Texas 75670
Telephone: (903) 935-3443
Facsimile: (903) 938-7843
spangler@spanglerlawpc.com

David M. Pridham
RI State Bar No. 6625
**Law Office of David Pridham**
25 Linden Road
Barrington, Rhode Island 02806
Telephone: (401) 633-7247
Facsimile: (401) 633-7247
david@pridhamiplaw.com

**ATTORNEYS FOR PLAINTIFF
SFA SYSTEMS, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 23rd day of September 2010. Any other counsel of record will be served by facsimile transmission and first class mail.

*/s/ Eric W. Buether*
Eric W. Buether