**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

|  |  |  |
|---|---|---|
| SFA SYSTEMS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION No. 6:09-cv-340 LED |
| | ) | |
| v. | ) | JURY TRIAL DEMAND |
| | ) | |
| 1-800-FLOWERS.COM, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Plaintiff SFA Systems, LLC ("SFA") files this motion to compel the production

of documents against Defendants GameStop Corp., GameStop, Inc., and GameStop.com,

Inc. ("GameStop").

## INTRODUCTION

In this lawsuit, SFA has accused GameStop of infringing U.S. Patent No.

6,067,525 making and using supply chain methods, sales methods, sales systems,

marketing methods, marketing systems, and inventory systems covered by one or more

claims of the '525 Patent.  GameStop has failed to produce any of its documents in this

case with the exception of some source code.  SFA has requested GameStop to comply

with its initial disclosure obligations and respond to SFA's follow up document requests,

but GameStop has refused to produce any additional documents other than some

documents showing its use of a Microsoft product it contends is accused of infringement

by SFA.[1]

---

[1]   All of the defendants in this case produced prior art supporting their invalidity
contentions.

In particular, other than source code, GameStop has refused to produce any documents describing, discussing or relating to the software products SFA has accused of infringement by name (two web sites) or any other customer relations management or sales force automation systems used by GameStop falling within the scope of SFA's infringement allegations.   GameStop also has refused to produce financial records, licensing agreements or other documents relating to the issue of damages.   These documents clearly exist and GameStop does not have any justification for refusing to produce them.  It bears repeating that, with the exception of source code, GameStop has not produced any documents and that, even after the meet and confer regarding this motion, has only agreed to produce documents showing its use of a Microsoft product. The Court should order GameStop to comply immediately with its document disclosure obligations.

SFA has requested GameStop to produce documents relating to five specific systems that it believes infringe the patent in suit – GameStop's proprietary inventory management systems, electronic point-of-sale systems, warehouse management system and BRIAN software system, as well as its e-commerce systems.  GameStop has refused to produce any documents relating to these five systems, contending that SFA has expressly accused only two websites of infringement and, therefore, these systems are outside the scope of discovery.

GameStop's argument for refusing to produce these documents is without merit. SFA's infringement allegations and contentions against GameStop are not limited to the two websites.   SFA's infringement contentions are very broad and include computer systems and methods beyond the identified websites, including supply chain methods,

sales systems and inventory systems.   The two websites mentioned in SFA's infringement contentions are explicitly described as only examples and not described as the only accused systems or methods.   SFA's infringement contentions, therefore, are broad enough to encompass GameStop's proprietary inventory management systems, electronic point-of-sale systems, warehouse management system and BRIAN software system, as well as its e-commerce systems.   In addition, GameStop's argument ignores the well-established law in the Eastern District of Texas that "[d]iscovery is not necessarily limited to the products explicitly identified in a plaintiff's infringement contentions."   This Court has frequently recognized that, in cases such as this where the plaintiff requires access to a defendant's internal records and source code to determine the full scope of alleged infringement, the plaintiff should be given latitude to pursue technical discovery of a defendant's systems or methods, even if not expressly accused, and to supplement its contentions when technical information is produced during discovery.   In this case, the parties have just commenced formal discovery.   GameStop has not, and cannot, point to any undue burden or hardship that it will incur if required to produce the documents regarding these five specific systems.   GameStop's refusal to produce these documents, as with its refusal to comply with its initial disclosure obligations, is nothing more than discovery stonewalling.   The Court should order GameStop to produce such documents.

## FACTUAL BACKGROUND

SFA has sued GameStop of infringement of the patent in suit making the following allegations against GameStop:

> Defendant GameStop has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent . . . by, among other things, methods practiced on various websites (including, but not limited to, GameStop.com and ebgames.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA.

SFA Complaint at ¶45 (emphasis added).

In June 2010, SFA served its infringement contentions regarding GameStop, which state, in part, as follows:

> The claims asserted against GameStop (see claims charted in the examples provided in the GameStop Exhibit) are directed to various claimed computer implemented systems, and methods using computer arrangements, including software, personal computers and/or servers, comprising http://www.GameStop.com/ and http://www.ebgames.com/ (collectively the "Accused Instrumentalities"). The Accused Instrumentalities further include predecessor versions thereof, and any other systems and/or methods that have functioned in the same or similar fashion, since May 23, 2000. The Accused Instrumentalities further include any systems or methods linked with, functionally operational with and/or integrated with the foregoing.

SFA Amended Disclosure of Asserted Claims and Infringement Contentions at 9 (emphasis added) (attached as Exhibit A without attachments).

