**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **SFA SYSTEMS, LLC** | |
| **Plaintiff,** | **Civil Action No. 6:09-cv-00340-LED** |
| **v.** | |
| **1-800-FLOWERS.COM, INC.,** *et al.*, | **Jury Trial Demanded** |
| **Defendants.** | |

**BARNES & NOBLE'S AMENDED ANSWER AND COUNTERCLAIMS TO SFA'S**
**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Barnes & Noble, Inc. and Barnesandnoble.com LLC (collectively, "Barnes & Noble") file this Amended Answer and Counterclaims to Plaintiff SFA Systems, LLC's ("SFA") Original Complaint For Patent Infringement ("Complaint"). Barnes & Noble denies the allegations and characterizations in SFA's Complaint unless expressly admitted in the following paragraphs:

1.     Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 1 and therefore denies the same.

2.      Paragraph 2 does not require a response by Barnes & Noble. To the extent that Paragraph 2 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 2 and therefore denies the same.

3.     Paragraph 3 does not require a response by Barnes & Noble. To the extent that Paragraph 3 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 3 and therefore denies the same.

4.      Paragraph 4 does not require a response by Barnes & Noble.  To the extent that Paragraph 4 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 4 and therefore denies the same.

5.      Paragraph 5 does not require a response by Barnes & Noble.  To the extent that Paragraph 5 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 5 and therefore denies the same.

6.      Paragraph 6 does not require a response by Barnes & Noble.  To the extent that Paragraph 6 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 6 and therefore denies the same.

7.      Paragraph 7 does not require a response by Barnes & Noble.  To the extent that Paragraph 7 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 7 and therefore denies the same.

8.      Barnes & Noble admits Barnes & Noble, Inc. is a Delaware corporation with its corporate headquarters and principal place of business at 122 Fifth Avenue, New York, NY 10011.  Barnes & Noble admits it has appointed Capitol Services, Inc., 615 South DuPont Highway, Dover, DE 19901 as its agent for service of process.

9.      Barnes & Noble admits Barnesandnoble.com LLC is a Delaware limited liability, but denies Barnesandnoble.com LLC has its corporate headquarters and principal place of business at 122 Fifth Avenue, New York, NY 10011. Barnes & Noble admits Barnesandnoble.com LLC has appointed Capitol Services, Inc., 615 South DuPoint Highway, Dover, DE 19901 as its agent for service of process.

10.     Paragraph 10 does not require a response by Barnes & Noble.  To the extent that Paragraph 10 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 10 and therefore denies the same.

11.     Paragraph 11 does not require a response by Barnes & Noble.  To the extent that Paragraph 11 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 11 and therefore denies the same.

12.     Paragraph 12 does not require a response by Barnes & Noble.  To the extent that Paragraph 12 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 12 and therefore denies the same.

13.     Paragraph 13 does not require a response by Barnes & Noble.  To the extent that Paragraph 13 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 13 and therefore denies the same.

14.     Paragraph 14 does not require a response by Barnes & Noble.  To the extent that Paragraph 14 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 14 and therefore denies the same.

15.     Paragraph 15 does not require a response by Barnes & Noble.  To the extent that Paragraph 15 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 15 and therefore denies the same.

16.     Paragraph 16 does not require a response by Barnes & Noble.  To the extent that Paragraph 16 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 16 and therefore denies the same.

17.     Paragraph 17 does not require a response by Barnes & Noble.  To the extent that Paragraph 17 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 17 and therefore denies the same.

18.     Paragraph 18 does not require a response by Barnes & Noble.  To the extent that Paragraph 18 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 18 and therefore denies the same.

19.     Paragraph 19 does not require a response by Barnes & Noble.  To the extent that Paragraph 19 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 19 and therefore denies the same.

20.     Paragraph 20 does not require a response by Barnes & Noble.  To the extent that Paragraph 20 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 20 and therefore denies the same.

