**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **SFA SYSTEMS, LLC,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| | § | |
| **vs.** | § | Civil Action No.  09-cv-340-LED |
| | § | |
| **1-800-FLOWERS.COM, INC., et al,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendants.** | § | |
| | § | |

### THE TIMBERLAND COMPANY'S FIRST AMENDED ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant The Timberland Company ("Timberland") hereby submits its First Amended

Answer and affirmative defenses to Plaintiff SFA Systems, LLC's ("SFA") Complaint for Patent

Infringement ("Complaint"), as well as its counterclaims against SFA, and states as follows:

### ANSWER TO COMPLAINT

Timberland admits that SFA purports to bring an action for patent infringement against

the named defendants.

### PARTIES

1.      Timberland is without sufficient information to either admit or deny the allegations in

Paragraph 1 of the Complaint.

2.      Timberland is without sufficient information to either admit or deny the allegations in

Paragraph 2 of the Complaint.

3.      Timberland is without sufficient information to either admit or deny the allegations in

Paragraph 3 of the Complaint.

4.      Timberland is without sufficient information to either admit or deny the allegations in Paragraph 4 of the Complaint.

5.      Timberland is without sufficient information to either admit or deny the allegations in Paragraph 5 of the Complaint.

6.      Timberland is without sufficient information to either admit or deny the allegations in Paragraph 6 of the Complaint.

7.      Timberland is without sufficient information to either admit or deny the allegations in Paragraph 7 of the Complaint.

8.      Timberland is without sufficient information to either admit or deny the allegations in Paragraph 8 of the Complaint.

9.      Timberland is without sufficient information to either admit or deny the allegations in Paragraph 9 of the Complaint.

10.     Timberland is without sufficient information to either admit or deny the allegations in Paragraph 10 of the Complaint.

11.     Timberland is without sufficient information to either admit or deny the allegations in Paragraph 11 of the Complaint.

12.     Timberland is without sufficient information to either admit or deny the allegations in Paragraph 12 of the Complaint.

13.     Timberland is without sufficient information to either admit or deny the allegations in Paragraph 13 of the Complaint.

14.     Timberland is without sufficient information to either admit or deny the allegations in Paragraph 14 of the Complaint.

15.     Timberland is without sufficient information to either admit or deny the allegations in Paragraph 15 of the Complaint.

16.     Timberland is without sufficient information to either admit or deny the allegations in Paragraph 16 of the Complaint.

17.     Timberland is without sufficient information to either admit or deny the allegations in Paragraph 17 of the Complaint.

18.     Timberland is without sufficient information to either admit or deny the allegations in Paragraph 18 of the Complaint.

19.     Timberland is without sufficient information to either admit or deny the allegations in Paragraph 19 of the Complaint.

20.     Timberland is without sufficient information to either admit or deny the allegations in Paragraph 20 of the Complaint.

21.     Timberland is without sufficient information to either admit or deny the allegations in Paragraph 21 of the Complaint.

22.     Timberland is without sufficient information to either admit or deny the allegations in Paragraph 22 of the Complaint.

23.     Timberland is without sufficient information to either admit or deny the allegations in Paragraph 23 of the Complaint

24.     Timberland is without sufficient information to either admit or deny the allegations in Paragraph 24 of the Complaint

25.     Timberland is without sufficient information to either admit or deny the allegations in Paragraph 25 of the Complaint

26.     Timberland admits that it is a Delaware corporation and that its corporate headquarters

        are located in Stratham, New Hampshire. Timberland admits that it has appointed

        Corporation Service Company as its agent for service of process.

27.     Timberland is without sufficient information to either admit or deny the allegations in

        Paragraph 27 of the Complaint.

28.     Timberland is without sufficient information to either admit or deny the allegations in

        Paragraph 28 of the Complaint.

## JURISDICTION AND VENUE

29.     Timberland admits only that Plaintiff purports to bring an action arising under the patent

        laws of the United States and, accordingly, this Court has subject matter jurisdiction as to

        Timberland. Timberland denies the remaining allegations contained in Paragraph 29.

30.     Timberland admits only that it is registered to do business in Texas.  Timberland is

        without sufficient information to either admit or deny the allegations regarding other

        parties in the matter.

31.     Timberland admits only that it is registered to do business in Texas and, as such, may

        have transacted business in this district.  Timberland is without sufficient information to

        either admit or deny the allegations regarding other parties in the matter.

## INFRINGEMENT OF U.S. PAT. NO. 6,067,525

32.     Timberland admits that the face page of United States Patent No. 6,067,525 ("the '525

        patent") indicates that it is entitled "Integrated Computerized Sales Force Automation

        System" and was issued by the United States Patent and Trademark Office on May 23,

        2000.  Timberland is without sufficient knowledge or information to form a belief as to

the truth or accuracy of the remaining allegations in Paragraph 32 of the Complaint. They

are, therefore, denied.

