# EXHIBIT 1

# SFA AND DEFENDANTS' PROPOSED CONSTRUCTIONS FOR DISPUTED CLAIM TERMS

| Claims | Disputed Claim Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| 1, 40 | "a computer implemented sales system used to facilitate a sales process" | This preamble is not a claim limitation, except for the antecedent references "a computer sales system," and "a sales process."<br><br>The term "a computer sales system" does not require claim construction and should be given its plain and ordinary meaning known to a person of ordinary skill in the art.<br><br>Alternatively, "a computer sales system" means "a computer implemented system for facilitating a sales process."<br><br>The meaning of "a sales process" is discussed below. | "a computer providing salesperson support during a sales process" |
| 20 | "facilitating a sales process using a computer arrangement" | This preamble is not a claim limitation, except for the antecedent references "a computer arrangement" and "a sales process."<br><br>The term "a computer arrangement" does not require claim construction and should be given its plain and ordinary meaning known to a person of ordinary skill in the art.<br><br>The meaning of "a sales process" is discussed below. | "using a computer providing salesperson support during a sales process" |

| Claims | Disputed Claim Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| 1-3, 20-21, 24, 40 | "a sales process" | "One or more phases during the overall process for selling goods or services, including, but not limited to, the lead generation phase, the time with customer phase, the completion of a sale phase, the order management phase, and the customer retention phase, and any interaction with a customer throughout this process." | "the lead generation, time with customer, order management, and customer retention phases of selling" |
| 1, 20, 40 | "a plurality of subsystems configured to facilitate one or more actions performed during at least one phase of the sales process" (Claims 1 and 20)<br><br>"a plurality of subsystems configured to electronically facilitate actions performed during the sales process" (Claim 40) | The term "subsystem" should be construed to mean "a system that is part of a larger system."<br><br>The other terms in this phrase do not require claim construction and those terms should be given their plain and ordinary meaning known to a person of ordinary skill in the art – i.e., "at least two subsystems capable of. . . ."<br><br>Plaintiff contends that no claim limitations in any of the asserted claims of the patent-in-suit should be governed by 35 U.S.C. § 112 ¶ 6. | Defendants contend this term is governed by 35 U.S.C. § 112(6).<br><br>**35 USC 112 ¶ 6 function**:<br><br>• facilitat[ing] one or more actions performed during at least one phase of the sales process<br><br>**35 USC 112 ¶ 6 structure**:<br><br>• Lead Generation component with API 102 & 202A<br><br>• Time With Customer component with API 104 & 204A<br><br>• Order Management component with API 106 & 206A<br><br>• Customer Retention component with API 108 & 208A |

| Claims | Disputed Claim Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| 1, 40 | "event occurring within the system" (Claim 1)<br><br>"event occurring in the system" (Claim 40) | This claim language does not require construction and should be given its plain and ordinary meaning known to a person of ordinary skill in the art.<br><br>Alternatively, the term "event occurring within the system" should be construed to mean "any identifiable occurrence or happening, or lack thereof, which has significance for system hardware or software." | a hardware or software operation that has occurred internal to the sales system |
| 20 | "event occurring in the sales process" | This claim language does not require construction and should be given its plain and ordinary meaning known to a person of ordinary skill in the art.<br><br>Alternatively, the term "event occurring in the sales process" should be construed to mean "any identifiable occurrence or happening, or lack thereof, which is part of the sales process" | a salesperson's action that has occurred external to the sales system |

