**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| SFA SYSTEMS, LLC, | § § § | |
| Plaintiff, | § § | Civil Action No. 6:09-cv-340-LED |
| v. | § § | JURY TRIAL DEMAND |
| 1-800-FLOWERS.COM, INC., et al. | § § | |
| Defendants. | § § | |
| SFA SYSTEMS, LLC, | § § | |
| Plaintiff, | § § | Civil Action No. 6:10-cv-00300-LED |
| v. | § § | JURY DEMANDED |
| BIGMACHINES, INC., et al. | § § | |
| Defendants. | § § | |

**PLAINTIFF SFA SYSTEMS, LLC'S P.R. 4-5(c) CLAIM
REPLY CONSTRUCTION BRIEF**

## TABLE OF CONTENTS

A.   35 U.S.C. §112 ¶ 6 ISSUES ..................................................................................1

    1.   Defendants Have failed to Overcome the Strong Presumption that the Claim Elements At Issue Are Not Subject to 35 U.S.C. §112 ¶ 6 ..................................................................................1

    2.   "subsystem" .................................................................................3

    3.   "event manager" .........................................................................6

B.   OTHER CLAIM CONSTRUCTION ISSUES ......................................................9

    1.   "a computer implemented sales system" ...................................9

    2.   "inferring . . . a context in which the event occurred" ............9

    3.   "based on the inferred context" ................................................10

# **TABLE OF AUTHORITIES**

**CASES**

*DataTreasury Corporation v. Ingenico, S.A.*
    2005 U.S. Dist. LEXIS 15782 (E.D. Tex. Feb. 28, 2005) .......................................4

*Greenberg v. Ethicon Endo-Surgery, Inc.*
    91 F.3d 1580 (Fed. Cir. 1996)...................................................................................2

*Laitram Corp. v. Rexnord, Inc.*
    939 F.2d 1533, 1538 (Fed. Cir. 1991).......................................................................5

*Leader Techs, Inc. v. Facebook, Inc.*
    692 F. Supp. 2d 425 (D.Del. March 2010) ...............................................................5

*Lighting World, Inc. v. Birchwood Lighting, Inc.*
    382 F.3d 1354 (Fed. Cir. 2004).................................................................................1

*Mangosoft, Inc. v. Oracle Corp.*
    2004 U.S. Dist. LEXIS 19357
    *aff'd on other grounds* 525 F.3d 1327 (Fed. Cir. 2006) ...........................................4

*Mass. Inst. of Tech. v. Abacus Software,*
    462 F.3d 1344, 1354 (Fed. Cir. 2006)...............................................................1, 2, 8

*New Hampshire v. Maine*
    532 U.S. 742, 749 (U.S. 2001)..................................................................................7

*Omega Eng'g, Inc. v. Raytek Corp.*
    334 F.3d 1314, 1324 (Fed. Cir. 2003).......................................................................9

*Personalized Media Communs. LLC v. ITC*
    161 F.3d 696 (Fed. Cir. 1998)...........................................................................2, 3, 4

*Welker Bearing Co. v. PHD, Inc.*
    550 F.3d 1090, 1096 (Fed. Cir. 2008).......................................................................5

*Widevine Techs, Inc. v. Verametrics, Inc.*
    2009 U.S. Dist. LEXIS 102768 (E.D. Tex. Nov. 4, 2009) .......................................5

**OTHER**

*Modern Dictionary of Electronics*
    *Sixth Edition,* by Rudolf Graf, 1997) ......................................................................4

35 U.S.C. § 112, ¶ 6................................................................................................ *passim*

Plaintiff SFA Systems, LLC ("SFA") submits the following reply claim construction brief pursuant to P.R. 4-5(c). This reply brief will focus primarily on the Defendants' arguments that certain claim limitations are subject to 35 U.S.C. §112 ¶ 6 even though they do not use the word "means" and on which the Defendants have the burden of proof.

A. 35 U.S.C. §112 ¶ 6 ISSUES

1. Defendants Have failed to Overcome the Strong Presumption that the Claim Elements At Issue Are Not Subject to 35 U.S.C. §112 ¶ 6

The Defendants fail to appreciate the strength of the presumption that the claim elements at issue are not subject to 35 U.S.C. §112 ¶ 6 and, consequently, fail to satisfy their burden to overcome that presumption.

