**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **SFA SYSTEMS, LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **CASE NO. 6:09-cv-340** |
| **v.** | § | **PATENT CASE** |
| | § | |
| **1-800-FLOWERS.COM, INC., et al,** | § | |
| | § | |
| *Defendants.* | § | |

| | | |
|---|---|---|
| **SFA SYSTEMS, LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **CASE NO. 6:10-cv-300** |
| **v.** | § | **PATENT CASE** |
| | § | |
| **BIGMACHINES, INC., et al,** | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANTS' MOTION TO STRIKE
UNDISCLOSED EXTRINSIC EVIDENCE FROM SFA'S P.R. 4-5(c) BRIEF**

In direct contravention of this Court's local patent rules, Plaintiff SFA Systems, LLC ("SFA") furtively cites for the first time in its P.R. 4-5(c) reply brief **twelve new, previously undisclosed** items of extrinsic evidence in support of its proposed construction for the claim term "event manager."  (*See* Pl.'s P.R. 4-5(c) Br. at exs. E, F-P, Dkt. No. 271.)[1]

Although P.R. 4-2(b) requires parties to identify the extrinsic evidence upon which they intend to rely, SFA failed to disclose this extrinsic evidence in its P.R. 4-2 disclosure due January 21, 2011.  (Defs.' P.R. 4-5(b) Br. at ex. K, Dkt. No. 260.)  And although P.R. 4-3(b)

---

[1] All cites to Docket entries herein reference Civil Action No. 6:09-CV-340.

requires parties to identify "any extrinsic evidence" they intend to use either to support their own constructions or to oppose another party's constructions, SFA again failed to disclose this extrinsic evidence in the P.R. 4-3 joint claim construction statement due February 8, 2011.  (Dkt. No. 247.)  Further, SFA failed to disclose this extrinsic evidence in its expert declaration due February 18, 2011.  (*See* Pl.'s P.R. 4-5(a) Br. at ex. I, Dkt. No. 256.)   Rather than comply with any of the Court's local rules requiring an orderly disclosure of evidence so that the other side can fairly review and address the evidence, SFA chose to unload the new evidence on the Court and the Defendants roughly one week prior to the Markman hearing so that neither Defendants nor their expert, Dr. Greenspun, are afforded a fair opportunity to respond.  Under the local rules and the Court's docket control order, SFA should have disclosed its evidence **sixty-four** days earlier, in its P.R. 4-2  disclosures.  Unlike SFA, Defendants diligently complied with their own disclosure requirements and would suffer prejudice if SFA's sandbagging tactic were allowed to succeed.

Most troubling, moreover, is that rather than a simultaneous exchange of expert declarations, Defendants **voluntarily agreed** to provide Dr. Grenspun's declaration **first**, thus (1) affording SFA's expert, Mr. Myers, the opportunity to prepare a tailored rebuttal declaration and (2) affording SFA a preview of the blueprints to Defendants' arguments so that SFA could preempt Defendants' arguments in its P.R. 4-5(a) opening brief, and if need be, request permission from the Court to supplement its P.R. 4-2 and 4-3 extrinsic evidence disclosures. Indeed, Defendants even agreed to a **unilateral extension of time** for SFA to serve its expert declaration.  Yet even with explicit notice of its evidentiary deficiencies per Dr. Greenspun's expert declaration, SFA still chose to spring these twelve pieces of extrinsic evidence on the Defendants roughly one week before the Markman hearing.

As a result, Dr. Greenspun was not provided any opportunity to review and provide expert opinion on this new evidence, like the detailed and unrebutted analyses Dr. Greenspun provided regarding the four pieces of extrinsic evidence SFA actually did disclose in its P.R. 4-2 statement.  For that evidence **of record**, Dr. Greenspun indisputably establishes that none of it proves that the term "event manager" was a term of art **connotative of sufficiently definite structure**, and that even if it was, nowhere is it established that such structure is **sufficient to perform the functions recited**, *i.e.*, the alternative Federal Circuit test that SFA and its expert choose to wholesale ignore.  (*See* Defs.' P.R. 4-5(b) Br. at ex. A, ¶¶ 52-62, Dkt. No. 260.) Defendants and Dr. Greenspun, however, are without recourse to address SFA's **new** evidence with less than a week before the Markman hearing.

