IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SFA SYSTEMS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 6:09-cv-340 |
| v. | § | PATENT CASE |
| | § | |
| 1-800-FLOWERS.COM, INC., et al, | § | |
| | § | |
| Defendants. | § | |

| | | |
|---|---|---|
| SFA SYSTEMS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 6:10-cv-300 |
| v. | § | PATENT CASE |
| | § | |
| BIGMACHINES, INC., et al, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE
UNDISCLOSED EXTRINSIC EVIDENCE FROM SFA'S P.R. 4-5(c) BRIEF**

The Court should grant Defendants' motion for two simple reasons, neither of which SFA can deny. First, even if SFA is correct that Rule 26(a)(2)(C) applies, SFA failed to serve its "rebuttal" evidence within the thirty-day period required by that rule. *See* Pl.'s Resp. Defs.' Mot. Strike at 3 (rebuttal evidence must be served "within 30 days after the disclosure made by the other party") (citing Fed. R. Civ. P. 26(a)(2)(C)).[1] Instead, SFA waited thirty-eight days after Defendants served Dr. Greenspun's expert declaration unequivocally stating the precise facts SFA claims to now rebut. *Compare id.* at 1-2 ("The Defendants asserted that 'both SFA and Mr. Myers fail to

---

[1] SFA's reliance on Rule 26 itself strains credulity, in light of the plain requirements of this Court's local patent rules, which establish a specific schedule for disclosure of extrinsic evidence. Further, the language SFA cites from Rule 26(a)(2)(C) begins with the phrase "In the absence of other directions," making clear that this Court's local patent rules control.

present a single dictionary definition to the Court") *with* Defs.' P.R. 4-5(b) Br., ex. A, Greenspun Decl. ¶ 43 ("Neither I nor the plaintiff and defendants was able to find a dictionary definition for the term 'event manager.'"). Thus, SFA's new extrinsic evidence is untimely even under Rule 26(a)(2)(C), in addition to this Court's local patent rules 4-2 and 4-3.

Second, SFA's new evidence is not "rebuttal" evidence at all. Far from rebutting any of Defendants' or Dr. Greenspun's positions, it is instead irrelevant material that at best confuses the issues. For one, SFA's new dictionary still fails to provide a definition for the **claim term** "event manager" (which might be rebuttal evidence) but instead only provides one for another term not even found in the patent-in-suit. To bridge the gap, SFA merely provides a bare, conclusory attorney statement that (1) this new phrase is an "analogous term," *see* Pl.'s P.R. 4-5(c) Reply Br. at 6 (failing to cite any expert or other evidence that a skilled artisan would consider SFA's new phrase analogous to the claim term), and (2) that Mr. Myers's "opinion is consistent with the [new] dictionary definition," *see* Pl.'s Resp. Defs.' Mot. Strike at 2 (failing to provide any explanation of how SFA's new definition allegedly supports Mr. Myers's opinion). SFA's unsubstantiated attempt to pass off as "rebuttal" evidence what is no more than irrelevant evidence of what a phrase not found in the patent-in-suit means only confuses the issues.

But the ultimate reason why the Court should strike SFA's new evidence is that it is *per se* irrelevant—not rebuttal—under well-established Federal Circuit precedent. *Phillips* and its progeny unequivocally hold that the focus remains solely on the disputed claim term's meaning, if any, **at the time of the invention**:

> We have made clear, moreover, that the ordinary and customary meaning of a claim term is the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention, i.e., as of the effective filing date of the patent application.

*Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005). SFA's new dictionary definition, however, was first coined **four years** after the effective filing date of the patent-in-suit and first

published in a dictionary **six years** after. *See* Defs.' *Markman* Presentation at Tyler Clerk's Office Exhibit Room, slide 67 (establishing that SFA's new definition "was first defined in the first quarter of 1999" and published in 2001). Accordingly, SFA's new evidence is not competent rebuttal evidence at all because its publication date—which SFA omits—came about years after the effective filing date of the patent-in-suit.

This same flaw shines through SFA's new reference to "a simple Lexis search of the patent database for utility patents issued prior to **2001**" and exhibits F-P in its reply brief. *See* Pl.'s P.R. 4-5(c) Reply Br. at 8 (emphasis added). Again, the effective filing date of the patent-in-suit, 1995, **not 2001**, is the relevant focus. Moreover, nowhere does SFA establish, whether by attorney argument or expert declaration, that any usage of the term "event manager" in these new patents establishes a **structural** connotation, let alone a structural definition supporting SFA's generic "hardware and/or software" construction. Simply put, definitions and usages of allegedly analogous terms four, five, six years later are irrelevant to the claim construction issues before the Court. *See Phillips*, 415 F.3d at 1313.

