**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **SFA SYSTEMS, LLC,** | |
| **Plaintiff,** | **Civil Action No. 6:11-cv-00399-LED** |
| **v.** | |
| **BARNES & NOBLE, INC., et al.** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |
| | |
| **SFA SYSTEMS, LLC,** | |
| **Plaintiff,** | **Civil Action No. 6:09-cv-00340-LED** |
| **v.** | |
| **1-800-FLOWERS.COM, INC., et al.** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## JOINT MOTION TO CONSOLIDATE

Pursuant to Federal Rule of Civil Procedure 42(a) and Local Rule CV-42(b), plaintiff SFA Systems, LLC ("SFA") and defendants Newegg, Inc. and Newegg.com, Inc. (collectively, "Newegg") jointly move the Court to consolidate for all purposes the two above-captioned cases (collectively "Related Cases").  To achieve efficient and just resolution of the two cases, to lessen the burden on the Court's busy docket, and to accommodate pending extension requests by SFA, the parties respectfully propose that trial be set for mid-February 2013, or as soon thereafter as the Court's docket may allow.

Substantial factual and legal overlap between the Related Cases merits consolidation. The Related Cases involve the same plaintiff, SFA, and the same defendant, Newegg.  The complaints allege infringement of related patents: United States Patent Nos. 6,067,525 ("'525

Patent") and 7,941,341 ("'341 Patent"), both relating to sales force automation.  SFA maintains that the alleged acts of infringement and accused instrumentalities substantially overlap as well. For these reasons and others, the Related Cases involve numerous common issues of law and fact.  Consolidation would enhance efficiency for the Court and the parties by avoiding duplicative efforts and conserving judicial resources, and – in conjunction with an appropriate pretrial schedule – would not prejudice the rights of any of the parties.  The present motion is simultaneously being filed in both actions.

Additionally, consolidation of the Related Cases would resolve several discovery disputes that are the subjects of motions now pending before the Court in the *SFA v. 1-800-Flowers.com et al.* action (6:09-cv-00340).  First, if the present joint motion is granted, Newegg has agreed to withdraw its objections to allowing SFA's proposed experts Dr. Rhyne and Mr. Rhyne access to confidential materials and source code, in part because such access would no longer necessitate an extension of time[1].  Such agreement renders moot SFA's Emergency Motion for Access to Materials Designated as Confidential (Dkt. No. 338).  Second, the parties have jointly proposed an amended Docket Control Order for the consolidated case, attached to this motion as Ex. A, the entry of which would render moot SFA's Emergency Motion for Extension of Time to Submit Expert Witness Reports and Amendment of Related Dates (Dkt. No. 365).

## BACKGROUND

On July 28, 2009, SFA filed Case No.  6:09-cv-00340  (the "SFA  Case #1") against Newegg, among other defendants, alleging infringement of the '525 Patent.  SFA alleged that Newegg:

---

[1] SFA has agreed that, going forward in both actions, only four experts or consultants would have access to Newegg source code: Priti Kujur, Vikas Sharma, Dr. Rhyne and Tommy Rhyne (and that no additional "assistants" would have such access).  SFA has also agreed not to propose additional experts or consultants unless currently unforeseen events, such as health issues, necessitate replacing an existing expert or consultant.

> has been and now is directly infringing, indirectly infringing by way of inducing
> infringement by others and/or contributing to the infringement by others of the
> '525 Patent . . . by, among other things, methods practiced on various websites
> (including, but not limited to, newegg.com), making and using supply chain
> methods, sales methods, sales systems, marketing methods, marketing systems,
> and inventory systems covered by one or more claims of the '525 Patent to the
> injury of SFA.

SFA  Case #1 complaint, ¶¶ 51-52.  The SFA Case #1 was assigned to this Court.

On August 1, 2011, SFA filed Case No. 6:11-cv-00399 (the "SFA Case #2") against

Newegg, among other defendants, alleging infringement of the '341 Patent.  SFA alleged that

Newegg:

> has been and now is directly infringing, indirectly infringing by way of inducing
> infringement by others and/or contributing to the infringement by others of the
> '341 Patent . . . by, among other things, methods practiced on various websites
> (including, but not limited to, newegg.com), making and using supply chain
> methods, sales methods, sales systems, marketing methods, marketing systems,
> and inventory systems covered by one or more claims of the '341 Patent to the
> injury of SFA.

SFA Case #2 complaint, ¶¶ 16-17.  That SFA Case #2 was also assigned to this Court, and the

civil cover sheet designates the SFA Case #1 as a "Related Case."

Subsequently, all of the defendants in the Related Cases other than Newegg are in the

process of settling, and all but Barnes & Noble have been dismissed,[2] leaving Newegg as the

only defendant[3] in the Related Cases.

