**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| SFA SYSTEMS, LLC , <br><br>           Plaintiff, <br><br> vs. <br><br> 1-800 FLOWERS.COM, INC., ET AL. <br><br>        Defendants. | Case No. 6:09-cv-00340-LED <br><br> JURY TRIAL DEMANDED |
| SFA SYSTEMS, LLC , <br><br>           Plaintiff, <br><br> vs. <br><br> BARNES & NOBLE, INC., ET AL. <br><br>        Defendants. | Case No. 6:11-cv-00399-LED <br><br> JURY TRIAL DEMANDED |

**<u>PATENT RULE 4-3 JOINT CLAIM CONSTRUCTION
AND PRE-HEARING STATEMENT</u>**

Plaintiff SFA Systems, LLC ("SFA" or "Plaintiff") has asserted that Defendant Newegg Inc. ("Newegg" or "Defendant") infringe the following claims ("Asserted Claims") of the patents-in-suit:

      U.S. Patent No. 6,067,525:  1-4, 6, 20, 24, 25 and 40; and

      U.S. Patent No. 7,941,341:  1, 3, 4, 6, 13, 15, 19, 27 and 32.

      Pursuant to Patent Rule ("P.R.") 4-3 and the Court's December 14, 2011 Amended Docket Control Order (Dkt. No. 390), the parties submit this Joint Claim Construction and Pre-hearing Statement with respect to the patents-in-suit.

**Agreed Constructions**

Regarding P.R. 4-3(a), the parties have agreed on the construction of the following claim

terms:

| CLAIM TERM | REPRESENTATIVE CLAIMS | AGREED CLAIM TERM CONSTRUCTION |
|---|---|---|
| event . . . in the sales process / event occurring in the sales process | '341: 1, 13, 27, 32 | a real-life action or inaction that occurs in the sales process |

**Disputed Claim Terms**

Regarding P.R. 4-3(b), attached as Exhibit A is a chart setting forth the disputed claim

terms, phrases and clauses proposed by Newegg for construction, the construction of each

disputed claim term, phrase and clause, and the identification of exemplary supporting intrinsic

and extrinsic evidence for each disputed claim term, phrase and clause.  Exhibit B includes all

identified extrinsic evidence besides citations to prior claim construction rulings by the Court.

To the extent additional evidence is discovered by the parties, the parties expressly reserve the

right to rely on such evidence for purposes of claim construction.

Pursuant to P.R. 4-2(c), the parties met and conferred via telephone on August 7 and 10,

2012 in attempt to reach agreement on these disputed terms.  Newegg explained its contention

that the proposed claim term definitions reflect the meaning a person having ordinary skill in the

art would attribute to the Asserted Claims in view of, among other things, the specification and

prosecution history.  Newegg invited SFA to propose alternative language with respect to the

disputed terms, or explain to Newegg why its definitions are incorrect or otherwise unacceptable

to SFA.  SFA contends that terms identical to or closely related to terms previously construed in

the '525 patent are subsumed by the previous constructions.  SFA contends that all other terms

2

not previously construed in the '525 patent need no further construction, but if construed, their plain and ordinary meaning should govern.   SFA indicated that it will not agree to any definitions unless those definitions go no further than to incorporate previously construed terms with respect to the '525 patent into the definitions--e.g., construing "time with customer [subsystem]" as "time with customer [system that is part of a larger computer implemented sales system]." *See* Dkt. No. 333, at 23 (construing "plurality of subsystems").

## Claim Construction Hearing

Regarding P.R.4-3(c), the parties anticipate 4 hours will be sufficient for the Claim Construction Hearing.

## Witnesses

Regarding P.R. 4-3(d), the parties do not intend to call any witnesses.

## Other Issues

Regarding P.R. 4-3(e), Plaintiff and Defendants are not aware of any other issues at this time that might appropriately be taken up at a pre-hearing conference prior to the Claim Construction Hearing.

Dated: August 16, 2012

Respectfully submitted,


s/ Stanley H. Thompson, Jr *with permission*
Marc A. Fenster, CA SB # 181067
E-mail: mfenster@raklaw.com
Alexander C. Giza, CA SB #212327
E-mail: agiza@raklaw.com
Adam Hoffman, CA SB #218740
E-mail: ahoffman@raklaw.com
Stanley H. Thompson, Jr., CA SB # 198825
E-mail: sthompson@raklaw.com
Benjamin T. Wang, CA SB #228712
E-mail: bwang@raklaw.com

RUSS, AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025


Andrew W. Spangler
Spangler & Fussell P.C.
208 N. Green St.
Suite 300
Longview, TX 75601
903-753-9300
Fax: 903-553-0403
Email: spangler@sfipfirm.com

ATTORNEYS FOR PLAINTIFF
SFA SYSTEMS, LLC

  s/ Anthony W. Brooks
Kent E. Baldauf, Jr. PA ID No. 70793
Bryan P. Clark PA ID No. 205708
James J. Bosco, Jr. PA ID No. 203896
Daniel H. Brean PA ID No. 208711
Anthony W. Brooks PA ID No. 307446

THE WEBB LAW FIRM
One Gateway Center
420 Ft. Duquesne Boulevard, Suite 1200
Pittsburgh, PA 15222
Telephone:    (412) 471-8815
Facsimile:    (412) 471-4094

ATTORNEYS FOR DEFENDANT
NEWEGG INC.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 16, 2012.

