IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SFA SYSTEMS, LLC,<br><br>                Plaintiff,<br><br>v.<br><br>1-800-FLOWERS.COM, INC., et al.<br><br>                Defendants. | Civil Action No. 6:09-cv-00340-LED<br><br>[LEAD CASE]<br><br>*Consolidated with*<br><br>Civil Action No. 6:11-cv-00399-LED |

**PLAINTIFF SFA SYSTEMS, LLC'S MOTION FOR
VOLUNTARY DISMISSAL WITH PREJUDICE OF ITS ACTION AGAINST NEWEGG,
INC. AND DISMISSAL WITH PREJUDICE OF NEWEGG'S COUNTERCLAIMS FOR
DECLARATORY JUDGMENT FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff SFA Systems, LLC ("SFA") hereby moves pursuant to Rule 41(a)(2) for voluntary dismissal with prejudice of its Complaints for patent infringement (C.A. 6:09-cv-00340 (the "340 Case") Dkt. 1; C.A. 6:11-cv-00399 (the "399 case", Dkt. 26) against defendant Newegg, Inc. ("Newegg"), and pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for an order dismissing with prejudice Newegg's counterclaims for declaratory judgment of invalidity and non-infringement (340 Case, Dkt. 415; 399 Case, Dkt. 32) for lack of subject matter jurisdiction. As a result of SFA's withdrawal of its pending claims under the '525 and '341 patents with regard to any claim based upon the systems and methods currently practiced by Newegg and its covenant not to sue Newegg for infringement of the '525 and '341 patents based upon the system and methods currently or in the past used by, and any products currently or in the past manufactured and sold by Newegg, the Court lacks subject matter jurisdiction over the claims asserted by Newegg. *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1060 (Fed. Cir. 1995).

1

Newegg does not oppose the dismissal of SFA's Complaint and Newegg's counterclaims with prejudice.

SFA further requests that the Court order that each party should bear their own costs and attorney's fees. A short while ago, the mediator in this case, Judge Faulkner, proposed on behalf of SFA a "walkaway" settlement wherein the parties would dismiss all claims and counterclaims and bear the own costs and fees. Newegg agreed to these terms, but then backed out. Newegg should not be permitted to benefit from this conduct.

**I.    BACKGROUND FACTS**

On July 28, 2009, SFA filed its Complaint in *SFA v. 1-800-Flowers,* Civil Action 6:09-cv-00340 (the "340 Case"), against Newegg, Inc. and various other defendants, alleging infringement of SFA's 6,067,525 Patent (the "'525 Patent"), which describes a sales automation system, based on methods practiced on various websites, including but not limited to, newegg.com. (340 Case, Dkt. 1). Newegg filed its answer to the Complaint on September 28, 2009. (340 Case, Dkt. 103). On August 30, 2010, Newegg filed an amended answer to Plaintiff's Complaint and Counterclaims for declaratory judgment of invalidity and non-infringement. (Dkt. 197). Newegg filed a second amended answer to Plaintiff's Complaint and the same Counterclaims on August 6, 2012. (340 Case, Dkt. 415). Newegg is the only remaining defendant in the action.

On August 1, 2011, SFA filed another action entitled *SFA Systems, LLC. v. Barnes & Noble, Inc. et al.*, Civil Action 6:11-cv-00399 (the "399 Case"). This action accused defendants, including Newegg, of infringement of SFA's 7,941,341 Patent ("the "341 Patent"). SFA filed an amended complaint in that action on October 11, 2011 (399 Case, Dkt. 26). On October 31, 2011, Newegg filed an answer to SFA's amended complaint and counterclaims (399 Case, Dkt. 32). Newegg is the only remaining defendant in that action.

On November 22, 2011, the Court issued an order granting consolidation of Case No. 6:11-cv-399 with Case No. 6:09-cv-340. (340 Case, Dkt. 384).

In March 2013, SFA determined that it did not make business sense to continue to pursue its suit against Newegg. SFA contacted the mediator previously agreed upon by the parties, Judge Robert Faulkner, and asked him to convey an offer for a walkaway settlement to Newegg, under which all claims of both parties would be dismissed and all parties would bear their own fees and costs. Judge Faulkner contacted Newegg's internal counsel, and Newegg accepted the terms of this offered settlement. However, when SFA subsequently contacted Newegg to finalize the agreed-upon dismissal, Newegg claimed that no agreement had been reached. SFA contacted Judge Faulkner, and he confirmed again that Newegg had accepted the terms of the proposed walkaway proposed by SFA.

