IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SFA SYSTEMS, LLC,<br><br>                    Plaintiff,<br>vs.<br><br>1-800 FLOWERS.COM, INC., ET AL.<br><br>                    Defendants. | Case No. 6:09-cv-00340-LED<br><br>JURY TRIAL DEMANDED |
| SFA SYSTEMS, LLC,<br><br>                  Plaintiff,<br>vs.<br><br>BARNES & NOBLE, INC., ET AL.<br><br>                    Defendants. | Case No. 6:11-cv-00399-LED<br><br>JURY TRIAL DEMANDED |

**DEFENDANT NEWEGG INC.'S
OPPOSITION-IN-PART TO PLAINTIFF SFA'S MOTION TO DISMISS**

Defendant Newegg Inc. ("Newegg") hereby opposes-in-part Plaintiff SFA Systems, LLC's ("SFA") motion to dismiss (Dkt. No. 453). Newegg does not oppose the portion of SFA's motion seeking to dismiss all claims and counterclaims in this action with prejudice. However, because it is premature and based on a false premise, Newegg opposes the portion of SFA's motion that seeks to have each party bear its own costs and fees.

**I.     INTRODUCTION AND BACKGROUND**

After subjecting Newegg to years of the considerable expense and burden of this litigation, SFA, in the midst of various depositions and only weeks before expert reports

1

were due to be served, lost interest in the case for "business reasons" and offered Newegg a "walk away" dismissal. The walk away proposed would supposedly involve each party bearing its own fees and costs.

Contrary to SFA's counsel's assertions that Newegg "agreed to these terms, but then backed out," SFA Br. at 3, Newegg never accepted this offer. As explained in the attached Declaration of Lee Cheng (Ex. A), Newegg indicated to the mediator who conveyed SFA's offer that Newegg would not agree to any such dismissal absent other terms that ensured patent peace for Newegg as to SFA, SFA's affiliates, and the parties that ultimately own or control SFA and its affiliates. Newegg did, however, indicate that it could not stop SFA from filing a motion pursuant to Rule 41(a)(2) seeking to dismiss the case. Never at any time did Newegg agree that it would agree not to seek its costs or fees incurred in the defense of this action. Ex. A.

For these reasons and others set forth in detail below, SFA cannot preemptively prevent Newegg from obtaining the relief of costs and fees to which Newegg believes it is entitled. SFA's efforts in this regard are premature.

Lastly, Newegg requests that the court appropriately enjoin SFA, SFA's commonly owned and controlled affiliates, and those individuals that own or control SFA, from bringing suit against Newegg for infringement of the '525 and '341 patents in the future, consistent with the terms of SFA's covenant.

## II. NEWEGG IS THE PREVAILING PARTY IN THIS CASE AND, AS SUCH, IS ENTITLED TO SEEK ITS COSTS AND FEES AT THE APPROPRIATE TIME

SFA's unopposed motion to dismiss its case against Newegg with prejudice, which included a covenant from SFA not to sue Newegg, makes Newegg the "prevailing

party" for purposes of costs under Fed. R. Civ. P. 54(d) and for attorneys' fees under 35 U.S.C. § 285. *Highway Equip. Co. v. FECO, Ltd.,* 469 F.3d 1027, 1035-36 (Fed. Cir. 2006) (holding that "a defendant was the prevailing party for purposes of costs under Rule 54 where the plaintiff voluntarily dismissed its case against one defendant with prejudice" and that such a dismissal "has the necessary judicial imprimatur to constitute a judicially sanctioned change in the legal relationship of the parties, such that the district court properly could entertain [a defendant's] fee claim under 35 U.S.C. § 285").

Newegg's costs are therefore to be taxed against SFA under Fed. R. Civ. P. 54(d). Moreover, the dismissal with prejudice does not divest this Court of jurisdiction to receive and decide Newegg's motion for fees. *Id.* at 1032-33 (explaining that the district court correctly retained jurisdiction over FECO's claim for attorney fees under 35 U.S.C. § 285" because "the covenant does not deprive the district court of jurisdiction to determine the disposition of . . . the request for attorney fees under 35 U.S.C. § 285").

The Federal Rules of Civil Procedure and this Court's Local Rules provide for the timing and manner of a prevailing party seeking costs and fees. Local Rule CV-54 provides that Newegg must file its bill of costs within 14 days after judgment is entered, and provides additional requirements as to the procedure and form of the bill of costs. Similarly, Fed. R. Civ. P. 54(d)(2) provides that a motion for fees must be filed within 14 days of the judgment, and sets forth additional procedural and formal requirements.

