**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **SFA SYSTEMS, LLC,** | § | |
| | § | |
| | § | **Case No. 6:09-CV-340** |
| **Plaintiff,** | § | **[Lead Case]** |
| | § | |
| **v.** | § | *Consolidated with* |
| | § | |
| **1-800-FLOWERS.COM, INC., et al.,** | § | **Case No. 6:11-cv-399** |
| | § | |
| **Defendants.** | § | |
| | § | |

## ORDER

Before the Court is Defendant Newegg, Inc.'s ("Newegg") Motion for Attorneys' Fees (Docket No. 461).  Having considered the Motion and related briefing and for the reasons stated below, the Court hereby **DENIES** the Motion.

## BACKGROUND

SFA Systems, LLC ("SFA") filed this action alleging patent infringement against Newegg, along with several other Defendants, in August 2011.  In April 2013, SFA moved to voluntarily dismiss its claims against Newegg under Federal Rule of Civil Procedure 41(a)(2), with each party to bear its own costs and fees.  Docket No. 453.  While Newegg did not object to the dismissal of this suit with prejudice, it did oppose paying its own costs and fees.  Docket No. 455 at 1.  The Court granted SFA's Motion in part, dismissing with prejudice all claims and counterclaims in this action, but also granted Newegg leave to file this Motion and a motion for its bill of costs.  Docket No. 459.  Newegg now seeks over $1.2 million in attorneys' fees under 35 U.S.C. § 285, 28 U.S.C. § 1927, and the Court's inherent power.  Although all briefing on this Motion was filed prior to the Supreme Court's recent decision in *Octane Fitness, LLC v. Icon*

*Health & Fitness, Inc.*, 134 S. Ct. 1749, 1753 (2014), which rejected the prior Federal Circuit

legal test for determining whether a case is exceptional under 35 U.S.C. § 285, the parties did not

request leave for additional briefing and none was required to decide the Motion.

## APPLICABLE LAW

### Exceptional Case Under 35 U.S.C. § 285

"The court in exceptional cases may award reasonable attorney fees to the prevailing

party."  35 U.S.C. § 285.  Prior to the Supreme Court's recent decision in *Octane Fitness*,

Federal Circuit precedent required the prevailing party to produce clear and convincing evidence

that the opposing party's claims were objectively baseless and brought with subjective bad faith

to declare a case exceptional.  *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378,

1381–82 (Fed Cir. 2005).  Rejecting both the clear and convincing evidence standard and the

two-part test, the Supreme Court held that an exceptional case under § 285 is "simply one that

stands out from others with respect to the substantive strength of a party's litigating position

(concerning both the governing law and the facts of the case) or the unreasonable manner in

which the case was litigated."  *Octane Fitness*, 134 S. Ct. at 1756.  Further, district courts "may

determine whether a case is 'exceptional' in the case-by-case exercise of their discretion,

considering the totality of the circumstances."  *Id.* at 1757.  As the Supreme Court noted, "a case

presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself

apart from mine-run cases to warrant a fee award."  *Id.*

### 28 U.S.C. § 1927 and the Court's Inherent Power

"Any attorney . . . who so multiplies the proceedings in any case unreasonably and

vexatiously may be required by the court to satisfy personally the excess costs, expenses, and

attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  Sanctions

under § 1927 require "clear and convincing evidence that *every facet* of the litigation was patently meritless" and "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525–26 (5th Cir. 2002) (emphasis in original). These sanctions are designed to be punitive in nature and generally focus on the conduct of the litigation rather than the merits. *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 694 (5th Cir. 2010).

Similarly, courts retain an inherent power to impose sanctions for "bad faith conduct in litigation." *Crowe v. Smith*, 261 F.3d 558, 563 (5th Cir. 2001). The threshold to invoke the inherent power to sanction is high and is to be used only when a court finds that "fraud has been practiced upon it, or that the very temple of justice has been defiled." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991).