On June 25, 2010, the Court entered a Docket Control Order and Discovery Order in this case. The Discovery Order required GameStop to make its initial disclosures in this case on August 16, 2010. GameStop served initial disclosures on that date stating as follows:

**B.**    **A copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

- The Patent-in-Suit;

- File history for the Patent-in-Suit;

- Documents regarding the design, development, and operation of the accused website(s);

- Prior art relating to the Patent-in-Suit; and

- Press releases, web pages, articles, and other publicly available information about the relevant industry, the accused website(s), and prior art.

These documents, to the extent their locations are known, are either in the possession of counsel for the GameStop Defendants or in the process of being collected.

GameStop Initial Disclosures at 17 (attached as Exhibit B).  GameStop did not produce any documents relating to the design, development and operation of the accused products or inform SFA when such products would be produced.

On September 9, 2010, SFA served GameStop with document requests following up on its initial disclosure obligations.  *See* Exhibit C.  These document requests sought production of, among other things, "all documents identifying, describing, discussing, referring or relating to any Relevant System made, used or sold or offered for sale by the Defendants . . . ."  See Exhibit C at Request No. 16.  "Relevant Systems" is defined as "(1) customer relationship management (CRM) products and services; (2) any other electronic methods, apparatuses or systems which automatically initiate sales-related operations, for example, initiating customer interactions and/or prompting call center personnel and/or salespersons, and/or initiating the provision of sales-related information; (3) any additional products and/or services included in Plaintiff's P.R. 3-1 infringement contentions; (4) products and/or services which are functional equivalents of the foregoing; (5) predecessor and/or successor products and/or services of the foregoing

which are their functional equivalents; (6) products which are integrated with and/or exchange data with the foregoing; and/or (7) products and/or services marketed, advertised, sold and/or used as part of a suite of products including the foregoing."

During September 2010, counsel for SFA and GameStop discussed discovery issues as well as the possibility of settlement.  GameStop produced a CD with source code and sent a letter containing a summary of certain financial information about GameStop's operations.  In connection with these discussions, SFA's counsel sent GameStop's counsel a letter on October 1 requesting GameStop to produce documents relating to the following five specific computer systems that SFA believed infringed the patent in suit.

1.  GameStop's proprietary inventory management system, including (a) its customized inventory management system which allows it to actively manage the pricing and product availability of our used video game products across its store base and to reallocate our inventory, and (b) its inventory replenishment systems used to track sales and inventory;

2.  GameStop's electronic point-of-sale equipment and systems, including (a) its point of sale systems that provide corporate headquarters with daily information regarding store-level sales and available inventory levels to automatically generate replenishment shipments to each store, and (b) its proprietary point-of-sale system has been enhanced to facilitate trade-in transactions, including automatic look-up of trade-in prices and printing of machine-readable bar codes to facilitate in-store restocking of used video games;

3.  GameStop's Warehouse Management System and BRIAN software system; and

4.  GameStop's ERP system development and implementation by KSDJ Consultants

5.  GameStop's e-commerce systems, including its digital kiosks and Web site functionality enabling its customers to access digital content eliminating friction in the digital sales and delivery process.

*See* Exhibit D.  Based upon GameStop's expressed willingness to cooperate regarding

informal discovery and settlement, SFA agreed to forego compelling GameStop to comply fully with its initial disclosure and discover obligations.  *Id.*

On October 11, GameStop's counsel sent a letter to SFA's counsel refusing to produce any documents relating to the five GameStop systems.  *See* Exhibit E. GameStop argued that SFA's discovery in this case is limited to the websites expressly accused of infringement in SFA's infringement contentions.   SFA's counsel sent GameStop's counsel a letter in response on October 12 pointing out that the accused GameStop systems and methods are not limited to the two websites, and that discovery in a software/source code case such as this is not limited to the products explicitly identified in a plaintiff's infringement contentions.  *See* Exhibit F.  SFA's counsel also informed GameStop's counsel that, in view of GameStop's refusal to produce any disclosure materials relating to its systems other than the source code concerning the two specific websites, SFA concluded that it would be necessary to proceed with full discovery from GameStop during any settlement discussions and demanded that GameStop cure its default on its disclosure obligations and comply fully with those obligations immediately. *Id*.  GameStop's counsel responded on October 20 with a letter reiterating its refusal to produce documents relating to the five systems.  *See* Exhibit G.  GameStop also continued to refuse to produce any initial disclosure documents – even documents relating to the two websites accused by name by SFA – other than the source code previously produced.  Counsel for the parties conducted a meet and confer session on October 26.