21.     Paragraph 21 does not require a response by Barnes & Noble.  To the extent that Paragraph 21 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 21 and therefore denies the same.

22.     Paragraph 22 does not require a response by Barnes & Noble.  To the extent that Paragraph 22 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 22 and therefore denies the same.

23.     Paragraph 23 does not require a response by Barnes & Noble.  To the extent that Paragraph 23 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 23 and therefore denies the same.

24.     Paragraph 24 does not require a response by Barnes & Noble.  To the extent that Paragraph 24 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 24 and therefore denies the same.

25.     Paragraph 25 does not require a response by Barnes & Noble.  To the extent that Paragraph 25 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 25 and therefore denies the same.

26.     Paragraph 26 does not require a response by Barnes & Noble.  To the extent that Paragraph 26 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 26 and therefore denies the same.

27.     Paragraph 27 does not require a response by Barnes & Noble.  To the extent that Paragraph 27 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 27 and therefore denies the same.

28.     Paragraph 28 does not require a response by Barnes & Noble.  To the extent that Paragraph 28 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 28 and therefore denies the same.

29.     Barnes & Noble admits that this action arises under the patent laws of the United States, Title 35 of the United States Code.  Barnes & Noble admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a).  Except as expressly admitted herein, Barnes & Noble denies each and every allegation of Paragraph 29.

30.     Barnes & Noble admits it is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute.  Barnes & Noble admits that it regularly does and solicits business in this forum and derives revenue from goods and services provided to individuals in Texas and in this Judicial District.  Barnes & Noble denies the

infringement alleged herein, and, except as expressly admitted herein, Barnes & Noble denies each and every allegation of Paragraph 30.  To the extent that Paragraph 30 is deemed to require a response with respect to the other Defendants, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

31.     Barnes & Noble admits that venue is proper in this district.  Barnes & Noble admits that it has a regular and established place of business in this district and has transacted business in this district.  Barnes & Noble denies the infringement alleged herein, and, except as expressly admitted herein, Barnes & Noble denies each and every allegation of Paragraph 31. To the extent that Paragraph 31 is deemed to require a response with respect to the other Defendants, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

32.     Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 32 and therefore denies the same.

33.     Barnes & Noble admits the allegations of Paragraph 33.

34.     Paragraph 34 does not require a response by Barnes & Noble.  To the extent that Paragraph 34 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 34 and therefore denies the same.

35.     Paragraph 35 does not require a response by Barnes & Noble.  To the extent that Paragraph 35 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 35 and therefore denies the same.

36.     Paragraph 36 does not require a response by Barnes & Noble.  To the extent that Paragraph 36 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 36 and therefore denies the same.

37.     Paragraph 37 does not require a response by Barnes & Noble.  To the extent that Paragraph 37 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 37 and therefore denies the same.

38.     Paragraph 38 does not require a response by Barnes & Noble.  To the extent that Paragraph 38 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 38 and therefore denies the same.

39.     Paragraph 39 does not require a response by Barnes & Noble.  To the extent that Paragraph 39 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 39 and therefore denies the same.

40.     Barnes & Noble denies the allegations of Paragraph 40.

41.     Barnes & Noble denies the allegations of Paragraph 41.

42.     Paragraph 42 does not require a response by Barnes & Noble.  To the extent that Paragraph 42 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 42 and therefore denies the same.

43.     Paragraph 43 does not require a response by Barnes & Noble.  To the extent that Paragraph 43 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 43 and therefore denies the same.

44.     Paragraph 44 does not require a response by Barnes & Noble.  To the extent that Paragraph 44 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 44 and therefore denies the same.

45.     Paragraph 45 does not require a response by Barnes & Noble.  To the extent that Paragraph 45 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 45 and therefore denies the same.

46.     Paragraph 46 does not require a response by Barnes & Noble.  To the extent that Paragraph 46 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 46 and therefore denies the same.