33.     Timberland is without sufficient knowledge or information to form a belief as to the truth

or accuracy of the remaining allegations in Paragraph 33 of the Complaint. They are,

therefore, denied.

34.     Timberland is without sufficient knowledge or information to form a belief as to the truth

or accuracy of the allegations contained in Paragraph 34 of the Complaint.  They are,

therefore denied.

35.     Timberland is without sufficient knowledge or information to form a belief as to the truth

or accuracy of the allegations contained in Paragraph 35 of the Complaint.  They are,

therefore denied.

36.     Timberland is without sufficient knowledge or information to form a belief as to the truth

or accuracy of the allegations contained in Paragraph 36 of the Complaint.  They are,

therefore denied.

37.     Timberland is without sufficient knowledge or information to form a belief as to the truth

or accuracy of the allegations contained in Paragraph 37 of the Complaint.  They are,

therefore denied.

38.     Timberland is without sufficient knowledge or information to form a belief as to the truth

or accuracy of the allegations contained in Paragraph 38 of the Complaint.  They are,

therefore denied.

39.     Timberland is without sufficient knowledge or information to form a belief as to the truth

or accuracy of the remaining allegations in Paragraph 39 of the Complaint. They are,

therefore, denied.

40.     Timberland is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 40 of the Complaint.  They are, therefore denied.

41.     Timberland is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 41 of the Complaint.  They are, therefore denied.

42.     Timberland is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 42 of the Complaint.  They are, therefore denied.

43.     Timberland is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 43 of the Complaint.  They are, therefore denied.

44.     Timberland is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 44 of the Complaint.  They are, therefore denied.

45.     Timberland is without sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 45 of the Complaint. They are, therefore, denied.

46.     Timberland is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 46 of the Complaint.  They are, therefore denied.

47.     Timberland is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 47 of the Complaint.  They are, therefore denied.

48.     Timberland is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 48 of the Complaint.  They are, therefore denied.

49.     Timberland is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 49 of the Complaint.  They are, therefore denied.

50.     Timberland is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 50 of the Complaint.  They are, therefore denied.

51.     Timberland is without sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 51 of the Complaint. They are, therefore, denied.

52.     Timberland is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 52 of the Complaint.  They are, therefore denied.

53.     Timberland is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 53 of the Complaint.  They are, therefore denied.

54.     Timberland is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 54 of the Complaint.  They are, therefore denied.

55.     Timberland is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 55 of the Complaint.  They are, therefore denied.

56.     Timberland is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 56 of the Complaint.  They are, therefore denied.

57.     Timberland is without sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 57 of the Complaint. They are, therefore, denied.

58.     As to the allegations that are directed toward Timberland, Timberland denies the allegations contained in Paragraph 64 of the Complaint.

59.     Timberland is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 59 of the Complaint.  They are, therefore denied.

60.     Timberland is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 60 of the Complaint.  They are, therefore denied.

61.     As to the allegations that are directed toward Timberland, Timberland denies the allegations contained in Paragraph 61 of the Complaint.

62.     As to the allegations that are directed toward Timberland, Timberland denies the allegations contained in Paragraph 62 of the Complaint.

63.     As to the allegations that are directed toward Timberland, Timberland denies the allegations contained in Paragraph 63 of the Complaint.

64.     As to the allegations that are directed toward Timberland, Timberland denies the allegations contained in Paragraph 64 of the Complaint.

## PRAYER FOR RELIEF

65.     Timberland denies that Plaintiff is entitled to any relief requested in its Prayer for Relief because it does not infringe any of the claims of the '525 patent (the "patent-in-suit").

66.     SFA is not entitled to injunctive relief with respect to the patent-in-suit because any injury to SFA is not immediate nor irreparable, and SFA has an adequate remedy at law.

## TIMBERLAND'S FIRST AFFIRMATIVE DEFENSE

67.     Timberland is not infringing, and has not infringed, either directly, contributorily, or by inducement, any claim of the patent-in-suit.

## TIMBERLAND'S SECOND AFFIRMATIVE DEFENSE

68.     On information and belief, the patent-in-suit, by reasons of statements and representations made by the inventor, SFA, or its assignor(s) to the United States Patent and Trademark Office during the prosecution of applications for issuance of the patents-in-suit, or by reason of prior acts, SFA is estopped from asserting any interpretation of any of the claims of the patent-in-suit that would be broad enough to cover any of Timberland's accused instrumentalities.

## TIMBERLAND'S THIRD AFFIRMATIVE DEFENSE

69.    On information and belief, the patent-in-suit is invalid for failure to satisfy the conditions

of patentability as specified under one or more section of Title 35 of the U.S. Code,

including, without limitation, 35 U.S.C. §§ 102, 103, 112, and/or 256.

## TIMBERLAND'S FOURTH AFFIRMATIVE DEFENSE

70.    On information and belief, SFA is barred in whole or in part from asserting the patent-in-

suit against Timberland by the doctrine of laches, or waiver, or both.