| Claims | Disputed Claim Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| 1 | "an event manager, coupled to the subsystems, the event manager detecting one or more changes in state characteristic of an event occurring within the system, inferring occurrence of the event and a context in which the event occurred based at least in part on the detected changes in state, and automatically initiating an operation in one or more particular subsystems of the computer to facilitate a new action based on the inferred context" | The term "event manager" should be construed to mean "hardware and/or software."<br><br>The term "coupled" should be construed to mean "directly or indirectly connected."<br><br>Plaintiff contends that no claim limitations in any of the asserted claims of the patent-in-suit should be governed by 35 U.S.C. § 112 ¶6. | Defendants contend this term is governed by 35 U.S.C. § 112(6).<br><br>**35 USC 112 ¶ 6 functions**:<br><br>• detecting one or more changes in state characteristic of an event occurring within the system,<br><br>• inferring occurrence of the event and a context in which the event occurred based at least in part on the detected changes in state<br><br>• automatically initiating an operation in one or more particular subsystems of the computer to facilitate a new action based on the inferred context.<br><br>**35 USC 112 ¶ 6 structure**:<br><br>• event managing unit 1902<br><br>• event manager database 1904<br><br>• editor 1906<br><br>• monitoring unit 1908 |

| Claims | Disputed Claim Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| 40 | "an event manager coupled to the subsystems and configured to detect one or more changes in state characteristic of an event occurring in the system, infer occurrence of the event and a context in which the event occurred based at least in part on the detected changes in state, link the inferred event with an action to be performed during the sales process based on prior sales experience using the sales system, and automatically initiate an operation using one or more of the plurality of subsystems to facilitate the action to be performed based on the inferred context" | The term "event manager" should be construed to mean "hardware and/or software."<br><br>The term "coupled" should be construed to mean "directly or indirectly connected."<br><br>Plaintiff contends that no claim limitations in any of the asserted claims of the patent-in-suit should be governed by 35 U.S.C. § 112 ¶ 6. | Defendants contend this term is governed by 35 U.S.C. § 112(6).<br><br>**35 USC 112 ¶ 6 functions**:<br><br>• detecting one or more changes in state characteristic of an event occurring within the system,<br><br>• inferring occurrence of the event and a context in which the event occurred based at least in part on the detected changes in state<br><br>• linking the inferred event with an action to be performed during the sales process based on prior sales experience using the sales system<br><br>• automatically initiating an operation in one or more particular subsystems of the computer to facilitate a new action based on the inferred context.<br><br>**35 USC 112 ¶ 6 structure**:<br><br>• event managing unit 1902<br><br>• event manager database 1904<br><br>• editor 1906<br><br>• monitoring unit 1908 |

| Claims | Disputed Claim Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| 1, 20, 40 | "changes in state characteristic of an event" | "a change in a unique configuration of information within the system that is indicative of the occurrence of an event within the system." | "a change in a unique configuration of information within the event manager database that is indicative of the occurrence of an event within the system" |
| 1-4, 20, 24, 25, 40 | "context" | "information already existing within the system that becomes relevant upon the occurrence of an event." | "customer-related information already existing within the system that becomes relevant upon the occurrence of an event" |
| 1, 20, 40 | "inferring . . . a context in which the event occurred" | "logical process by which the fact that information already existing within the system that becomes relevant upon the occurrence of an event is derived by application of logical rules" | Defendants contend only the phrase "inferring . . . a context" requires construction, and that phrase means:<br><br>"logical process by which the significance of customer-related information already existing within the system is evaluated with respect to the event by application of logical rules to the detected changes in state" |
| 1, 20, 40 | "automatically initiating" / "automatically initiate" | "initiating/to initiate without the involvement of a user" | "automatically" is *Indefinite* |
| 1, 20, 40 | "automatically initiating an operation . . . based on the inferred context"<br><br>"automatically initiate an operation . . . based on the inferred context" | The terms "initiating" and "initiate" should be construed as discussed above. The term "inferred" should be construed as the past tense of the term "inferring" discussed above. No other term in this phrase requires claim construction and those terms should be given their plain and ordinary meaning known to a person of ordinary skill in the art. | "automatically" is *Indefinite*<br><br>Defendants contend the phrase "based on the inferred context" means:<br><br>"using customer-related information already existing within the system to inform the system as to whether to proceed and what the next step should be" |