In *Mass. Inst. of Tech. v. Abacus Software,* 462 F.3d at 1354 (Fed. Cir. 2006), the Federal Circuit, in analyzing claim language of two claims, neither of which employed the term "means," determined that one should be viewed as a means-plus-function claim and the other should not. The court determined that the term "colorant selection mechanism" invoked §112 ¶ 6 because "mechanism" was used synonymously with means, "colorant selection" was defined in neither a dictionary nor the specification, and there was no indication that "colorant selection" had a generally understood meaning. *Id*. at 1344. In contrast, the court found that "aesthetic correction circuitry" did not fall within the ambit of §112 ¶ 6. In doing so, the Court explained the strength of the presumption that §112 ¶ 6 does not apply:

> In arguing to the contrary, the dissent appears to misapprehend the strength of the presumption that applies when the term "means" does not appear in the claim. As we stated in *Lighting World, Inc. v. Birchwood Lighting, Inc*. 382 F.3d 1354 at 1362 (Fed. Cir. 2004), '[W]e have seldom held that a limitation not using the term 'means' must be considered to be in means-plus-function form," and "the circumstances must be [unusual] to overcome the presumption. . . .' So too the dissent erroneously suggests that claims cannot avoid means-plus-function treatment unless the claim term denotes a specific structure. But '[i]n considering whether a claim term recites sufficient structure to avoid application of section 112 ¶ 6, we have not required the claim term to denote a specific

structure. Instead, we have held that it is sufficient if the claim term is used in common parlance or by persons of skill in the pertinent art to designate structure, even if the term covers a broad class of structures and even if the term identifies the structures by their function.' *Id*. at 1359-60.

*Mass. Inst. of Tech. v. Abacus Software*, 462 F.3d at 1356.

Thus, a claim phrase need not define a structure so specific as to imply one actual implementation of the structure in order to avoid the application of §112 ¶ 6. The question is whether the phrase "connotes sufficient structure" to one of ordinary skill in the art to perform the functions identified by the limitation.

In *Greenberg v. Ethicon Endo-Surgery, Inc.,* 91 F.3d 1580 (Fed. Cir. 1996), for example, the Court considered the claim language "detent mechanism defining conjoint rotation of said shafts." In deciding that §112 ¶ 6 was not invoked, it stated:

> [T]he fact that a particular mechanism -- here 'detent mechanism' -- is defined in functional terms is not sufficient to convert a claim element containing that term into a 'means for performing a specified function' within the meaning of [§ 112, 6]. Many devices take their names from the functions they perform. The examples are innumerable, such as 'filter,' 'brake,' 'clamp,' 'screwdriver,' or 'lock.' . . . It is true that 'detent' does not call to mind a single well-defined structure, but the same could be said of other commonplace structural terms such as 'clamp' or 'container.' What is important is not simply that a 'detent' or 'detent mechanism' is defined in terms of what it does, but that the term, as the name for structure, has a reasonably well-understood meaning in the mechanical arts.

The fact that a limitation is defined in terms of its function or the fact that the limitation does not connote a precise physical structure in the minds of those of skill in the art does not detract from the definiteness of structure. *Id. at* 1584. *See also Personalized Media Communs. LLC v. ITC,* 161 F.3d 696, 704-05 (Fed. Cir. 1998) (finding the term "digital detector" recited sufficient structure preclude the application of §112 ¶ 6 "even though the term 'detector' does not specifically invoke a particular structure" because "it does convey to one knowledgeable in the art a variety of structures known as 'detectors.'") In this case, the record reflects that the "subsystems" and "event manager" terms are

not generic structural terms such as "means," "element," or "device," and are not coined terms lacking a clear meaning, such as "widget." Dictionary definitions of these terms and the use of these terms in patents and other technical documents establishes that they had a well-known meaning to those of skill in the computer science arts during the time, and preclude overcoming the presumption that §112 ¶ 6 does not apply.

### 2. "subsystem"

There are several flaws with the Defendants' attempt to overcome the presumption that the term "subsystem" is not subject to §112 ¶ 6. The Defendants improperly argue that §112 ¶ 6 applies to the term "subsystem" because it does not connote a precise physical structure in the minds of those of skill in the art. The Federal Circuit rejected this view in *Personalized Media* when it held that the lack of precise physical structure in a claim element does not "detract[] from the definiteness of structure." 161 F.3d at 704-05. The Defendants acknowledge that there are several dictionary definitions for the term, but ask the Court to ignore them. The Defendants assert that the Court should disregard the expert testimony of SFA's expert – Monty Myers – because they contend that the expert testimony of their expert – Dr. Greenspun -- is better, even though the expert declaration of Myers is no less qualified, detailed or supported by evidence than the expert declaration of Dr. Greenspun.