In summary, the Court's local patent rules make clear that **both** sides must litigate fairly, disclose evidence timely, and maintain integrity before the Court.  Defendants therefore respectfully request that the Court strike all new, previously undisclosed extrinsic evidence and any references to it from SFA's P.R. 4-5(c) reply brief.

Dated: March 30, 2011                         Respectfully Submitted,


FISH & RICHARDSON P.C.                   POTTER MINTON, P.C.

/s/ Neil J. McNabnay                          /s/ Douglas R. McSwane

Neil J. McNabnay                              Douglas R. McSwane, Jr.
njm@fr.com                                    TX State Bar No. 13861300
1717 Main Street, Suite 5000                  dougmcswane@potterminton.com
Dallas, TX 75201                              110 N. College, Suite 500
Tel:  214-747-5070                            Tyler, Texas 75702
Fax:  214-747-2091                            Telephone: 903.597.8311
                                              Facsimile: 903.593.0846
Ajit S. Dang
Ga. Bar. No. 352611                           Peter C McCabe, III
dang@fr.com                                   IL Bar No. 6190379
1180 Peachtree Street NE, 21st Floor          pmccabe@winston.com
Atlanta, GA 30309                             WINSTON & STRAWN LLP
Tel:  404-892-5005                            35 W Wacker Dr
Fax:  404-892-5002                            Chicago, IL 60601
                                              Telephone: 312.558.5600
**ATTORNEYS FOR DEFENDANTS**                  Facsimile: 312.558.5700
**BARNES AND NOBLE, INC.,**
**BARNESANDNOBE.COM LLC,**                    Gene C. Schaerr
**BIGMACHINES, INC.,**                        DC Bar 416368
**CARESTREAM HEALTH, INC.,**                  gschaerr@winston.com
**ENTERASYS NETWORKS, INC.,**                 John W. Moss
**J & R ELECTRONICS, INC., &**                DC Bar 987113
**RICOH AMERICAS CORPORATION**                jwmoss@winston.com
                                              Geoffrey P. Eaton
                                              NY Bar 3000841
                                              geaton@winston.com
                                              WINSTON & STRAWN, LLP
                                              1700 K Street NW
                                              Washington, DC 20006
                                              Telephone: 202.282.5000
                                              Facsimile: 202.282.5100

                                              **ATTORNEYS FOR DEFENDANT**
                                              **HYUNDAI MOTOR AMERICA**

ZARIAN MIDGLEY & JOHNSON, PLLC

/s/ Lane M. Chitwood
John N. Zarian (*pro hac vice*)
ID State Bar No. 7390
Lane M. Chitwood (*pro hac vice*)
ID State Bar No. 8577
University Plaza
960 Broadway Ave., Ste. 250
Boise, Idaho 83706
Telephone:  (208) 562-4900
Facsimile:  (208) 562-4901
E-mail:  zarian@zmjlaw.com
          chitwood@zmjlaw.com

Trey Yarbrough
TX State Bar No. 22133500
Debby Gunter
TX State Bar No. 24012752
YARBROUGH WILCOX, PLLC
100 E. Ferguson St., Ste. 1015
Tyler, Texas 75702
Telephone:  (903) 595-3111
Facsimile:  (903) 595-0191
E-mail:  trey@yw-lawfirm.com
          debby@yw-lawfirm.com


**ATTORNEYS FOR DEFENDANTS
NEWEGG INC. & NEWEGG.COM INC.**

THOMPSON COBURN – ST. LOUIS

/s/ Dean Franklin
Dean Franklin
dfranklin@thompsoncoburn.com
Mathew A. Braunel
mbraunel@thompsoncoburn.com
One US Bank Plaza 27th Floor
St. Louis, MO 63101
Telephone: (314) 552-6106
Fax: (314) 552-7106

**ATTORNEYS FOR DEFENDANTS
GANDER MOUNTAIN COMPANY &
OVERTON'S, INC.**

**CERTIFICATE OF CONFERENCE**

Counsel for Defendants and Plaintiff conferred on March 30, 2011 regarding the relief sought in this motion.  Plaintiff is opposed.  The parties are at an impasse and need the assistance of the Court to resolve this issue

*/s/ Ajit Dang*
Ajit Dang

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 30, 2011.  Any other counsel of record will be served by first class mail.

*/s/ Neil J. McNabnay*
Neil J. McNabnay