Accordingly, not only is SFA's new evidence untimely under Rule 26(a)(2)(C), P.R. 4-2, and P.R. 4-3, but even if it were timely, it is not "rebuttal" evidence because (1) SFA fails to establish any connection between the claim term at issue and its new definition for a different phrase not even found in the patent-in-suit and (2) SFA's new definition along with the majority of its newly cited patents post-date the claimed invention by many years. For these reasons and the reasons stated in Defendants' motion to strike, Defendants respectfully request that the Court strike all new extrinsic evidence cited in SFA's P.R. 4-5(c) claim construction reply brief.

Dated: April 13, 2011                                   Respectfully Submitted,


FISH & RICHARDSON P.C.                                  POTTER MINTON, P.C.

*/s/ Neil J. McNabnay*                                  */s/ Douglas R. McSwane*
Neil J. McNabnay                                        Douglas R. McSwane, Jr.
njm@fr.com                                              TX State Bar No. 13861300
**Lead Attorney**                                       dougmcswane@potterminton.com
1717 Main Street, Suite 5000                            110 N. College, Suite 500
Dallas, TX 75201                                        Tyler, Texas 75702
Telephone: 214-747-5070                                 Telephone: 903-597-8311
Facsimile: 214-747-2091                                 Facsimile: 903-593-0846

Ajit S. Dang                                            Peter C McCabe, III
Ga. Bar. No. 352611                                     IL Bar No. 6190379
dang@fr.com                                             pmccabe@winston.com
1180 Peachtree Street NE, 21st Floor                    WINSTON & STRAWN LLP
Atlanta, GA 30309                                       35 W Wacker Dr.
Telephone: 404-892-5005                                 Chicago, IL 60601
Facsimile: 404-892-5002                                 Telephone: 312-558-5600
                                                        Facsimile: 312-558-5700

**ATTORNEYS FOR DEFENDANTS**
**BARNES AND NOBLE, INC.,**                             Gene C. Schaerr
**BARNESANDNOBE.COM LLC,**                              DC Bar 416368
**BIGMACHINES, INC.,**                                  gschaerr@winston.com
**CARESTREAM HEALTH, INC.,**                            John W. Moss
**ENTERASYS NETWORKS, INC.,**                           DC Bar 987113
**J & R ELECTRONICS, INC., &**                          jwmoss@winston.com
**RICOH AMERICAS CORPORATION**                          Geoffrey P. Eaton
                                                        NY Bar 3000841
                                                        geaton@winston.com
                                                        WINSTON & STRAWN, LLP
                                                        1700 K Street NW
                                                        Washington, DC 20006
                                                        Telephone: 202-282-5000
                                                        Facsimile: 202-282-5100

                                                        **ATTORNEYS FOR DEFENDANT**
                                                        **HYUNDAI MOTOR AMERICA**

ZARIAN MIDGLEY & JOHNSON, PLLC

*/s/ Lane M. Chitwood*
John N. Zarian (*pro hac vice*)
ID State Bar No. 7390
zarian@zmjlaw.com
Lane M. Chitwood (*pro hac vice*)
ID State Bar No. 8577
chitwood@zmjlaw.com
University Plaza
960 Broadway Ave., Ste. 250
Boise, Idaho 83706
Telephone: 208-562-4900
Facsimile: 208-562-4901

Trey Yarbrough
TX State Bar No. 22133500
trey@yw-lawfirm.com
Debby Gunter
TX State Bar No. 24012752
debby@yw-lawfirm.com
YARBROUGH WILCOX, PLLC
100 E. Ferguson St., Ste. 1015
Tyler, Texas 75702
Telephone: 903-595-3111
Facsimile: 903-595-0191

**ATTORNEYS FOR DEFENDANTS**
**NEWEGG INC. & NEWEGG.COM INC.**

THOMPSON COBURN – ST. LOUIS

*/s/ Dean Franklin*
Dean Franklin
dfranklin@thompsoncoburn.com
Mathew A. Braunel
mbraunel@thompsoncoburn.com
One US Bank Plaza 27th Floor
St. Louis, MO 63101
Telephone: 314-552-6106
Facsimile: 314-552-7106

**ATTORNEYS FOR DEFENDANTS**
**GANDER MOUNTAIN COMPANY &**
**OVERTON'S, INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 13, 2011. Any other counsel of record will be served by first class mail.

    /s/ Neil J. McNabnay
    Neil J. McNabnay