The named inventors of the '525 Patent and '341 Patent are the same, and the '525 Patent

is listed in the "Related U.S. Application Data" section of the '341 Patent.[4]  The claim language

---

[2] SFA represents that SFA and Barnes & Noble are in the process of finalizing a settlement.
Barnes & Noble does not oppose this motion.

[3] These cases were both filed before passage of the America Invents Act of 2011, and are therefore not subject to its
provisions.  Consolidation here is nonetheless consistent with the spirit of the joinder provision, which prohibits
joinder of *multiple* defendants whose only relationship is alleged infringement of the same patent or patents.  *See*
H.R. 1249.

[4] The '341 is a "[c]ontinuation of application No. 11/929,548, filed on Oct. 30,2007, now Pat. No. 7,516,088, which
is a division of application No, 11/537,953, filed on Oct. 2, 2006, now abandoned, which is a continuation of
application No. 09/566,872, filed on May 8, 2000, now abandoned, which is a continuation of application No.
08/550,089, filed on Oct. 30, 1995, *now Pat. No. 6,067,525.*" Ex. A to SFA Case #2 Complaint  (Dkt. No. 1)
(emphasis added).

of the related patents is similar as well.  As a result, Newegg's defenses and counterclaims in both Related Cases are likely to substantially overlap.

Hence, the parties in the Related Cases are identical, and there is significant overlap in the written disclosures and prosecution histories of the subject patents, as well as the attendant claims and defenses.

## ARGUMENT

Federal Rule of Civil Procedure 42(a) provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost and delay."  Eastern District of Texas Local Rule CV-42(b) similarly provides: "[w]hen two or more actions are pending before a judge which involve . . . a common question of law or fact . . . that judge may order that all or part of the actions be consolidated."

The Fifth Circuit encourages consolidation of cases involving common questions of law or fact "to expedite trial and eliminate unnecessary repetition and confusion."  *Miller v. U.S. Postal Serv.,* 729 F.2d 1033, 1036 (5th Cir. 1984).  "Trial judges are urged to make good use of Rule 42(a)…where there is involved a common question of fact and law as to the liability of the defendant in order to expedite the trial and eliminate unnecessary repetition and confusion . . . ." *Dupont v. Southern Pacific Co.,* 366 F.2d 193, 195 (5th Cir. 1966).  Consistent with this view of the salutary effect of consolidation, *Mayfield v. American Auto. Ins. Co.,* No. 5:02-cv-00137, Dkt. No. 55 at 2 (N.D. Tex., May 27, 2003), recognizes the propriety of consolidation and articulates the following "list of factors" deemed to "militat[e] in favor of consolidation:"

1. the cases proposed for consolidation are pending either before the same court for all purposes or between two different courts within the same judicial district;

2. the cases involve a common party;

3. the cases involve common issues of law;

4. the cases involve common issues of fact;

5.      there is no risk of prejudice or possible confusion if the cases are consolidated, or, if there is any risk, it is outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately;

6.      consolidation will not result in an unfair advantage;

7.      consolidation will conserve judicial resources;

8.      consolidation will reduce the time for resolving the cases when compared to separate trials; and

9.      consolidation will reduce the expense of trying the cases separately.

The Eastern District has granted, and the Fifth Circuit has upheld, consolidation on the basis of these and similar factors. *See, e.g., Allergan, Inc. v. Sandoz, Inc.* 2011 U.S. Dist. LEXIS 45577 at \*8 (E.D. Tex., April 27, 2011); *In re Universal Access, Inc.,* 2002 U.S. Dist. LEXIS 19872 at \*\*8-10 (E.D. Tex., August 23, 2002) (granting consolidation at least in part because there were common issues of law and fact and the motion was unopposed); *Miller, supra* at 1037 (remanding for consolidation "[i]n the interests of equity and judicial economy"); *Gentry v. Smith,* 487 F.2d 571, 581 (5th Cir. 1973) ("Should the district court here choose to consolidate this action with [a related action], considerable confusion and repetition could be avoided").

Moreover, the Eastern District often grants consolidation in patent cases where, as here, the parties among the various actions are the same, the patents cover similar subject matter, and/or the same products are accused of infringement. *See, e.g., Allergan, supra* at \*8; *Mediostream, Inc. v. Microsoft Corp.,* 2009 U.S. Dist. LEXIS 90952 at \*11 (E.D. Tex., September 30, 2009). *See also Eolas Techs., Inc. v. Adobe Sys., Inc.,* 2010 U.S. Dist. LEXIS 104125 at \* 15 (E.D. Tex., September 28, 2010) (denying defendants' motion to sever where "adjudicating infringement will require…evaluating the patents' innovation over prior art"); *Mymall, Ltd. v. America Online, Inc.,* 2004 U.S. Dist. LEXIS 17852 at \*\*11 (E. D. Tex., September 2, 2004) (Davis, J.) ("Severing…Defendants would decrease judicial efficiency by requiring duplicitous…discovery [] and pretrial motions").