<u>s/ Anthony W. Brooks</u>
Attorney for Defendant Newegg Inc.

EXHIBIT A

| Represent ative Claims | Claim Term | Plaintiff's Proposed Definition and Evidence | Defendant's Proposed Definition and Evidence |
|---|---|---|---|
| '341: 1, 27 | automated sales system / computer implemented sales system | No construction for this term is needed.  If construed, it should be given its plain and ordinary meaning.<br><br>**Intrinsic Evidence:**<br><br>'525 patent: Col. 1, ln. 10 to Col. 2, ln. 16; Col. 3, ln. 60-64; Col. 4, lns. 12-22; Col. 4, lns. 52-57; Col. 5, lns. 7-12; Col. 5, lns. 31-34; Col. 5, lns. 60-64; Col. 5, ln. 65 to Col. 6, ln. 2; Col. 19, lns. 35-47; FIG. 1; FIGS. 21A-21E.<br><br>'341 patent: Col. 2, ln. 46, Col. 6, ln. 41; Col. 7, ln. 50 to Col. 11, 67; Col. 23, ln. 5 to Col. 25, ln. 10; Col. 28, ln. 37 to Col. 29, ln. 36; Col. 30, ln. 20 to Col. 31, ln. 20; Col. 32, ln. 65 to Col. 34, ln. 55; Col. 36, ln. 12 to Col. 38, ln. 62; FIGS. 1-10, 12, 15A-15C, 18, 21A-21E.<br><br>**Extrinsic Evidence:**<br><br>*SFA Systems v. 1-800-FLOWERS,* | computer system used to guide a salesperson or guide content to a salesperson automatically during multiple phases of a sales process<br><br>Defendant's Evidence<br><br>Extrinsic Evidence:<br>Jerome Johnson Depo. Tr. (6.10.08) at 175, 180, 246-247.<br><br>SFA's Opposition to Motion for Summary Judgment of Invalidity (Case No. 6:07-cv-067-LED), ECF No. 269<br><br>Intrinsic Evidence:<br>'341 Patent<br>Col 8:11-55; Col. 7, Line 41 – Col. 8, Line 42; Col. 10, Lines 11-32 |

| Represent ative Claims | Claim Term | Plaintiff's Proposed Definition and Evidence | Defendant's Proposed Definition and Evidence |
|---|---|---|---|
| | | *Inc.,* No. 6:09-CV-340, Docket No. 406 (E.D. Tex. May 30, 2012) (Order [Adopting and Clarifying Memorandum Opinion and Order *re* Claim Construction]), *SFA Systems v. 1-800-FLOWERS, Inc.,* No. 6:09-CV-340, Docket No. 333 (E.D. Tex. Aug. 8, 2011) (Memorandum Opinion and Order [*re* Claim Construction]) and *SFA Systems v. BigMachines, Inc.,* No. 6:10-CV-300, Docket No. 194 (E.D. Tex. Aug. 8, 2011) (Memorandum Opinions and Order [*re* Claim Construction]), hereinafter, "the Claim Construction Orders." | |
| '341: 1,27 | integrating into a single system [tools used by a salesperson] | The Court has already construed the term "sales process." Defendant's proposed term is subsumed within and/or does not substantially differ from the term previously considered by the Court. Thus, the proposed term should be given its prior construction and no further construction for this term is needed.<br><br>In light of the Court's prior | combining [tools used by a salesperson] into a single system to pass data from one tool to another tool<br><br>Defendant's Evidence<br><br>Extrinsic Evidence:<br>Jerome Johnson Dep. Tr. (6.10.08) at 227:3-25<br><br>Intrinsic Evidence:<br>'341 Patent<br>Col 1:35-43; Col. 7, Line 41 – Col. 8, Line 42; Col. |

| Represent ative Claims | Claim Term | Plaintiff's Proposed Definition and Evidence | Defendant's Proposed Definition and Evidence |
|---|---|---|---|
| | | construction, no further construction for this term is needed.  If construed, any word in the proposed term not previously construed should be given its plain and ordinary meaning.<br><br>**Intrinsic Evidence:**<br><br>'525 patent: Col. 4, lns. 44-51; Col. 5, ln. 31 to Col. 6, ln. 63; Col. 9, lns. 16-25; Col. 15, lns. 4-16; Col. 9, ln. 39 to Col. 10, ln. 46; FIGS. 1, 2, 4<br><br>'341 patent: Col. 3, ln. 53 to Col. 4, ln. 3; Col. 8, lns. 35-42; Col. 12, ln. 61 to Col. 13, ln. 2; Col. 18, lns. 36-48; FIGS. 1, 2, 4.<br><br>**Extrinsic Evidence:**<br><br>The Claim Construction Orders. | 10, Lines 11-32 |
| '341: 1 | tools used by a salesperson | No construction for this term is needed.  If construed, it should be given its plain and ordinary meaning. | distinct automated computer systems that are constructed by examining a particular sales event to assist a salesperson confronted by the particular event<br><br>Defendant's Evidence |