SFA thereafter advised Newegg that, if Newegg would not abide by the agreed terms of the parties' settlement, SFA would move to dismiss SFA's claims and to dismiss Newegg's counterclaims pursuant to *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1059 (Fed. Cir. 1995), and that SFA would further request that the Court order that all parties bear their own costs and fees. After almost two weeks of meeting and conferring on this issue, Newegg has indicated that it will not oppose SFA's motion to dismiss SFA's Complaint and Newegg's counterclaims, but opposes SFA's request that the parties bear their own costs and fees. Newegg has not indicated that it will actually seek costs or fees, but reserved its right to do so. Newegg has also agreed not to oppose a stay of discovery and pending deadlines in this action pending the Court ruling of the present motion, and an emergency motion for a stay has been filed concurrently with this motion.

**II.     ALL CLAIMS AND COUNTERCLAIMS SHOULD BE DISMISSED WITH PREJUDICE.**

**A.     SFA'S Complaint Should Be Dismissed with Prejudice.**

Federal Rule of Civil Procedure 41(a) provides that after a defendant files an answer and does not stipulate to the dismissal, an action may be dismissed on the plaintiff's request only by court order on terms it considers proper. *Garber v. Chi. Mercantile Exch.*, 570 F.3d 1361, 1364 n.2 (Fed. Cir. July 26, 2009). Here, defendant does not oppose the voluntary dismissal of the Complaint with prejudice. The decision regarding whether an action should be dismissed

3

pursuant to Rule 41(a)(2) is within the sound discretion of the court. *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985) (citing *La-Tex Supply Co. v. Fruehauf Trailer Div., Fruehauf Corp.*, 444 F.2d 1366, 1368 (5th Cir. 1971). Notwithstanding the court's discretion, voluntary dismissals should been granted unless the non-moving party will suffer some plain legal prejudice other than the mere possibility of a second lawsuit. *Harris v. Devon Energy Prod. Co., L.P.*, 2011 U.S. Dist. LEXIS 152306, at *2 (E.D.Tex. Dec. 29, 2011).

Newegg will not suffer any plain legal prejudice should this motion be granted. Newegg does not oppose dismissal, and the result will be the same as was anticipated by the settlement to which Newegg had agreed with the mediator, and then reneged.

  **B.**  **The Court Lacks Subject Matter Jurisdiction over Newegg's Declaratory Judgment Counterclaims.**

The Federal Circuit applies a two-part test for assessing justiciability in suits seeking declaratory judgment regarding patent rights:

> There must be *both* (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity.

*Super Sack Mg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054,1058 (Fed. Cir. 1995) (emphasis added).

The first requirement of this analysis cannot be met where the patent owner grants the declaratory judgment plaintiff a covenant not to sue for infringement with respect to the plaintiff's current and past products. *Super Sack*, 57 F.3d at 1059-1060; *Arris Group, Inc. v. British Telecomms. PLC*, 639 F.3d 1368, 1380 (Fed. Cir. 20110 ("A patentee's grant of a covenant not to sue a supplier for infringement can eliminate the supplier's standing to bring a declaratory judgment action"); *Amana Refrigeration, Inc. v. Quadlux, Inc.,* 172 F.3d 852, 855 (Fed. Cir. 1999) ("[A] covenant not to sue for any infringing acts involving products 'made, sold,

4

or used' on or before the filing date is sufficient to divest a trial court of jurisdiction over a declaratory judgment action.").

SFA has advised Newegg that it withdraws its claims against Newegg for infringement of the '525 and '341 Patents. In addition, SFA unconditionally agrees not to sue Newegg for infringement as to any claim of the patents-in-suit based upon Newegg's manufacture, importation, use, sale and/or offer for sale of the products currently or in the past manufactured and sold by Newegg, or systems currently or in the past used or offered by Newegg, including all websites operated and website functionalities offered, currently or in the past, by Newegg.

Here, statements made by counsel for SFA are binding statements that preclude SFA from asserting infringement of the '525 and '341 patents against Newegg's past and current products and systems. SFA further agrees not to sell, transfer, or assign, or to license with the right to sue, the '525 or '341 patents to any third party under common ownership or control with SFA without binding such a third party to the covenants made by SFA herein. In light of SFA's covenant not to sue with respect to the '525 and '341 patents as to current and past products and systems, Newegg has no reasonable apprehension that it will face liability for infringement as to these claims.