For SFA to attempt to preemptively preclude Newegg from obtaining either costs or fees before Newegg has even submitted its bill of costs or motion for fees is premature and should not be entertained by this Court now. SFA's reasons for seeking to deny

3

Newegg its costs and fees should be decided on the merits at the appropriate time as provided by the rules. Indeed, in *Matsushita Battery Industrial Co., Ltd. v. Energy Conversion Devices, Inc.*, which SFA cites when requesting that the Court deny costs and fees to Newegg before Newegg has even sought such relief, involved a decision on *motions* for costs and fees not a preemptive denial of costs and fees before any motions were filed. 1997 U.S. Dist. LEXIS 21016, at *3 (D. Del. Dec. 23, 1997).

  A. <u>Newegg Never Waived its Right to Seek its Costs and Fees</u>

The primary reason SFA contends it is entitled to prematurely deny Newegg its costs and fees is that it believes Newegg "agreed" to bear its own costs and fees but then "backed out." SFA Br. at 2-3. SFA's counsel's characterization of the facts is simply wrong. The attached declaration of Lee Cheng (Ex. A) explains exactly what was communicated to Judge Faulkner regarding Newegg's response to SFA's walk away offer.

Despite what Mr. Cheng expressed to Judge Faulkner, a miscommunication appears to have occurred because SFA's counsel subsequently told Newegg's counsel that Judge Faulkner had indicated Newegg "agreed" to the walk away dismissal. Upon being told that this was SFA's understanding, Newegg instructed its undersigned counsel to express again Newegg's views of the walk away dismissal to SFA's counsel. The email that was sent to SFA's counsel is attached hereto as Exhibit B, at page 2. This clarifying email was sent within two days after Mr. Cheng's original conversation with Judge Faulkner, and very shortly after Newegg's counsel learned of SFA's counsel's mistaken belief that Newegg had accepted SFA's offer.

4

SFA's counsel immediately concluded that Newegg had "renege[d] on an agreed settlement" and alleged that Newegg was acting in "bad faith."  Ex. B at 1-2.  Newegg's counsel again confirmed with Mr. Cheng as to what was said to Judge Faulkner in response to SFA's offer and wrote back to SFA's counsel to reiterate the accuracy of Newegg's previous response.  Ex. B, at 1.  Mr. Cheng indicated that he would call Judge Faulkner to clear up the miscommunication, and Newegg's counsel invited SFA to call Judge Faulkner again after the call to verify that the information SFA had previously received was incorrect.  Ex. B, at 1.

To Newegg's knowledge, SFA's counsel never reached out to Judge Faulkner again to verify that SFA's misunderstanding was based on a simple miscommunication.  Indeed, after being invited to check again with Judge Faulkner, SFA's counsel simply said "as I have stated, Judge Faulkner is very clear on what was agreed to. Newegg's continued misrepresentations only compound it's [sic] bad faith."  Ex. C.  Thus, rather than even acknowledge the possibility that SFA's second hand information might be inaccurate, SFA chose to insist that Newegg was acting in bad faith and indicated that it would attempt to use Newegg's alleged "misconduct" to deny Newegg its fees and costs.  Ex. C.

Now, in SFA's present motion, it appears that SFA followed through with its plan to deny the possibility of a miscommunication in the hopes of avoiding any liability of costs or fees, by falsely characterized Newegg as having breached a settlement agreement that never existed.  SFA should not be allowed to prematurely deny Newegg relief that Newegg has not yet timely sought, particularly when SFA's effort is apparently based on deliberate indifference as to whether SFA has its facts straight.

5

SFA also implies that Newegg should not be entitled to costs or fees because "Newegg has not indicated that it will actually seek costs or fees, but reserved its right to do so." SFA Br. at 3. SFA points to no evidence to suggest that Newegg would not seek its costs or fees. In fact, not only did Newegg reserve its right to seek fees, its counsel expressly stated to SFA's counsel that "regardless of how the court acts upon [SFA's motion to dismiss], it is Newegg's intention to still seek fees and any other affirmative relief to which it is entitled." Ex. B, at page 1. Newegg's undersigned counsel here again represents that Newegg intends to seek its cost and fees. By contrast, *Small v. Nobel Biocare USA, LLC*, which is relied on by SFA, involved a defendant who had been aware of the dispute surrounding costs and fees for several months but was "still considering" whether to seek such relief. 2012 U.S. Dist. LEXIS 130885, at *10-11 (S.D.N.Y. Sept. 7, 2012). There is thus no basis under *Small* to prematurely deny Newegg's costs or fees. In any event, the time frames to request costs and fees are governed by Local Rule CV-54 and Fed. R. Civ. P. 54(d)(2), as discussed above.