## ANALYSIS

Here, Newegg argues it should be awarded attorneys' fees because SFA engaged in vexatious litigation and brought objectively baseless claims against Newegg in bad faith. Docket No. 461 at 12. Newegg contends that SFA never intended to try this case on the merits, but filed this action solely to extract a settlement. *Id.* Newegg supports this claim by asserting that SFA has engaged in a pattern of repeatedly suing defendants, then settling for far less than the potential damages recovery. *Id.* In this case in particular, Newegg argues, SFA avoided ever taking a substantive position by offering strategically vague claim construction positions and dismissing its claims just before expert reports were due. *Id.* at 13–14. Additionally, Newegg contends SFA's claims are objectively baseless because the patents asserted here are both invalid, in light of prior art, and not infringed, because the patents are directed to real-world processes while the accused systems are exclusively online retail systems. *Id.*

3

SFA argues that it has not engaged in any misconduct in this case and that its claims against Newegg were neither objectively baseless nor brought in bad faith.  Docket No. 464 at 5–6.  To support its position, SFA cites that the Court rejected Newegg's proffered claim constructions and denied Newegg's motion for summary judgment of indefiniteness, indicating that SFA's patents may subject to a broader interpretation than Newegg claims and that material issues of fact existed here.  *Id.*  SFA also contends that its decision to dismiss its claims against Newegg was a business decision, made when SFA determined that risk and expense of trial outweighed the potential financial benefit of continuing this action.  *Id.* at 7.

Newegg's primary complaint is that SFA has filed many suits against many defendants, therefore engaging in a pattern of abusive and vexatious litigation to extract settlement.  Docket No. 461 at 1.  However, the fact that SFA has filed several lawsuits against numerous defendants is insufficient to render this case exceptional.  In many cases, patent infringement is widespread and the patent owner may be forced to revert to widespread litigation against several infringing parties to enforce its intellectual property rights.[1]

Even under the new, lower standard for an exceptional case designation, Newegg has provided no evidence that this case "stands out from others with respect to the substantive strength of [SFA's] litigating position." *Octane Fitness*, 134 S. Ct. at 1756.  Newegg's attempt to limit the scope of the patent through claim construction was rejected when the Court declined to adopt any of Newegg's proposed constructions.  *See* Docket No. 452.  Further, Newegg's bare allegations that it would have prevailed on the merits are also insufficient to render this an exceptional case.  For a case dismissed before trial to be designated exceptional, evidence of the frivolity of the claims must be reasonably clear without requiring a "mini-trial" on the merits for

---

[1] For example, Commonwealth Scientific and Industrial Research Organisation has been involved in litigation before this Court since 2005, including 16 separate actions and infringement claims against over 36 separate parties.

attorneys' fees purposes.  Newegg has failed to meet that burden.  Having provided insufficient evidence that SFA's claims or conduct render this case exceptional, Newegg is not entitled to attorneys' fees under 35 U.S.C. § 285.

Newegg has also failed to demonstrate it should be awarded fees under 28 U.S.C. § 1927 or through the Court's inherent power to sanction.  Section 1927 is directed to the actions of the attorneys involved in the case, not the parties.  Newegg failed to allege any specific actions by SFA's counsel that rise to the level of bad faith, improper motive, or reckless disregard of the duty owed to the Court, as required to support sanctions under § 1927.  Further, a case must be "sufficiently beyond 'exceptional' within the meaning of § 285 to justify . . . a sanction under the court's inherent power."  *Medtronic Navigation, Inc. v. BrainLAB Medizinische Computersysteme GmbH*, 603 F.3d 943, 966 (Fed. Cir. 2010) (quoting *Amsted Indus., Inc. v. Buckeye Steel Castings Co.*, 23 F.3d 374, 378–79 (Fed. Cir. 1994)).  Since Newegg failed to show this case was exceptional under the new, lower standard—much less the more stringent exceptional test of *Brooks Furniture*—there is no justification to invoke the Court's inherent power to impose a sanction of attorneys' fees here.

Having failed to demonstrate that this is an exceptional case under 35 U.S.C. § 285 or that sanctions are warranted under 28 U.S.C. § 1927 or through the Court's inherent powers, Newegg's Motion is **DENIED**.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Newegg's Motion for Attorneys' Fees (Docket No. 461).

So ORDERED and SIGNED this 7th day of July, 2014.

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**