On October 29, GameStop's counsel sent SFA's counsel a letter stating that GameStop would continue to refuse to produce any documents relating to the five

systems, but would produce documentation "showing GameStop's use of the Microsoft commerce server." *See* Exhibit H. GameStop did not agree to produce any other initial disclosure material, including the documents relating to the design, development and operation of the accused products it acknowledged in August existed and claimed it was gathering for production. SFA, therefore, brings this motion to compel.

## ARGUMENT

### A. GAMESTOP SHOULD BE ORDERED TO PRODUCE IMMEDIATELY ALL DOCUMENTS REQUIRED PURSUANT TO ITS DISCLOSURE OBLIGATIONS

The Court should order GameStop to produce immediately all documents required pursuant to its disclosure obligations. GameStop's failure to produce documents in compliance with its disclosures obligation is inexcusable. On August 16, GameStop acknowledged in its Initial Disclosures that it has documents relating to the design, development and operation of the accused products. GameStop, however, has refused to produce any of these documents (other than source code). As this Court stated in its Discovery Order entered in this case, "documents relevant to any claim or defense are to be produced pursuant to the Patent Rules and paragraphs one and two of this Order."[2]

---

[2] Local Rule CV-26(d) explains the meaning of "relevant to the claim or defense" as follows:

(d) **Relevant to the Claim or Defense.** The following observations are provided for counsel's guidance in evaluating whether a particular piece of information is "relevant to the claim or defense of any party:"

(1) It includes information that would not support the disclosing parties' contentions;

(2) It includes those persons who, if their potential testimony were known, might reasonably be expected to be deposed or called as a witness by any of the parties;

(3) It is information that is likely to have an influence on or affect the outcome of a claim

**B.**     **GAMESTOP SHOULD BE COMPELLED TO PRODUCE DOCUMENTS RELATING TO THE FIVE SYSTEMS IN DISPUTE**

GameStop's refusal to produce documents relating to the five systems in dispute is also unjustified.  GameStop's sole basis for refusing to produce these documents is that these systems were not expressly accused in SFA's infringement contentions and that discovery should be limited to the two web sites expressly named in those contentions.

SFA's infringement allegations and contentions against GameStop, however, are not limited to the two websites.  This is abundantly clear from SFA's allegations in its complaint:

> Defendant GameStop has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent . . . by, <u>among other things</u>, methods practiced on various websites (<u>including, but not limited to</u>, GameStop.com and ebgames.com), <u>making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '525 Patent to the injury of SFA</u>.

SFA Complaint at ¶45 (emphasis added).  SFA, therefore, has accused of infringement various GameStop systems and methods in addition to the identified websites, including "supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems."  The five systems in dispute fall well within the scope of these allegations.

The accused systems and methods in SFA's Infringement Contentions also are not

---

or defense;

(4) It is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense; and

(5) It is information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate or try a claim or defense.

limited to the two websites mentioned in your letter.

> The claims asserted against GameStop (see claims charted in the <u>examples provided in the GameStop Exhibit</u>) are directed to <u>various claimed computer implemented systems</u>, and methods using computer arrangements, <u>including</u> software, personal computers and/or servers, comprising http://www.GameStop.com/ and http://www.ebgames.com/ (collectively the "Accused Instrumentalities"). <u>The Accused Instrumentalities further include</u> predecessor versions thereof, and <u>any other systems and/or methods that have functioned in the same or similar fashion</u>, since May 23, 2000. The Accused Instrumentalities <u>further include any systems or methods linked with, functionally operational with and/or integrated with the foregoing</u>.

SFA Amended Disclosure of Asserted Claims and Infringement Contentions at 9 (emphasis added).  SFA's infringement contentions, therefore, are "directed to various claimed computer implemented systems and methods . . . including, <u>but not limited to</u>, the websites comprising http://www.GameStop.com/ and <u>http://www.ebgames.com</u>." *Id.* (emphasis added).  SFA also accuses "any other systems and/or methods that have functioned in the same or similar fashion," and "any systems or methods linked with, functionally operational with and/or integrated with the foregoing." *Id.*

> Furthermore, SFA clearly stated in its Infringement Contentions that:
>
> Discovery in this matter is at a very early stage and is ongoing. The Defendants have not yet produced any documents and things, or provided any deposition testimony or other discovery in this action.  SFA's investigation regarding these and other potential grounds of infringement is ongoing.  This patent rule disclosure is therefore based upon information that SFA has been able to obtain publicly, together with SFA's current good faith beliefs regarding the Accused Instrumentalities, and is given without prejudice to SFA's right to obtain leave to supplement or amend its disclosure as additional facts are ascertained, analyses is made, research is completed and claims are construed.