47.     Paragraph 47 does not require a response by Barnes & Noble.  To the extent that Paragraph 47 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 47 and therefore denies the same.

48.     Paragraph 48 does not require a response by Barnes & Noble.  To the extent that Paragraph 48 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 48 and therefore denies the same.

49.     Paragraph 49 does not require a response by Barnes & Noble.  To the extent that Paragraph 49 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 49 and therefore denies the same.

50.     Paragraph 50 does not require a response by Barnes & Noble.  To the extent that Paragraph 50 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 50 and therefore denies the same.

51.     Paragraph 51 does not require a response by Barnes & Noble.  To the extent that Paragraph 51 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 51 and therefore denies the same.

52.     Paragraph 52 does not require a response by Barnes & Noble.  To the extent that Paragraph 52 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 52 and therefore denies the same.

53.     Paragraph 53 does not require a response by Barnes & Noble.  To the extent that Paragraph 53 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 53 and therefore denies the same.

54.     Paragraph 54 does not require a response by Barnes & Noble.  To the extent that Paragraph 54 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 54 and therefore denies the same.

55.     Paragraph 55 does not require a response by Barnes & Noble.  To the extent that Paragraph 55 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 55 and therefore denies the same.

56.     Paragraph 56 does not require a response by Barnes & Noble.  To the extent that Paragraph 56 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 56 and therefore denies the same.

57.     Paragraph 57 does not require a response by Barnes & Noble.  To the extent that Paragraph 57 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 57 and therefore denies the same.

58.     Paragraph 58 does not require a response by Barnes & Noble.  To the extent that Paragraph 58 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 58 and therefore denies the same.

59.     Paragraph 59 does not require a response by Barnes & Noble.  To the extent that Paragraph 59 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 59 and therefore denies the same.

60.     Paragraph 60 does not require a response by Barnes & Noble.  To the extent that Paragraph 60 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 60 and therefore denies the same.

61.     Barnes & Noble denies the allegations of Paragraph 61.  To the extent that Paragraph 61 is deemed to require a response with respect to the other Defendants, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

62.     Barnes & Noble denies the allegations of Paragraph 62.  To the extent that Paragraph 62 is deemed to require a response with respect to the other Defendants, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

63.     Barnes & Noble denies the allegations of Paragraph 63.  To the extent that Paragraph 63 is deemed to require a response with respect to the other Defendants, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

64.     Barnes & Noble denies the allegations of Paragraph 64.  To the extent that Paragraph 64 is deemed to require a response with respect to the other Defendants, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

65.     Barnes & Noble requests that the Court deny all relief to SFA, including that requested by SFA in its Prayer for Relief.

66.     SFA's request for a jury trial does not require a response by Barnes & Noble.

## AFFIRMATIVE DEFENSES

Barnes & Noble's Affirmative Defenses are listed below.  Barnes & Noble reserves the right to amend its Amended Answer to add additional Affirmative Defenses, including instances of inequitable conduct, consistent with the facts discovered in the case.

## FIRST DEFENSE

67.     Barnes & Noble does not infringe and has not infringed any claim of the '525 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## SECOND DEFENSE

68.     The '525 Patent is invalid because the alleged invention fails to satisfy the conditions for patentability specified in 35 U.S.C. § 100 *et seq*, including §§ 101, 102, 103, and 112.

## THIRD DEFENSE

69.     To the extent that SFA, its alleged predecessors in interest to the '525 Patent, and their respective licensees, failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Barnes & Noble's actions allegedly infringed the '525 Patent, Barnes & Noble is not liable to SFA for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '525 Patent.

**FOURTH DEFENSE**

70.     To the extent that SFA asserts that Barnes & Noble indirectly infringes, either by contributory infringement or inducement of infringement, Barnes & Noble is not liable to SFA for the acts alleged to have been performed before Barnes & Noble knew that its actions would cause indirect infringement.