## TIMBERLAND'S FIFTH AFFIRMATIVE DEFENSE

71.    To the extent that SFA, its alleged predecessors in interest to the '525 patent, and their

respective licensees, failed to properly mark any of their relevant products as required by

35 U.S.C. § 287 or otherwise give proper notice that Timberland's actions allegedly

infringed the '525 patent, Timberland is not liable to SFA for the acts alleged to have

been performed before it received actual notice that it was allegedly infringing the '525

patent.

## TIMBERLAND'S SIXTH AFFIRMATIVE DEFENSE

72.    SFA's infringement claims against Timberland are precluded under the doctrines of

express license, patent exhaustion, implied license, release, and/or payment pursuant to

agreements, including but not limited to the following: the October 4, 2006 settlement

agreement between Microsoft Corporation and Triton IP LLC (SFA's predecessor), the

September 18, 2009 settlement agreement between SFA and Infor Global Solutions

(Michigan), Inc., and the September 7, 2006 settlement between Triton IP LLC/Polaris IP

LLC (SFA's predecessor) and Oracle Corporation and Siebel Systems, Inc.

## TIMBERLAND'S COUNTERCLAIMS FOR DECLARATORY RELIEF

For its counterclaims against SFA, Timberland alleges the following:

1.      Timberland is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Stratham, New Hampshire.

2.      On information and belief, SFA is a Texas limited liability company with its principal place of business in Marshall, Texas.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this counterclaim pursuant to 35 U.S.C. §§ 101 *et seq.*, 35 U.S.C. § 1125, and 28 U.S.C. §§ 1331, 1338, and 2201, as they arise under the patent laws of the United States.

4.      Venue is proper in this district under 38 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 1400.

## COUNT I

### (For Declaratory Judgment of Non-Infringement)

5.      On information and belief, SFA represents that it owns the patent-in-suit, and has asserted that certain acts by Timberland infringe the patent.

6.      Timberland repeats and realleges each and every allegation contained in paragraphs 1-5 of this counterclaim as if fully set forth herein.

7.      Timberland is not infringing, and has not infringed, directly, by inducement, contributorily, or in any way, any claim of the patent-in-suit.

8.      To resolve the legal and factual questions raised by SFA, and to afford relief from the uncertainty and controversy that SFA's accusations have precipitated, Timberland is entitled to a declaratory judgment that it does not infringe any claim of the patent-in-suit.

## COUNT II

### (For Declaratory Judgment of Invalidity)

9.      Timberland repeats and realleges each and every allegation contained in paragraphs 1-8 of this counterclaim as if fully set forth herein.

10.      The claims of the patent-in-suit are invalid under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 103, 112, or 256.

11.      To resolve the legal and factual question raised by SFA, and to afford relief from the uncertainty and controversy that SFA's accusations have precipitated, Timberland is entitled to a declaratory judgment that the claims of the patent-in-suit are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Timberland respectfully requests that this Court enter judgment in its favor and grant the following relief:

(a)      A declaration that Timberland does not infringe any claim of U.S. Patent No. 6,067,525;

(b)      A declaration that U.S. Patent No. 6,067,525 is invalid;

(c)      Dismissal of SFA's claims in their entirety with prejudice;

(d)      A declaration that SFA take nothing by way of its Complaint;

(e)      An order finding that this is an exceptional case and awarding Timberland its reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law;

(f)      An order awarding Timberland costs pursuant to 35 U.S.C. § 284; and

(g)      An order awarding such additional relief as the Court may deem just and proper under the circumstances.

## JURY REQUEST

Timberland requests a trial by jury on all issues so triable.


Dated: January 20, 2011                     Respectfully submitted,


                                            /s/ Mark P. Wine
                                            Mark P. Wine (admitted *pro hac vice*)
                                            Calif. State Bar No. 189897
                                            Benjamin S. Lin (admitted *pro hac vice*)
                                            Calif. State Bar No. 232735
                                            André De La Cruz (admitted *pro hac vice*)
                                            Calif. State Bar No. 245175
                                            ORRICK, HERRINGTON & SUTCLIFFE
                                            LLP
                                            4 Park Plaza, Suite 1600
                                            Irvine, CA  92614
                                            Tel:  (949) 567-6700
                                            Fax:  (949) 567-6710
                                            mwine@orrick.com
                                            blin@orrick.com
                                            adelacruz@orrick.com

                                            B. Lance Vincent
                                            Texas State Bar No. 20585580
                                            RITCHESON, LAUFFER, & VINCENT PC
                                            Two American Center
                                            821 ESE Loop 323, Suite 530
                                            Tyler, TX  75701
                                            lancev@rllawfirm.net

                                            **ATTORNEYS FOR DEFENDANT THE
                                            TIMBERLAND COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

       The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 20, 2011 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).


                        /s/ Mark P. Wine
                        Mark P. Wine

OHS West:261035372.1
20281-2003 BSL/BSL