The critical distinction between the expert opinions of Myers and Greenspun is that there are dictionary definitions establishing that the term "subsystem" in connection with a computer implemented invention had a well-understood meaning to those of skill in the computer science arts, and court decisions confirming that Myers is correct and Greenspun is wrong. The Defendants have no response to the point that this Court, in the Infor Global claim construction decision, found that, "[i]n light of the claims and specification, no additional limitations must be imposed upon a

'subsystem.' Therefore, the term is construed <u>in accordance with its ordinary interpretation</u>: "a system that is part of a larger system.'" 067 Action Claim Construction Order at 16 (emphasis added). This construction is substantially similar to the dictionary definitions for the term, and confirms that the dictionary definitions of the term are sufficiently definite.

Moreover, Judge Folsom in the *DataTreasury* litigation specifically addressed whether the term "subsystem," in the context of computer technology, conveyed sufficient structure to avoid application of §112 ¶ 6, and found that it did. *DataTreasury Corporation v. Ingenico, S.A.*, Civil Action No. 5:02-cv-00095-DF-CMC (E.D. Texas February 19, 2004) 2005 U.S. Dist. LEXIS 15782 (E.D. Tex. Feb. 28, 2005) (attached as Exhibit A). Judge Folsom observed that a technical dictionary defined the term "subsystem" to be "an organization of computer components (e.g., a tape drive and controller) that comprises a functional unit that is part of a larger system." *Id*. at 10 (citing *Modern Dictionary of Electronics, Sixth Edition,* by Rudolf Graf, 1997).[1] Judge Folsom concluded that "this definition itself connotes some structure, although the term does not specifically evoke a particular structure or a precise physical structure. However, a term need not specifically evoke a particular structure or a precise physical structure in order to connote some structure." *Id*. (citing *Personalized Media,* 161 F.3d at 704-05). Judge Folsom held that the term "subsystem" and the claim terms "imaging subsystem," "data management subsystem" and "management subsystem" are "not in 'means plus function' form and are not subject to §112 ¶ 6." *Id*. at 11. Judge Folsom's decision in the *DataTreasury* litigation confirms that the term "subsystem" in the asserted claims of the `525 patent connotes sufficient structure to preclude application of §112 ¶ 6.

In *Mangosoft, Inc. v. Oracle Corp.*, 2004 U.S. Dist. LEXIS 19357 (D.N.H. 2004), *aff'd on other grounds* 525 F.3d 1327 (Fed. Cir. 2006), the court held that the term "shared memory

---

[1] Judge Folsom noted that this dictionary also defined the term "subsystem" as "a part or division of a system which in itself has the properties of a system." *Id*. at 13.

**PLAINTIFF SFA SYSTEMS, LLC'S P.R. 4-5(c) CLAIM**               **Page 4**
**REPLY CONSTRUCTION BRIEF**

subsystem" was not a means plus function claim term. The court based its decision on the grounds that the claim language did not use the word "means," the claim element "shared memory subsystem" recited sufficiently definite structure to dispel the argument that it is a means-plus-function claim, and the phrase "shared memory subsystem" appeared in both patents and technical literature at the time the patent issued. *Id*. at *21-23. The same reasoning applies to the term "subsystem" in this case.

Other courts have found terms similar to "subsystem" also connoted sufficient structure to preclude application of §112 ¶ 6. In *Widevine Technologies, Inc. v. Verametrics, Inc.*, 2009 U.S. Dist. LEXIS 102768 (E.D. Tex. Nov. 4, 2009) (attached as Exhibit B), this Court held that the term "component" used in the context of computer software was not subject to §112 ¶ 6. The Court in *Leader Technologies, Inc. v. Facebook, Inc.*, 692 F. Supp. 2d 425 (D.Del. March 9, 2010) (attached as Exhibit D), reached the same result.

These decisions establish that the term "subsystem" is not a generic term or nonce word devoid of structural meaning, as the Defendants contend. It is a term that has been defined in technical dictionaries and has a well-understood meaning to those of skill in the computer science arts.[2] It is a term whose structure is confirmed by dependent claims in the patent, as pointed out in SFA's opening brief.[3] In the *Infor Global* case, this Court, with the assistance of a technical advisor skilled in the art, did not find the claim term lacking structure. The experts retained by the defendants in the *Infor Global* case did not find the claim term lacking structure. The Defendants

---

[2] Thus, unlike *Welker Bearing Co. v. PHD, Inc.*, 550 F.3d 1090, 1096 (Fed. Cir. 2008), cited by the Defendants, this is not a case with "no recourse" but to look to the specification to find structure for a claim term.