Accordingly, the *Mayfield* criteria weighs heavily in favor of consolidation of the Related Cases:

1. The Related Cases are pending before the same district court, in the same division, before the same judge.

2. The parties to the Related Cases are identical.

3. The Related Cases involve common issues of law, including claim construction regarding many identical terms across the '525 and the '341 Patents.  The '525 Patent in the SFA Case #1 and the '341 Patent in the SFA Case #2 are related patents, as the '341 Patent is a continuation of the '525 Patent.

4. The Related Cases involve common issues of fact, including the underlying technology at issue (*i.e.,* Newegg's website) and the common prosecution history of the related patents.

5. Consolidation of the Related Cases poses no risk of prejudice to any party, as indicated by SFA and Newegg jointly filing this motion.

6. Consolidation of the Related Cases will not result in an unfair advantage to any of the parties involved, and will remove the onus of duplicative discovery and litigation from both parties.

7. Consolidation of the Related Cases will conserve judicial resources by, among other things, eliminating duplicative discovery and litigation proceedings.

8. Consolidation will reduce the time needed to resolve the Related Cases by allowing a coordinated schedule for discovery and pretrial proceedings, and generally avoiding duplication of efforts by the Court and the parties.

9. Finally, consolidation of the Related Cases will reduce the expense of trying these cases for many of the reasons already identified above, as well as by eliminating the need for common witnesses to be deposed repeatedly.  In addition to reducing the expense to the parties to the Related Cases, consolidation will reduce the

burden on any third parties who may be the subject of third-party discovery requests or depositions on issues common to the Related Cases.

While the proposed trial date will significantly compact the schedule that would have attended the SFA Case #2, the parties have agreed upon a schedule that they believe can accommodate discovery regarding both the '525 and the '341 Patents. *See* Proposed Docket Control Order attached hereto as Ex. A. Substantial discovery has already been carried out with regard to the '525 Patent, much of which is applicable to litigation over the '341. Given the overwhelming common issues of law and fact, the parties respectfully request that the Court consolidate the Related Cases.

## CONCLUSION

For all of the foregoing reasons, the Related Cases should be consolidated for all purposes. The parties respectfully request that the Court set a consolidated trial date in mid-February 2013, or as soon thereafter as the Court's docket may permit, pursuant to Federal Rule of Civil Procedure 42(a) and Local Rule CV-42(b).

Dated: October 21, 2011

Zarian Midgley & Johnson, PPLC

By:  */s/ Lane M. Chitwood*
    Lane M. Chitwood
    chitwood@zmjlaw.com
    John N. Zarian
    zarian@zmjlaw.com
    Dana M. Herberholz
    herberholz@zmjlaw.com
    960 Broadway Avenue, Suite 250
    Boise, ID 83706
    Telephone: (208) 562-4900
    Facsimile: (208) 562-4901

    Debra Elaine Gunter
    debby@yw-lawfirm.com
    Trey Yarbrough
    trey@yw-lawfirm.com

Respectfully submitted,

Russ August & Kabat

By:  */s/ Adam S. Hoffman*
    Marc A. Fenster, CA SB # 181067
    E-mail: mfenster@raklaw.com
    Alexander C. Giza, CA SB #212327
    E-mail: agiza@raklaw.com
    Adam Hoffman, CA SB #218740
    E-mail: ahoffman@raklaw.com
    Stanley H. Thompson, Jr., CA SB # 198825
    E-mail: sthompson@raklaw.com
    Benjamin T. Wang, CA SB #228712
    E-mail: bwang@raklaw.com
    Branden D. Frankel, CA SB #276557
    E-mail: bfrankel@raklaw.com
    12424 Wilshire Boulevard 12th Floor
    Los Angeles, California 90025

100 E. Ferguson Street, Suite 1015
Tyler, TX 75702
Telephone: (903) 595-3111

**ATTORNEYS FOR DEFENDANTS
NEWEGG INC. AND
NEWEGG.COM INC.**

Telephone: 310/826-7474
Facsimile: 310/826-6991

Andrew W. Spangler
State Bar No. 24041960
SPANGLER LAW P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
Telephone: 903-753-9300
Facsimile: 903- 553-0403
spangler@spanglerlawpc.com

**ATTORNEYS FOR PLAINTIFF
SFA SYSTEMS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on October 21, 2011 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

Dated: October 21, 2011                    /s/ *Adam S. Hoffman*
                                           Adam S. Hoffman