| Represent ative Claims | Claim Term | Plaintiff's Proposed Definition and Evidence | Defendant's Proposed Definition and Evidence |
|---|---|---|---|
| | | | <u>Extrinsic Evidence</u>:<br>Jerome Johnson Dep. Tr. (6.10.08) at 227:3-25.<br><br>SFA's Opposition to Motion for Summary Judgment of Invalidity (Case No. 6:07-cv-067-LED), ECF No. 269<br><br><u>Intrinsic Evidence</u>:<br>'341 Patent<br>Col 1:35-43; Col. 7, Line 41 – Col. 8, Line 42; Col. 10, Lines 11-32 |
| '341: 1 | [plurality of subsystems] of a computer | The Court has already construed the term "plurality of subsystems." Defendant's proposed term is subsumed within and/or does not substantially differ from the term previously considered by the Court. Thus, the proposed term should be given its prior construction and no further construction for this term is needed.<br><br>With respect to "of a computer," no construction is needed.  If construed, this term should be | [plurality of subsystems] executing on a single portable computer<br><br><u>Defendant's Evidence</u><br><br><u>Intrinsic Evidence</u>:<br>'341 Patent<br>Col. 13, Lines 50-52; Col. 13, Line 66 – Col. 14, Line 1 |

| Represent ative Claims | Claim Term | Plaintiff's Proposed Definition and Evidence | Defendant's Proposed Definition and Evidence |
|---|---|---|---|
| | | given its plain and ordinary meaning.<br><br>**Intrinsic Evidence:**<br><br>'525 patent: Col. 2, lns. 21-43; Col. 8, lns. 34-44; Col. 18, lns. 37-54; Col. 19, lns. 15-25; Col. 33, ln. 60 to Col. 34, ln. 67; FIGS. 6, 8, 22<br><br>'341 patent: Col. 3, ln. 53 to Col. 6, ln. 50; Col. 7, ln. 50 to Col. 8, ln. 10; Col. 12, lns. 37-42; Col. 13, lns. 3-63; Col. 17, lns. 4-19; Col. 17, lns. 55-63; Col. 27, ln. 58 to Col. 28, ln. 6; Col. 28, ln. 37 to Col. 30, ln. 19; Col. 32, ln. 65 to Col. 33, ln. 7; Col. 33, lns. 36-46; FIGS. 1, 2, 4, 10A-B, 12-14, 18<br><br>**Extrinsic Evidence:**<br><br>The Claim Construction Orders. | |
| '341: 13, 32 | a computer arrangement | No construction for this term is needed.  If construed, it should be given its plain and ordinary meaning. | a single processor connected to a number of individual terminals<br><br>Defendant's Evidence<br><br>Intrinsic Evidence: |

| Represent ative Claims | Claim Term | Plaintiff's Proposed Definition and Evidence | Defendant's Proposed Definition and Evidence |
|---|---|---|---|
| | | | '341 Patent<br>Col. 13, Lines 50-52; Col. 13, Lines 57-62 |
| '341: 1, 13, 27, 32 | sales process | The Court has already construed the term "sales process." Defendants' proposed term is subsumed within and/or does not substantially differ from the term previously considered by the Court. Thus, the proposed term should be given its prior construction:<br>a process of selling goods or services, including two or more phases such as lead generation, time with customer, order management, and customer retention.<br><br>**Intrinsic Evidence:**<br><br>'525 patent: Col. 1, ln 10 to Col. 2, ln. 16; Col. 3, ln 60-64; Col. 4, ln 12-22; Col. 4, ln 52-57; Col. 5, ln 7-12; Col. 5, ln 31-34; Col. 5, ln 60-64; Col. 5, ln 65 to Col. 6, ln 2; Col. 19, ln 35-47; FIG. 1; FIGS. 21A-21E.<br><br>'341 patent: Col. 2, ln 46, Col. 6, ln 41; Col. 7, ln 50 to Col. 11, 67; | a real world process of selling goods or services, including two or more phases such as lead generation, time with customer, order management, and customer retention<br><br>Defendant's Evidence<br><br>Extrinsic Evidence:<br>American Heritage Dictionary, 3rd Ed. 1997, P. 1203 (sales: "activities involved in selling goods or services").<br><br>Intrinsic Evidence:<br>'341 Patent<br>Col 1:35-43; Col. 7, Line 41 – Col. 8, Line 42; Col. 10, Lines 11-32 |