The Court therefore does not have subject matter jurisdiction over these claims as Newegg cannot satisfy the first prong of the justiciability test. *See Super Sack*, 57 F.3d at 1059. Without an actual case or controversy, the Court is divested of jurisdiction. *See Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1059 (Fed. Cir. 1995).

### III. THE PARTIES SHOULD BEAR THEIR OWN COSTS AND FEES.

To recover attorney's fees, a party must demonstrate that it is the prevailing party and that it is an "exceptional case" such that an aware of fees is warranted under 35 U.S.C. § 285. *See Leviton Mfg. Co. v. Universal Sec. Instruments*, 606 F.3d 1353, 1358 (Fed. Cir. 2010) ("The prevailing party may prove the existence of an exceptional case by showing: inequitable conduct before the PTO, litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a

frivolous suit or willful infringement."). Moreover, although a prevailing party may be entitled to costs pursuant to Federal Rule of Civil Procedure 54(d), the Court has discretion to deny costs in a proper case. *See Small v. Nobel Biocare USA, LLC*, 2012 U.S. Dist. LEXIS 1308875, at *11-12 (S.D.N.Y. Sept. 7, 2012) (dismissing with prejudice plaintiff's claims and, based on covenant not to sue, dismissing defendants' counterclaims for lack of subject matter jurisdiction and ordering each party to bear its own costs and fees, finding no evidence litigation was brought in bad faith or was objectively baseless); *Matsushita Battery Industrial Co., Ltd. v. Energy Conversion Devices, Inc.*, 1997 U.S. Dist. LEXIS 21016 (D. Del. Dec. 23, 1997) (granting motion to dismiss declaratory judgment action for lack of subject matter jurisdiction and denying defendants' motions for attorneys' fees and costs).

No basis for an award of attorney fees or costs under 35 U.S.C. § 285 or Rule 54(d) exists in this case. First, although SFA has made the determination that for business reasons it desires to end this litigation, Newegg has not prevailed on any substantive issues. Indeed, in the 399 Case, the Court has just recently issued and Order rejecting Newegg's proffered claim constructions and denying Newegg's Motion for Partial Summary Judgment of Indefiniteness (Dkt. 400). Prior to that, the Court largely rejected Newegg's claim construction position in the 340 case. (Dkt. 406). Further, there is no basis for a finding that this is an exceptional case. There are no facts evidencing that SFA engaged in any inequitable conduct before the PTO or any litigation misconduct. There is no showing that this litigation was instituted in bad faith or was otherwise frivolous, vexatious or unjustified. Defendant did not bring any motion for sanctions nor was any granted, and no motions to dismiss for summary judgment granted.

Moreover, SFA has been forced to file this motion only because Newegg backed out of a settlement that would have achieved the same result as that sought herein. Newegg should not benefit from this conduct through an award of fees or costs it had already told the mediator that it would forego

IV.     **CONCLUSION**

In light of SFA's covenant not to sue Newegg and its voluntary dismissal of its claims for relief, SFA's motion to dismiss the action against Newegg and Newegg's counterclaims with prejudice should be granted. Further, each party should bear their own attorney fees and costs.

Dated: April 12, 2013

                                                                                              Respectfully submitted,

                                                                                              /s/ Adam Hoffman
                                                    Marc A. Fenster, CA SB # 181067
E-mail: mfenster@raklaw.com
Alexander C. Giza, CA SB #212327
E-mail: agiza@raklaw.com
Adam Hoffman, CA SB #218740
E-mail: ahoffman@raklaw.com
Stanley H. Thompson, Jr., CA SB # 198825
E-mail: sthompson@raklaw.com
Benjamin T. Wang, CA SB #228712
E-mail: bwang@raklaw.com
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025

Andrew W. Spangler
Spangler & Fussell P.C.
208 N. Green St.
Suite 300
Longview, TX 75601
903-753-9300
Fax: 903-553-0403
Email: spangler@sfipfirm.com

ATTORNEYS FOR PLAINTIFF
SFA SYSTEMS, LLC

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel have complied with the meet and confer requirement in Local Rule CV-7(H), and that Newegg has stated that it does not oppose the dismissals requested herein, but does oppose SFA's that the Court order that the parties' bear their own costs and fees.

Dated: April 12, 2013

/s/ Adam Hoffman
Adam Hoffman

## CERTIFICATE OF SERVICE

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on April 12, 2013 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

Dated: April 12, 2013

/s/ Adam Hoffman
Adam Hoffman