Lastly, Newegg's response to SFA's walk away dismissal is entirely consistent with how Newegg has dealt with other "walk away" offers from third parties, showing that Newegg is and always has been acting in good faith. *See, e.g., Site Update Solutions, LLC v. Accor North Am., Inc. et al.*, No 5:11-cv-03306-PSG, ECF No. 649 (N.D. Cal. November 26, 2012) [redacted version attached hereto as Exhibit D] (Newegg's motion for declaration of exceptional case and attorneys' fees despite plaintiff's filing of motion to dismiss the patent infringement case with prejudice which, in that case, Newegg opposed); *Adjustacam, LLC v. Amazon.com, Inc. et al.*, No. 6:10-cv-329-LED, ECF No.

699 (E.D. Tex. September 14, 2012) [attached hereto as Exhibit F] (Newegg's opposition to plaintiff's motion to dismiss infringement case, expressly reserving right to seek fees).

### III. WHEN DISMISSING THIS CASE, THE COURT SHOULD EXERCISE ITS EQUITABLE DISCRETION TO ENJOIN SFA, SFA'S COMMONLY OWNED OR CONTROLLED AFFILIATES, AND THE INDIVIDUALS THAT OWN AND CONTROL SFA FROM FURTHER ASSERTING THE '525 AND '341 PATENTS AGAINST NEWEGG

Federal Rule of Civil Procedure 41(a)(2) provides that at this stage of the case, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

As for what "terms . . . the court considers proper," this Court has considerable discretion in affording equitable relief to parties. *See eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 394 (2006) ("We hold only that the decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts, and that such discretion must be exercised consistent with traditional principles of equity, in patent disputes no less than in other cases governed by such standards."). As the Fifth Circuit has explained, "[t]he trial court's determination to flex the injunctive strong-arm of equity is a matter committed to the discretion of that court." *Eli Lilly & Co. v. Generix Drug Sales, Inc.*, 460 F.2d 1096, 1099 (5th Cir. 1972).

Despite the covenants that have been given by SFA in its motion, Newegg has reason to doubt that SFA intends to fully honor its covenants and requests that the Court specifically enjoin certain conduct with respect to SFA and its agents—including IP Navigation Group ("IP Nav") and its president Erich Spangenberg—most of which was agreed to by SFA in its covenants.

7

IP Nav and Mr. Spangenberg appear to be intimately involved in all patent assertion and licensing activities of their clients, including SFA. SFA, like many of IP Nav's clients, are owned by Erich Spangenberg's family—namely, his wife Audrey and his son Christian.

Two past occurrences are particularly troubling to Newegg. First, Erich Spangenberg, the former manager of SFA, has in the past been found to have settled a case with a defendant but assigned a patent governed by the settlement agreement to a commonly owned and controlled company that then sued the same defendant over the patent. Second, IP Nav is involved in a case where it and its patent-holder client allegedly breached a covenant not to sue another defendant. Each of these incidents will now be briefly addressed in turn.

A. The *Taurus IP* Litigation

In *Taurus IP, LLC v. DaimlerChrysler Corp.*, the court explained that Erich Spangenberg was "employed by IP Navigation to act as a manger of limited liability companies that are, generally speaking, in the business of licensing and enforcing patents (but generally not in the business of practicing any of the inventions)." 559 F. Supp. 2d 947, 953 (W.D. Wis. 2008). The various limited liability companies ("LLCs"), like SFA in this case, were indirectly owned by Erich Spangenberg's family. *Id.*

The *Taurus* litigation involved claims of infringement brought by one of Spangenberg's LLCs (Orion IP, LLC, the predecessor-in-interest of SFA, hereinafter "Orion") against defendants Chrysler and Mercedes-Benz. *Id.* at 955. Erich Spangenberg was the manager of Orion and authorized the lawsuit. *Id.* The case ultimately settled, and Orion represented in the settlement agreement that "it has not

assigned or otherwise transferred to any other Person any rights to any causes of action, damages, or other remedies, or any Orion Patents, claims counterclaims or defenses, relating to the Litigation." *Id.* at 955-56. But prior to the execution of the settlement agreement one of the patents that had been asserted against Chrysler and Mercedes-Benz was serially assigned by Orion to Erich Spangenberg's other LLCs, ultimately ending up with one called Taurus IP, LLC. *Id.* at 956. Taurus IP then sued Chrysler and Mercedes-Benz again over the same patent. *Id.* "Before filing the lawsuit, neither Orion, Taurus nor Spangenberg contacted Chrysler and Mercedes-Benz USA to explain why they believed defendants' public websites and computer systems infringed" the patent. *Id.* In prosecuting the case, Taurus took extensive and burdensome discovery of the defendants, including seeking orders compelling defendants' third party software vendors to disclose their source code. *Id.* at 957.