SFA Amended Disclosure of Asserted Claims and Infringement Contentions at 2.[3]

---

[3] SFA's Infringement Contentions also state that:

Thus, SFA's infringement contentions are very broad and include computer systems and methods beyond the identified websites, including supply chain methods, sales systems and inventory systems. The two websites mentioned in SFA's infringement contentions are explicitly described as only examples and not described as the only accused systems or methods.   SFA's infringement contentions, therefore, are broad enough to encompass the five systems -- GameStop's proprietary inventory management systems, electronic point-of-sale systems, warehouse management system and BRIAN software system, as well as its e-commerce systems.   The five GameStop systems, on their face, constitute "other systems and/or methods that have functioned in the same or similar fashion" and "systems or methods linked with, functionally operational with and/or integrated with the foregoing" identified web sites.   In   addition,   the   well-established law in the Eastern District of Texas is that "[d]iscovery is not necessarily limited to the products explicitly identified in a plaintiff's infringement contentions." *Nidec Corp. v. LG Innotek Co.*, 2009 U.S. Dist. LEXIS 106667 at *4-5 (E.D. Tex. Sept. 2, 2009).   *See also Honeywell Int'l, Inc., v. Acer America Corp.,* 655 F. Supp. 2d 650, (E.D. Tex. Feb. 5, 2009); *Epicrealm Licensing, LLC v. Autoflex Leasing, Inc.,* 2007 U.S.

---

> In addition, upon information and belief, GameStop may have systems and/or methods which are presently either not known or not understood by SFA.   SFA intends to take formal discovery of such systems and/or methods.   In addition, SFA expects that GameStop will disclose any other methods and/or systems that function the same or similar to the Accused Instrumentalities, or that otherwise fall within the scope of infringement set forth in the GameStop Exhibit, SFA's discovery requests and/or GameStop's disclosure obligations.   Accordingly, SFA reserves the right to supplement and/or amend these infringement contentions in accordance with P.R. 3-6.

*Id.* at 9.

Dist. LEXIS 68784, 2007 WL 2580969 at *3 (E.D. Tex. Aug. 27, 2007); *see also Mass Engineered Design v. Ergotron, Inc.,* 2008 U.S. Dist. LEXIS 35577, 2008 WL 1930299, at *3-4 (E.D. Tex. Apr. 30, 2008) (granting leave to amend where defendant was uncooperative as to discovery of products not explicitly listed in the original infringement contentions).   This rule best comports with the "notice pleading and broad discovery regime created by the Federal Rules" and the "right to develop new information in discovery." *02 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.,* 467 F.3d 1355, 1366 (Fed. Cir. 2006).  As Judge Folsom declared in the *Epicrealm* case, there is "no bright line rule that discovery can only be obtained if related to an accused product identified in a party's PICs." *Epicrealm Licensing LLC v. Autoflex Leasing, Inc,*2007 U.S. Dist. LEXIS 68784, 2007 WL 2580969 at *3 (E.D. Tex. Aug. 27, 2007); *see also 02 Micro Int'l Ltd., 467 F.3d at 1366* ("[i]f a local patent rule required the final identification of infringement and validity contentions at the outset of the case . . . it might well conflict with the spirit, if not the letter, of notice pleading and broad discovery regime created by the Federal Rules").  Such a bright line rule "is inconsistent with the broad discovery regime created by the Federal Rules and the notion that a party may be able to amend its PICs." *Honeywell Int'l, Inc. v. Acer Am. Corp.,* 655 F. Supp. 650, 655 (E.D. Tex. 2009) citing *O2 Micro Int'l Ltd.,* 467 F.3d at 1366.

Also, the Eastern District of Texas courts have recognized that, in cases such as this where the plaintiff requires access to a defendant's internal records and source code to determine the full scope of alleged infringement, the plaintiff should be given latitude to pursue technical discovery of a defendant's systems or methods, even if not expressly accused, and to supplement its contentions when technical information is produced

during discovery:

> Software cases present unique challenges for the parties and the courts because, prior to discovery, plaintiffs usually only have access to the manifestation of the defendants' allegedly infringing source code and not the code itself.  From this manifestation, plaintiffs must somehow divine whether the defendants' code infringes.  Although defendants vigorously and rightly guard their source code, until plaintiffs have access to it, plaintiffs are typically unable to give highly specified infringement contentions. . . . In these situations, through Rules 3-6 and 3-7, the Patent Rules recognize the preliminary nature of plaintiff's preliminary contentions accommodate plaintiffs' need to supplement their initial contentions.