**FIFTH DEFENSE**

71.     SFA's attempted enforcement of the '525 Patent against Barnes & Noble is barred by laches and estoppel.

**SIXTH DEFENSE**

72.     SFA's infringement claims against Barnes & Noble are precluded under the doctrines of express license, patent exhaustion, implied license, release, and/or payment pursuant to at least the October 4, 2006 settlement agreement between Microsoft Corporation and Triton IP LLC (SFA's predecessor) and the September 7, 2006 settlement agreement between Triton IP LLC (SFA's predecessor) and Polaris IP LLC and Oracle Corporation and Siebel Systems, Inc.

**COUNTERCLAIMS**

**The Parties**

73.     Counterclaim Plaintiff Barnes & Noble, Inc. is a Delaware corporation with its principal place of business in New York.

74.     Counterclaim Plaintiff Barnesandnoble.com LLC is a Delaware limited liability company with its principal place of business in New York.

75.     On information and belief based solely on Paragraph 1 of the Complaint as pled by SFA, SFA is a Texas limited liability company with its principal place of business located in Marshall, Texas.

## Jurisdiction

76.     This counterclaim arises under the patent laws of the United States, Title 35, United States Code.  The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.* and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

77.     Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400. Venue is further proper in the Tyler Division.

## Count I

## Declaratory Relief Regarding Non-infringement

78.     Based on SFA's filing of this action and Barnes & Noble's First Defense, an actual controversy has arisen and now exists between the parties as to whether Barnes & Noble infringes the '525 Patent.

79.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Barnes & Noble requests a declaration by the Court that it does not infringe any claim of the '525 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## Count II

## Declaratory Relief Regarding Invalidity

80.     Based on SFA's filing of this action and Barnes & Noble's Second Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '525 Patent.

81.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, and 35 U.S.C. § 100 *et seq.*, Barnes & Noble requests a declaration by the Court that the claims of the '525 Patent are invalid.

## **PRAYER**

Barnes & Noble respectfully requests a judgment against SFA as follows:

A.      A declaration that the asserted claims of the '525 Patent are invalid;

B.      A declaration that Barnes & Noble does not infringe, under any theory, any valid

claim of the '525 Patent that may be enforceable;

C.      A declaration that SFA take nothing by its Complaint;

D.      Judgment against SFA and in favor of Barnes & Noble;

E.      Dismissal of the Complaint with prejudice;

F.      An award to Barnes & Noble of its costs and attorneys' fees incurred in this

action; and

G.      Further relief as the Court may deem just and proper.

## **JURY DEMAND**

Barnes & Noble hereby demands trial by jury on all issues.

Dated:  November 5, 2010                    Respectfully submitted,

                                            By: */s/ Neil J. McNabnay*
                                            _____
                                                 Thomas M. Melsheimer
                                                 txm@fr.com
                                                 Texas Bar No. 13922550
                                                 Neil J. McNabnay
                                                 njm@fr.com
                                                 Texas Bar No. 24002583
                                                 Britnee M. Reamy
                                                 bmr@fr.com
                                                 Texas Bar No. 24053439
                                                 **FISH & RICHARDSON P.C.**
                                                 1717 Main Street, Suite 5000
                                                 Dallas, TX  75201
                                                 (214) 747-5070 (Telephone)
                                                 (214) 747-2091 (Facsimile)

                                                 Ajit S. Dang
                                                 dang@fr.com
                                                 Georgia Bar No. 352611
                                                 **FISH & RICHARDSON P.C.**
                                                 1180 Peachtree St. NE, 21st Fl.
                                                 Atlanta, GA 30309
                                                 (404) 892-5005 (Telephone)
                                                 (404) 892-5002 (Facsimile)

                                                 **ATTORNEYS FOR DEFENDANTS
                                                 BARNES & NOBLE, INC. AND
                                                 BARNESANDNOBLE.COM LLC**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 5, 2010 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).


*/s/ Neil J. McNabnay*