[3] The Defendants inappropriately cite *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1538 (Fed. Cir. 1991) for the proposition that the doctrine of claim differentiation yields to an interpretation mandated by § 112 ¶ 6. In *Laitram*, the claim term was already determined to be subject to § 112 ¶ 6. In this case, that is the issue to be decided, and deciding the issue includes consideration of the context of the claim term.

did not contend that the term "subsystem" lacked structure requiring application of §112 ¶ 6 to the term. *See* Exhibit C at 25 and Exhibit D. The Defendants, therefore, have failed to overcome the presumption that §112 ¶ 6 does not apply to the "plurality of subsystems" limitation.

### 3. "event manager"

The Defendants put forth a plethora of meritless arguments in attempt to overcome the presumption that the term "event manager" is subject to §112 ¶ 6. For example, the Defendants contend that Myers's "declares from thin air that the term connotes structure and has a well-understood meaning to those of skill in the computer science arts. This is false. Myers' opinion is based upon the use of this term in patents and technical papers as well as his substantial experience. The Defendants make an issue out of the fact that Myers does not base his opinion on a dictionary definition, but fails to point out that his opinion is consistent with dictionary definitions of the analogous term of "event management system." *See* Exhibit E.

The Defendants next argue that Myers' understanding of the term is contrary to arguments made by SFA in the *Infor Global* case during summary judgment proceedings. During those proceedings, SFA argued that "Infor's construction would result in an event manager being any hardware or software that controls the flow of data." This argument is not inconsistent with the Court's previous claim construction adopted by or SFA in this case. SFA's argument correctly pointed out that the "event manager" claim limitation requires the event manager to perform specific functions described in the claim terms, and not merely control data flow. Indeed, in *Infor Global* this Court rejected attempts by the parties to impose additional restrictions on the meaning of the term "event manager" because "[b]oth sides' definitions redundantly provide for general

descriptions of the function of the 'event manager' when a more specific description of its function is provided for in the claim." 067 Action Claim Construction Order at 8.[4]

The Defendants then proceed to argue that, because SFA used the word "mechanism" with reference to the term "event manager" in its opposition to motions for summary judgment in the *Infor Global* case, the use of this generic term in SFA's **brief** demonstrates that the term "event manager" in the asserted claims is subject to §112 ¶ 6. Needless to say, there is no authority to support the proposition that a court should determine whether a claim element connotes sufficient structure by ignoring the words of the claim element and focusing on language used in a summary judgment brief filed in another case instead. The word "mechanism" does not appear in the claims of the `525 patent, and this argument is frivolous.

The Defendants also argue that SFA's citation to the 1993 Microsoft Visual Basic Programmer's Guide describing the analogous term "event-driven programming" contradicts an argument made by SFA in the *Infor Global* case distinguishing prior art because it "uses traditional event-driven programming which is not equivalent to the event manager disclosed in the patent-in-suit."

In addition, the Defendants are wrong when they argue that this Court's construction of "event manager" in the *Infor Global* case and SFA's proposed construction in this case of "hardware and/or software" that performs "detecting," "inferring," and "automatically initiating" functions is so broad and generic as to 'capture any possible means for achieving that end,' which is precisely what § 112(6) is intended to prevent." The means for performing the specified functions must be

---

[4] This argument by the Defendants appears to be an attempt to invoke the doctrine of judicial estoppel, which is clearly inapplicable. Judicial estoppel is an equitable doctrine that generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase. *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (internal quotations omitted).

hardware and software configured to perform those functions and coupled to the plurality of subsystems. *See* 067 Action Claim Construction Order at 8. This Court in the *Infor Global* claim construction order specifically commented "the specification provides a detailed description of the functions of the event manager (<u>the structure responsible for "inferring"</u>), both generally and as it relates to particular subsystems." 067 Action Claim Construction Order at 14. The Defendants' complaint about the breadth of such claim scope has been rejected. As discussed above, the Federal Circuit has explained that, "[i]n considering whether a claim term recites sufficient structure to avoid application of section 112 ¶ 6, we have not required the claim term to denote a specific structure. Instead, we have held that it is sufficient if the claim term is used in common parlance or by persons of skill in the pertinent art to designate structure, even if the term covers a broad class of structures and even if the term identifies the structures by their function." *Mass. Inst. of Tech. v. Abacus Software*, 462 F.3d at 1356.