| Represent ative Claims | Claim Term | Plaintiff's Proposed Definition and Evidence | Defendant's Proposed Definition and Evidence |
|---|---|---|---|
| | | Col. 23, ln 5 to Col. 25, ln 10; Col. 28, ln 37 to Col. 29, ln 36; Col. 30, ln 20 to Col. 31, ln 20; Col. 32, ln 65 to Col. 34, ln 55; Col. 36, ln 12 to Col. 38, ln 62; FIGS. 1-10, 12, 15A-15C, 18, 21A-21E.  **Extrinsic Evidence:**  The Claim Construction Orders. | |
| '341: 1, 27 | event manager | The Court has already construed the term "event manager." Defendants' proposed term is subsumed within and/or does not substantially differ from the term previously considered by the Court. "Event manager" should be given its prior construction: hardware and or software that is within a computer implemented sales system.  In light of the Court's prior construction, no further construction for this term is needed.  **Intrinsic Evidence:** | an inference engine that is functionally separate from the subsystems  Defendant's Evidence  Extrinsic Evidence: Johnson Dep. Tr. (6.10.08) at 223:24-227:25.  Intrinsic Evidence: Figs. 2-6, 16, 19, 20, 21A-E, 22  '525 Patent 1:5-47; 1:62-2:18; 2:21-54; 3:36-37; 3:43-44; 3:51-59; 4:44-51; 5:4-12; 5:40-43; 5:60-64; 6:23-25; 7:15-18; 7:58-8:21; 8:22-58; 9:16-24; 10:35-38; 11:20-37; 12:58-65; 15:4-16; 16:18-20; 17:26- |

| Representative Claims | Claim Term | Plaintiff's Proposed Definition and Evidence | Defendant's Proposed Definition and Evidence |
|---|---|---|---|
| | | '525 patent: Col. 8, ln 22 to Col. 9, ln 24; Col. 11, ln 20-37; Col. 11, ln 58-63; Col. 13, ln 24-34; Col. 15, ln 4-16; Col. 18, ln 37-54; Col. 19, ln 15-47; Col. 21, ln 66 to Col. 22, ln 18; Col. 24, ln 15-25; Col. 25, ln 6-15; Col. 26, ln 54 to Col. 27, ln 2; Col. 27, ln 3-62; Col. 28, ln 37-57; Col. 28, ln 60 to Col. 29, ln 63; Col. 30, ln 24 to Col. 31, ln 44; Col. 32, ln 13 to Col. 33, ln 30; FIGS. 2-9, 10A, 10B, 11-14, 19  **Extrinsic Evidence:**  The Claim Construction Orders. | 37; 18:37-54; 19:15-25; 19:26-34; 19:35-47; 19:61-20:7; 21:25-29; 22:15-18; 26:36-38; 27:9-24; 27:41-62; 28:37-29:35; 30:13-31:50; 32:13-33:30; 33:31-34:67; 35:44-49.  Prosecution History '525 Patent, 12-10-97 Amendment (e.g., pp. 15-16) '525 Patent, 07-14-98 Amendment (e.g., pp. 1-7) '525 Patent, 10-25-99 Amendment (e.g., pp. 2-5) 09/566,872 App., 01-13-03 Terminal Disclaimer 09/566,872 App., 08-17-05 Amendment (e.g., p. 7) 09/566,872 App., 09-15-06 Amendment (e.g., pp. 7-8) |
| '341: 1, 13, 27, 32 | detecting/detect one or more changes in information regarding/of an event | No construction for this term is needed.  If construed, it should be given its plain and ordinary meaning. | detecting one or more changes in information concerning an event that exists in the system  Defendant's Evidence  Intrinsic Evidence: '341 Patent 39:6-7; 41: 52-53 |
| '341: 13, 32 | automatically detecting | No construction for this term is needed.  If construed, it should be given its plain and ordinary | detecting without human intervention  Defendant's Evidence |

| Representative Claims | Claim Term | Plaintiff's Proposed Definition and Evidence | Defendant's Proposed Definition and Evidence |
|---|---|---|---|
| | | meaning. | Extrinsic Evidence:<br>Joint Claim Construction and Prehearing Statement (Case 6:09-cv-00340-LED), Dkt. No. 247.<br><br>Joint Claim Construction Chart Pursuant to PR 4-5(d) provided to the Court, April 1, 2011 |
| '341; 1, 13, 27, 32 | automatically initiating/initiate | No construction for this term is needed.  If construed, it should be given its plain and ordinary meaning. | initiating/initiate without human intervention<br><br>Defendant's Evidence<br><br>Extrinsic Evidence:<br>Joint Claim Construction and Prehearing Statement (Case 6:09-cv-00340-LED), Dkt. No. 247.<br><br>Joint Claim Construction Chart Pursuant to PR 4-5(d) provided to the Court, April 1, 2011 |
| '341: 1, 13, 27, 32 | to facilitate a new action based on the event | The Court has already determined that the phrases "a computer implemented sales system used to facilitate a sales process, the system comprising" and "facilitating a sales process using a computer arrangement" require no construction. Defendants' proposed | to assist the occurrence of an additional event in the sales process<br><br>Defendant's Evidence<br><br>Intrinsic Evidence:<br>'341 Patent<br>Col. 36, Line 65 – Col. 38 Line 20 |