Ultimately, the jury returned a verdict in favor of Chrysler and Mercedes-Benz, finding that Orion had breached the warranty in the prior settlement agreement by assigning the patent to Taurus IP. *Id.* at 957. The defendants were awarded almost $4 million in damages, attorneys' fees, and costs to compensate the defendants for being compelled to assert a defense against the infringement claims that should never have been brought. *Id.* at 966.

B. The *Rackspace* Litigation

Very recently, IP Nav has allegedly breached its covenant not to sue a litigation defendant. In *Rackspace US, Inc. v. Parallel Iron, LLC*, No. 5:13-cv-00274-OLG (W.D. Tex. April 4, 2013), Rackspace sued Parallel Iron and IP Nav for breaching their covenant not to sue Rackspace for infringement without 30 days' notice as part of a

9

"forbearance agreement" in effect while the parties were discussing the merits of Parallel Iron's infringement allegations. Ex. E.

\* \* \*

In view of the foregoing and the covenants included in SFA's motion, Newegg believes that it is equitable and reasonable to formally enjoin SFA from the conduct that it promises to forego, as in the attached Proposed Order. The covenants may not be sufficient to deter SFA or its agents from breaching the covenants and so Newegg respectfully requests that the Court, in its equitable discretion, help ensure that SFA honors the letter and spirit of the covenants made in SFA's motion. Courts in the past have enjoined conduct with respect to third parties as justice requires. *See, e.g., Slayter & Co. v. Stebbins-Anderson Co.*, 117 F.2d 848 (4th Cir. 1941) (affirming district court's entry of "injunction against infringement suits by the patentee against any of the customers of the defendants" where the patent was being used to attempt to secure a monopoly on unpatented material); *Abington Textile Machinery Works v. Carding Specialists (Canada) Ltd.*, 249 F. Supp. 2d 823 (D.D.C. 1965) (entering injunction along with declaratory judgment of invalidity "to prevent [patentee], and those acting in concert with it, from maintaining or bringing any other suits, claims, or causes of action, against plaintiff, its licensees, customers and assigns" under the invalidated claim).[1]

---

[1] Although both *Slayter* and *Abington* involved injunctions against patentees whose claims were invalidated, this is because both cases pre-dated the Supreme Court's landmark decision in *Blonder-Tongue Lab. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (U.S. 1971), which overruled prior Supreme Court precedent in announcing that a decision of invalidity regarding a patent could collaterally estop the patentee from relitigating validity issues against new parties or in new civil actions. Thus, the courts' intervention was necessary to provide the appropriate equitable remedies as to third parties.

10

## IV. CONCLUSION

For the foregoing reasons, SFA's motion to deny all costs and fees to Newegg should be denied as premature and without merit. SFA, its affiliates, and its agents should likewise be enjoined from engaging in the type of conduct that was included in SFA's covenant, as expressed in the accompanying Proposed Order.

Respectfully submitted,

Dated: April 17, 2013

/s/ Kent E. Baldauf, Jr.
Kent E. Baldauf, Jr.
James J. Bosco, Jr.
Daniel H. Brean
Anthony W. Brooks

THE WEBB LAW FIRM
One Gateway Center
420 Ft. Duquesne Boulevard, Suite 1200
Pittsburgh, PA 15222
Telephone: (412) 471-8815
Facsimile: (412) 471-4094

Trey Yarbrough
Texas Bar No. 22133500

YARBROUGH ♦ WILCOX, PLLC
100 E. Ferguson St., Ste. 1015
Tyler, Texas 75702
Tel: (903) 595-3111
Fax: (903) 595-0191
trey@yw-lawfirm.com

ATTORNEYS FOR DEFENDANT NEWEGG INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2013, a copy of the foregoing document was served upon counsel of record for SFA who are deemed to have consented to electronic service via the Court's electronic filing system.

/s/ Kent E. Baldauf, Jr.
Attorney for Newegg Inc.