*American Video Graphics, L.P. v. Electronic Arts, Inc.*, 359 F. Supp. 2d 558, 560-61

(E.D. Tex. 2005).

Thus, even if SFA's Infringement Contentions do not expressly accuse GameStop's proprietary inventory management systems, electronic point-of-sale systems, warehouse management system and BRIAN software system, SFA is entitled to discovery relating to these systems.  Such systems are encompassed squarely within SFA's infringement allegations against GameStop in its complaint (accusing "supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems.")  SFA has consistently and diligently sought discovery in this case about systems other than the two web sites.  SFA's request for documents relating to the five systems is not an afterthought or belated request.  Information about the five systems in dispute is not publicly available and, therefore, SFA could not accuse these specific systems without the benefit of the sought-after discovery.  As the court in *Honeywell* declared:

> Honeywell is not seeking discovery of information related to products that it could have accused in its PICs.  Whereas those cases involved publicly available websites, the Driver IC data sheets at issue in this case are not

publicly available, and hence, absent this discovery, Honeywell cannot determine which CPT products to accuse.

655 F. Supp. 2d at 657.  GameStop has never requested SFA to amend or clarify its infringement contentions.  This case is in its early stages, with the discovery process just starting.  GameStop will not suffer any prejudice from granting SFA discovery regarding these five systems.

### CONCLUSION

GameStop's failure to produce documents pursuant to its disclosure obligations is inexcusable, and the Court should compel immediate production of these documents. SFA's request for discovery regarding the five systems in dispute should be granted because SFA's infringement allegations clearly encompass these systems, and it is not necessary for SFA's infringement contentions to expressly name these systems.  SFA has diligently pursued discovery concerning these systems and could not expressly accuse them without first obtaining the requested discovery.

Dated: November 3, 2010               Respectfully submitted,

                                      **BUETHER JOE & CARPENTER, LLC**

                                      By:     */s/ Eric W. Buether*
                                              Eric W. Buether
                                              State Bar No. 03316880
                                              Eric.Buether@BJCIPLaw.com
                                              Christopher M. Joe
                                              State Bar No. 00787770
                                              Chris.Joe@BJCIPLaw.com
                                              Brian A. Carpenter
                                              State Bar No. 03840600
                                              Brian.Carpenter@BJCIPLaw.com

                                              1700 Pacific Avenue
                                              Suite 2390
                                              Dallas, Texas 75201

Telephone: (214) 466-1271
Facsimile: (214) 635-1827

Andrew Wesley Spangler
State Bar No. 24041960
Spanger Law PC
104 N. Houston St., Suite 135
Marshall, Texas  75670
903-935-3443
Fax 903-938-7843
spangler@spanglerlawpc.com

David M. Pridham
RI State Bar No. 6625
Law Office of David Pridham
25 Linden Road
Barrington, Rhode Island 02806
401-633-7247
Fax 401-633-7247
david@pridhamiplaw.com

**ATTORNEYS FOR PLAINTIFF
SFA SYSTEMS, LLC**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 3, 2010.  Any other counsel of record will be served by facsimile transmission and first class mail.


/s/ Eric W. Buether
Eric W. Buether

## CERTIFICATE OF CONFERENCE

I am lead trial counsel and local counsel for Plaintiff SFA Systems, LLC.  I have complied with the meet and confer requirement in Local Rule CV-7(h) by participating in a personal conference by telephone with Jamil N. Alibhai, lead trial counsel and local counsel for the GameStop parties, on October 26, 2010.

During the personal conference, which lasted for at least 20 minutes, the participants gave each other the opportunity to express their views concerning the discovery dispute concerning GameStop's production of documents.  The participants compared views and had a discussion in an attempt to resolve their differing views before coming to court.  The participants made a sincere effort to present the merits of their respective positions and meaningfully assess the relative strengths of each position.  The discussion considered, among other things: (1) whether and to what extent the requested material would be admissible in a trial or is reasonably calculated to lead to the discovery of admissible evidence; (2) the burden and costs imposed on the responding party; (3) the possibility of cost-shifting or sharing; and (4) the expectations of the court in ensuring that parties fully cooperate in discovery of relevant information.  At the conclusion of the conference, the participants agreed to allow GameStop until the end of the week to determine if a resolution of the dispute could be achieved.  At the end of the week, on October 29, 2010, GameStop's counsel sent SFA's counsel a letter stating that GameStop would continue to refuse to produce any documents relating to the five systems in dispute, but would produce documentation "showing GameStop's use of the Microsoft commerce server." GameStop did not agree to produce any other initial disclosure material.

/s/ Eric W. Buether
Eric W. Buether