The Defendants next chide SFA for citing only two technical documents – a technical manual and a patent – using the term "event manager" and demonstrating that the term is well-understood in the relevant art. This is a disingenuous and legally irrelevant argument. The patent using the term "event manager" is a patent the defendants have cited as invalidating prior art, and is sufficient to demonstrate that the term is well-understood in the relevant art. The Federal Circuit test for whether a claim limitation is subject to §112 ¶ 6 does not depend on the quantity of technical document shown to use the term. Furthermore, a simple Lexis search of the patent database for utility patents issued prior to 2001 results in the identification of more than 200 patents using the term. A handful of these patents are attached as Exhibits F-P.

Thus, the Defendants have failed to satisfy their burden of overcoming the presumption that §112 ¶ 6 is not applicable to the term "event manager."

B.   OTHER CLAIM CONSTRUCTION ISSUES

1.   "a computer implemented sales system"

The Defendants improperly attempt to convert the preamble language "a computer implemented sales system used to facilitate a sales process" into a claim limitation, and then attempt to rewrite the language of the preamble at the same time. SFA's opening brief explains why the Defendants' attempts should be rejected. *See* SFA Opening Claim Construction Brief (Dkt No. 107) at 4-8.

Once again, the Defendants erroneously contend that arguments made by SFA during summary judgment proceedings in the *Infor Global* case justify disregarding the established rule that preamble language that merely states the purpose or intended use of an invention is generally not treated as limiting the scope of the claim. The argument quoted by the Defendants merely reflects SFA's position regarding the purpose or intended use of the claimed invention of the `525 patent, and nothing more. Similarly, the statements made by the inventors during patent prosecution cited by the Defendants merely reflect statements about the purpose or intended use of the claimed invention. The Defendants have failed to establish any prosecution disclaimer, which requires that the patentee has *unambiguously disavowed* a certain meaning of said claim to obtain his patent. *See e.g.*, *Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1324 (Fed. Cir. 2003).

2.   "inferring . . . a context in which the event occurred"

The Defendants' argue that "the Court should construe the entire phrase to clarify for the jury that in inferring context, the 'event manager' must evaluate the significance of information already existing in the system with respect to the event to determine what is relevant." There is no support in the claim language or the specification to impose the requirement that the "event manager" must "evaluate the significance of information already existing in the system" in order to

infer a context in which the event at issue occurred. The specification language quoted by the Defendants is merely a preferred embodiment ("[f]urther intelligence may be provided in the system to evaluate the context in which the sales event occurs (e.g., the significance of other information in the system)" which cannot be translated into a claim limitation. Deriving the fact that information already existing within the system is relevant to the event by application of logical rules is all that is required to infer a context in which the event occurred. This derivation of relevant information and basing a new action on this inferred context reflects the intelligence of the system discussed during the prosecution history.

### 3. "based on the inferred context"

The Defendants assert that SFA failed to address this claim language. SFA did not "fail" to address it; this claim language was not identified as disputed. *See* Joint Claim Construction Statement. This was for good reason. The Court will already construe the term "context. No other language in this term requires construction.

Dated: March 25, 2011                    Respectfully submitted,

                                      **BUETHER JOE & CARPENTER, LLC**

By:    */s/ Eric W. Buether*
        Eric W. Buether
        State Bar No. 03316880
        Eric.Buether@BJCIPLaw.com
        Christopher M. Joe
        State Bar No. 00787770
        Chris.Joe@BJCIPLaw.com
        Brian A. Carpenter
        State Bar No. 03840600
        Brian.Carpenter@BJCIPLaw.com

        1700 Pacific Avenue
        Suite 2390
        Dallas, Texas 75201
        Telephone:   (214) 466-1271
        Facsimile:    (214) 635-1827

        Andrew Wesley Spangler
        State Bar No. 24041960
        Spangler Law PC
        104 N. Houston St., Suite 135
        Marshall, Texas 75670
        Telephone:   (903) 935-3443
        Facsimile:    (903) 938-7843
        spangler@spanglerlawpc.com

        David M. Pridham
        RI State Bar No. 6625
        Law Office of David Pridham
        25 Linden Road
        Barrington, Rhode Island 02806
        Telephone:   (401) 633-7247
        Facsimile:    (401) 633-7247
        david@pridhamiplaw.com

        **ATTORNEYS FOR PLAINTIFF**
        **SFA SYSTEMS, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 25th day of March 2011. Any other counsel of record will be served by facsimile transmission and first class mail.

/s/ Eric W. Buether
Eric W. Buether