| Represent ative Claims | Claim Term | Plaintiff's Proposed Definition and Evidence | Defendant's Proposed Definition and Evidence |
|---|---|---|---|
| | | term is subsumed within and/or does not substantially differ from the terms previously considered by the Court.  In light of the Court's prior determination regarding the terms "a computer implemented sales system used to facilitate a sales process, the system comprising" and "facilitating a sales process using a computer arrangement," no further construction for this proposed term is needed.  If construed, any word in the proposed term not previously construed should be given its plain and ordinary meaning.<br><br>**Intrinsic Evidence:**<br><br>'525 patent: Abstract; Col. 1, ln 5-9; Col. 1, ln 10 to Col. 2, ln. 16; Col. 2, ln 21-25; Col. 3, ln 60-64; Col. 4, ln 12-22; Col. 4, ln 52-57; Col. 5, ln 7-12; Col. 5, ln 31-34; Col. 5, ln 60-64; Col. 5, ln 65 to Col. 6, ln 2; Col. 19, ln 35-47; FIG. 1; FIGS. 21A-21E.<br><br>'341 patent: Abstract; Col. 1, ln 28-32; Col. 1, ln 36 to Col. 2, ln. 39; | |

| Represent ative Claims | Claim Term | Plaintiff's Proposed Definition and Evidence | Defendant's Proposed Definition and Evidence |
|---|---|---|---|
| | | Col. 3, ln 53 to Col. 4, ln 3; Col. 4, ln 64 to Col. 5, ln 15; Col. 10, ln 1 to Col. 11, ln 67; Col. 13, ln 3-39; Col. 15, ln 53 to Col. 16, 60; Col. 17, ln 55 to Col. 18, ln 35; Col. 20, ln 4 to Col. 21, ln 38; Col. 22, ln 14-39; Col. 24, ln 39 to Col. 25, ln 23; Col. 27, ln 48 to Col. 28, ln 6; Col. 31, ln 11-19; Col. 33, ln 25 to Col. 34, ln 3; Col. 36, ln 12-36; Col. 37, ln 47-64; Col. 38, ln 36-50; FIGS. 1-10, 18, 21A-21E.<br><br>**Extrinsic Evidence:**<br><br>The Claim Construction Orders. | |
| '341: 1, 13, 27, 32 | [determines if the event] has occurred previously in the sales process | The Court has already construed the term "sales process." Defendants' proposed term is subsumed within and/or does not substantially differ from the term previously considered by the Court. Thus, the proposed term should be given its prior construction: a process of selling goods or services, including two or more phases such as lead generation, time with customer, order management, and customer | [determines if the event] is at least the second occurrence of the event in the same sales process that pertains to the customer associated with the event<br><br>Defendant's Evidence<br><br>Intrinsic Evidence:<br>'341 Patent<br>Col. 37, Lines 13-17; Col. 36, Lines 12-23; Figs. 21A-21E; Col. 35, Lines 54-63 |

| Represent ative Claims | Claim Term | Plaintiff's Proposed Definition and Evidence | Defendant's Proposed Definition and Evidence |
|---|---|---|---|
| | | retention.<br><br>**Intrinsic Evidence:**<br><br>'525 patent: Col. 1, ln 10 to Col. 2, ln. 16; Col. 3, ln 60-64; Col. 4, ln 12-22; Col. 4, ln 52-57; Col. 5, ln 7-12; Col. 5, ln 31-34; Col. 5, ln 60-64; Col. 5, ln 65 to Col. 6, ln 2; Col. 19, ln 35-47; FIG. 1; FIGS. 21A-21E.<br><br>'341 patent: Col. 2, ln 46, Col. 6, ln 41; Col. 7, ln 50 to Col. 11, 67; Col. 23, ln 5 to Col. 25, ln 10; Col. 28, ln 37 to Col. 29, ln 36; Col. 30, ln 20 to Col. 31, ln 20; Col. 32, ln 65 to Col. 34, ln 55; Col. 36, ln 12 to Col. 38, ln 62; FIGS. 1-10, 12, 15A-15C, 18, 21A-21E.<br><br>**Extrinsic Evidence:**<br><br>The Claim Construction Orders. | |
| '341: 1, 13, 27, 32 | event occurring within/in the system | The Court has already construed the term "event occurring within the system / event occurring in the system." Defendants' proposed term is subsumed within and/or | an internal software or hardware activity that corresponds to an event in the sales process<br><br>Defendant's Evidence |

| Represent ative Claims | Claim Term | Plaintiff's Proposed Definition and Evidence | Defendant's Proposed Definition and Evidence |
|---|---|---|---|
| | | does not substantially differ from the term previously considered by the Court.  Thus, the proposed term should be given its prior construction:<br>an operation of the software or hardware making up the sales system.<br><br>**Intrinsic Evidence:**<br><br>The use of the word "event" throughout the figures and specification of the '525 patent and '341 patent.<br><br>**Extrinsic Evidence:**<br><br>The Claim Construction Orders | Extrinsic Evidence: Jerome Johnson Depo. Tr. (6.10.08) at 194.<br><br>Intrinsic Evidence:<br>'341 Patent<br>33:47-49 |
| '341: 1, 13, 27, 32 | an operation | No construction for this term is needed.  If construed, it should be given its plain and ordinary meaning.<br><br>**Intrinsic Evidence:**<br><br>'341 patent: Col. 12, ln. 13 to Col. 13, ln. 2; Col 22, lns. 40-50; Col. 31, ln. 34 to Col. 32, ln. 5; Col. 33, | a function acting on data<br><br>Defendant's Evidence<br><br>Intrinsic Evidence:<br>'341 Patent<br>Col. 35, Lines 54-63; Figs. 16-18; Fig. 19 |

| Represent ative Claims | Claim Term | Plaintiff's Proposed Definition and Evidence | Defendant's Proposed Definition and Evidence |
|---|---|---|---|
| | | ln. 65 to Col. 35, ln. 22; Col. 36, lns. 24-36; Col. 36, lns. 53-64; FIGS. 2. 6, 16-19 <br><br> **Extrinsic Evidence:** <br><br> SFA presently does not offer any extrinsic evidence to support this construction. | |
| '341: 1, | task | No construction for this term is needed.  If construed, it should be given its plain and ordinary meaning. <br><br> **Intrinsic Evidence:** <br><br> '341 patent: Col. 1, ln. 34 to Col. 2, ln. 42; Col. 3, ln. 53 to Col. 4, ln. 3; Col. 4, ln. 64 to Col. 5, ln. 15; Col. 6, lns. 16-34; Col. 7, ln. 50 to Col. 8, ln. 33; Col. 10, lns. 11-46; Col. 18, ln. 61 to Col 19, ln. 5; Col 20, lns. 4-26; Col. 22, lns. 40-50; Col. 23, lns. 18 to 54; Col. 24, lns. 8-25; Col. 26, lns. 25-53; Col. 33, ln. 47 to Col. 34, ln. 3; FIGS. 1, 4, 6, 7, 9, 18 | an action to be taken by a sales person or the sales system at a later time <br><br> Defendant's Evidence <br><br> Extrinsic Evidence: <br> SFA's Opposition to Motion for Summary Judgment of Invalidity (Case No. 6:07-cv-067-LED), ECF No. 269 <br><br> Intrinsic Evidence: <br> '341 Patent <br> Col. 34, Lines 1-3; Col. 32, Lines 39-47 |

| Represent ative Claims | Claim Term | Plaintiff's Proposed Definition and Evidence | Defendant's Proposed Definition and Evidence |
|---|---|---|---|
| | | **Extrinsic Evidence:**<br><br>SFA presently does not offer any extrinsic evidence to support this construction. | |
| '341: 1, 13, 27, 32 | updates another event or task in at least another subsystem | The Court has already construed the term "plurality of subsystems." Defendant's proposed term is subsumed within and/or does not substantially differ from the term previously considered by the Court. Thus, the proposed term should be given its prior construction and no further construction for this term is needed.<br><br>With respect to "updates another event or task in at least another," no construction is needed.  If construed, this language should be given its plain and ordinary meaning.<br><br>**Intrinsic Evidence:**<br><br>'525 patent: Col. 1, ln 10 to Col. 2, ln. 16; Col. 3, ln 60-64; Col. 4, ln 12-22; Col. 4, ln 52-57; Col. 5, ln 7-12; Col. 5, ln 31-34; Col. 5, ln | accesses another subsystem to create, add, delete, or change information pertaining to another event or task<br><br>Defendant's Evidence<br><br>Intrinsic Evidence:<br>'341 Patent<br>Col. 32, Lines 34-47 |

| Represent ative Claims | Claim Term | Plaintiff's Proposed Definition and Evidence | Defendant's Proposed Definition and Evidence |
|---|---|---|---|
| | | 60-64; Col. 5, ln 65 to Col. 6, ln 2; Col. 19, ln 35-47; FIG. 1; FIGS. 21A-21E.<br><br>'341 patent: Col. 2, ln 46, Col. 6, ln 41; Col. 7, ln 50 to Col. 11, 67; Col. 23, ln 5 to Col. 25, ln 10; Col. 28, ln 37 to Col. 29, ln 36; Col. 30, ln 20 to Col. 31, ln 20; Col. 32, ln 65 to Col. 34, ln 55; Col. 36, ln 12 to Col. 38, ln 62; FIGS. 1-10, 12, 15A-15C, 18, 21A-21E.<br><br>**Extrinsic Evidence:**<br><br>The Claim Construction Orders. | |
| '341: 4, 19, 32 | a first memory storing a plurality of rules / storing a plurality of rules in memory | No construction for this term is needed.  If construed, it should be given its plain and ordinary meaning. | a database of stored rules functionally separate from the event manager<br><br>a rule is a statement in the form of boolean logic (e.g., "if x, then y"), which prescribes that on the occurrence of a particular event, another event or action is initiated<br><br>Defendant's Evidence<br><br>Extrinsic Evidence: Jerome Johnson Depo. Tr. (6.10.08) at 178-183, 220-223. |

| Represent ative Claims | Claim Term | Plaintiff's Proposed Definition and Evidence | Defendant's Proposed Definition and Evidence |
|---|---|---|---|
| | | | <u>Intrinsic Evidence:</u><br>'341 Patent<br>Col. 26, Lines 54-64; Col. 37, Lines 31-46; Figs. 2, 10A; Col. 35, Lines 45-53; Col. 36, Lines 24-36 |
| '525: 6<br><br>'341: 6 | time with customer subsystem | The Court has already construed the term "plurality of subsystems." Defendant's proposed term is subsumed within and/or does not substantially differ from the term previously considered by the Court. Thus, the proposed term should be given its prior construction and no further construction for this term is needed.<br><br>With respect to "time with customer," no construction is needed.  If construed, this language should be given its plain and | a subsystem that assists a salesperson in converting a lead into a buying customer, and that stores information about the amount of time a salesperson spends with a customer<br><br><u>Defendant's Evidence</u><br><br><u>Extrinsic Evidence:</u><br>SFA's Opposition to Motion for Summary Judgment of Invalidity (Case No. 6:07-cv-067-LED), ECF No. 269<br><br><u>Intrinsic Evidence:</u><br>'341 Patent<br>Col. 8, Lines 43-68; Col. 9, Lines 14-19 |

| Represent ative Claims | Claim Term | Plaintiff's Proposed Definition and Evidence | Defendant's Proposed Definition and Evidence |
|---|---|---|---|
| | | ordinary meaning.<br><br>**Intrinsic Evidence:**<br><br>'525 patent: Col. 1, ln 10 to Col. 2, ln. 16; Col. 3, ln 60-64; Col. 4, ln 12-22; Col. 4, ln 52-57; Col. 5, ln 7-12; Col. 5, ln 31-34; Col. 5, ln 60-64; Col. 5, ln 65 to Col. 6, ln 2; Col. 19, ln 35-47; FIG. 1; FIGS. 21A-21E.<br><br>'341 patent: Col. 2, ln 46, Col. 6, ln 41; Col. 7, ln 50 to Col. 11, 67; Col. 23, ln 5 to Col. 25, ln 10; Col. 28, ln 37 to Col. 29, ln 36; Col. 30, ln 20 to Col. 31, ln 20; Col. 32, ln 65 to Col. 34, ln 55; Col. 36, ln 12 to Col. 38, ln 62; FIGS. 1-10, 12, 15A-15C, 18, 21A-21E.<br><br>**Extrinsic Evidence:**<br><br>The Claim Construction Orders. | Prosecution History<br>11/537,953 App., 06-11-08 Amendment (e.g., p. 9)<br>11/537,953 App., 02-20-09 Amendment (e.g., p. 10) |
| '525: 6<br><br>'341: 6 | a lead | No construction for this term is needed.  If construed, it should be given its plain and ordinary meaning. | an individual determined to be a potential customer based on previously obtained information relating to the individual's identity, prior purchases, and product interests |

| Represent ative Claims | Claim Term | Plaintiff's Proposed Definition and Evidence | Defendant's Proposed Definition and Evidence |
|---|---|---|---|
| | | | Defendant's Evidence<br><br>Extrinsic Evidence:<br>Jerome Johnson Depo. Tr. (6.10.08) at 226-227. *See* Exhibit A.<br><br>Intrinsic Evidence:<br>'341 Patent<br>Col. 8, Lines 43-68, Col. 8, Lines 11-34; Col. 9, Lines 14-19 |
| '525: 6<br><br>'341: 6 | order management subsystem | The Court has already construed the term "plurality of subsystems." Defendant's proposed term is subsumed within and/or does not substantially differ from the term previously considered by the Court. Thus, the proposed term should be | a subsystem that assists a salesperson to manage changes and prompt salesperson communications regarding the ordering, processing, building, manufacturing, delivering, etc. of a product or service<br><br>Defendant's Evidence |

| Represent ative Claims | Claim Term | Plaintiff's Proposed Definition and Evidence | Defendant's Proposed Definition and Evidence |
|---|---|---|---|
| | | given its prior construction and no further construction for this term is needed.<br><br>With respect to "order management," no construction is needed.  If construed, this language should be given its plain and ordinary meaning.<br><br>**Intrinsic Evidence:**<br><br>'525 patent: Col. 1, ln 10 to Col. 2, ln. 16; Col. 3, ln 60-64; Col. 4, ln 12-22; Col. 4, ln 52-57; Col. 5, ln 7-12; Col. 5, ln 31-34; Col. 5, ln 60-64; Col. 5, ln 65 to Col. 6, ln 2; Col. 19, ln 35-47; FIG. 1; FIGS. 21A-21E.<br><br>'341 patent: Col. 2, ln 46, Col. 6, ln 41; Col. 7, ln 50 to Col. 11, 67; Col. 23, ln 5 to Col. 25, ln 10; Col. 28, ln 37 to Col. 29, ln 36; Col. 30, ln 20 to Col. 31, ln 20; Col. 32, ln 65 to Col. 34, ln 55; Col. 36, ln 12 to Col. 38, ln 62; FIGS. 1-10, 12, 15A-15C, 18, 21A-21E.<br><br>**Extrinsic Evidence:** | Extrinsic Evidence:<br>SFA's Opposition to Motion for Summary Judgment of Invalidity (Case No. 6:07-cv-067-LED), ECF No. 269<br><br>Intrinsic Evidence:<br>'341 Patent<br>Col. 9, Lines 20-49 |

| Represent ative Claims | Claim Term | Plaintiff's Proposed Definition and Evidence | Defendant's Proposed Definition and Evidence |
|---|---|---|---|
| | | The Claim Construction Orders. | |
| '341: 4, 19, 32 | a particular context | The Court has already construed the term "context." Defendants' proposed term is subsumed within and/or does not substantially differ from the term previously considered by the Court.  Thus, the proposed term should be given its prior construction and no further construction for this term is needed.<br><br>**Intrinsic Evidence:**<br><br>'525 patent: Col. 2, ln 21-43; Col. 8, ln 34-44; Col. 18, ln 37-54; Col. 19, ln 15-25; FIGS. 6, 8.<br><br>'341 patent: Col. 4, lns. 10-18; Col. 5, lns. 36-43; Col. 6, lns. 16-32; Col. 12, lns. 13-22; Col. 21, ln. 64 to Col. 22, ln. 50; Col. 33, lns. 25-35; Col. 35, ln. 64 to Col. 36, ln. 11; FIGS. 2, 5, 6, 18, 19.<br><br>**Extrinsic Evidence:**<br><br>The Claim Construction Orders. | a specific circumstance in which an event could occur<br><br>Defendant's Evidence<br><br>Extrinsic Evidence:<br>American Heritage College Dictionary, 3rd Ed. (1997), at 301<br><br>Intrinsic Evidence:<br>'341 Patent<br>Col. 33, Lines 25-35 |

| Represent ative Claims | Claim Term | Plaintiff's Proposed Definition and Evidence | Defendant's Proposed Definition and Evidence |
|---|---|---|---|
| | | | |
| '341: 19, 27, 32 | the inferred context | The Court has already construed the terms "context" and "infer[ring] … a context." Defendant's proposed term is subsumed within and/or does not substantially differ from the terms previously considered by the Court.<br><br>In light of the Court's prior construction, no further construction for this term is needed. If construed, any word in the proposed term not previously construed should be given its plain and ordinary meaning.<br><br>**Extrinsic Evidence:**<br><br>The Claim Construction Orders. | Indefinite |
| '341: 27 | [an event manager . . . configured to . . . ] link the event with an action | No construction for this term is needed. If construed, it should be given its plain and ordinary meaning. | [an event manager . . . configured to . . . ] retrieve and apply a rule stored in a database to associate an action with the event<br><br>Intrinsic Evidence:<br>'341 Patent<br>Col. 35, Lines 45-53; Col. 37, Lines 31-44; Col. 34, Lines 14-16, 39-55; Col. 26, Lines 24-36 |

| Represent ative Claims | Claim Term | Plaintiff's Proposed Definition and Evidence | Defendant's Proposed Definition and Evidence |
|---|---|---|---|
| '341: 27 | based on prior sales experience | No construction for this term is needed.  If construed, it should be given its plain and ordinary meaning. | using customer information already existing within a database to inform the event manager as to which rule to apply<br><br>Defendant's Evidence<br><br>Intrinsic Evidence:<br>'341 Patent<br>Col. 36, Line 65 – Col. 38 Line 20 |
| '314: 13, 32 | the method comprising: providing . . .; electronically and automatically detecting . . .; electronically and automatically initiating . . . | No construction for this term is needed.  If construed, it should be given its plain and ordinary meaning.  With regard to the order of the steps, no particular order is required by the claims. | The steps must be performed in the order written in the claims.<br><br>Defendant's Evidence<br><br>Extrinsic Evidence:<br>Joint Claim Construction and Prehearing Statement (Case 6:09-cv-00340-LED), Dkt. No. 247 |